ROBERT S. BREWER, JR.
United States Attorney
MELANIE K. PIERSON
Assistant U.S. Attorney
California Bar No. 112520
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0420
Email: Melanie.Pierson@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>        v.<br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>MOHAMMED ABDUL QAYYUM (3), and<br>PETR PACAS (4)<br><br>                 Defendants. | Case No. 18cr4683-GPC<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS:**<br>1. TO DISMISS INDICTMENT BASED ON MISINSTRUCTION OF THE GRAND JURY<br>2. FOR DISCLOSURE OF INSTRUCTIONS TO THE GRAND JURY |

COMES NOW the plaintiff, United States of America, by and through its counsel, United States Attorney Robert S. Brewer, Jr. and Assistant U.S. Attorney Melanie K. Pierson, and hereby files its Response and Opposition to Defendants' Motions to Dismiss the Indictment Based on Mis-instruction of the Grand Jury, and for Disclosure of Instructions to the Grand Jury.  Said Response is based on the files and records of the case.

        DATED: March 29, 2019          Respectfully submitted,

                                       ADAM L. BRAVERMAN
                                       United States Attorney


                                       /s/*Melanie K. Pierso*n
                                       Assistant United States Attorney

I.

STATEMENT OF THE CASE

On October 31, 2018, a federal grand jury in the Southern District of California returned a ten-count indictment charging defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum and Petr Pacas, with Conspiracy, in violation of Title 18, United States Code, Section 371; four counts of Wire Fraud, in violation of Title 18, United States Code, Section 1343; five counts of Electronic Mail Fraud, in violation of Title 18, United States Code, Section 1037(a)(5), and Criminal Forfeiture.   The charges related to the defendants' fraudulent acquisition of Internet Protocol (IP) addresses and the use of the purloined IP addresses to send spam.

On November 20, 2018, defendant Qayyum filed motions for discovery, for further motions, and to preserve evidence. This motion was joined by defendant Manoogian on November 21, 2018, and by defendant Bychak on November 26, 2018.   A motion for a Bill of Particulars was filed by defendant Bychak on November 21, 2018.   A hearing on these motions was set for December 7, 2018.

On November 29, 2108, the court granted the defendants' motion (filed the previous day) to continue the hearing on the motions until January 25, 2019.

On January 25, 2019, at a hearing with all parties, the court considered the Government's oral request for a protective order for the discovery, and granted it in part and denied it in part, ordering further

2

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

18cr4683-GPC

briefing on the issue.  The Government filed its motion for a Protective Order on February 1, 2019, and the defense filed its response on February 8, 2019.

On February 14, 2019, at a hearing where the defendants waived their presence, the court heard argument regarding the Protective Order and ordered the Government to provide an amended Protective Order to defense counsel for review.  The Protective Order, as amended, was signed by the court on March 6, 2019.  At the hearing on February 14, 2019, the court confirmed the date of April 19, 2019, for a hearing on all motions.

On February 19, 2019, the defendants moved to continue the deadline for briefing additional issues.  On February 22, 2019, the court granted the motion to extend the deadline for filing, but kept the date for the hearing on all motions for April 19, 2019.

On March 15, 2019, the defendants filed their additional motions. Those motions included motions to Dismiss the Indictment Based on the Government Mis-advising the Grand Jury on the Law or in the Alternative, for Disclosure of the Grand Jury Instructions.   The United States responds to these motions herein.

II

STATEMENT OF FACTS

The defendants were employed by Company A, a San Diego firm engaged in the business of digital advertising.  In order to transmit its flood of digital advertising, Company A required numerous Internet Protocol (IP) addresses to send out its commercial emails.  Company A needed to

3

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

*18cr4683-GPC*

constantly acquire large groups of IP addresses (netblocks) because the IP addresses carrying their advertising were repeatedly blocked by spam filters.  Defendants Jake Bychak and Petr Pacas, on behalf of Company A, acquired a number of cut-rate netblocks from Daniel Dye (charged elsewhere) that had been hijacked from their authorized users.  In order to be able to use these netblocks to send commercial emails, the defendants provided a fraudulent Letter of Authorization (LOA) -- supposedly from the authorized user -- to the hosting companies and internet service providers (ISPs), indicating that the mailer was authorized by the registrant to use the netblock.  Defendants Mark Manoogian and Abdul Mohammed (with the knowledge and agreement of their co-conspirators) knowingly created and used false LOAs, represented to be from the authorized users, and sent them to the ISPs to allow Company A to use the hijacked netblocks to send commercial email, which earned Company A substantial profits during the period of the conspiracy.

III

POINTS AND AUTHORITIES

A. THERE IS NO BASIS TO DISMISS THE INDICTMENT FOR ERRONEOUS INSTRUCTION TO THE GRAND JURY.

1.  Introduction

In spite of the best efforts by the defense to couch this case as a larger indictment of commercial speech, the Indictment returned by the grand jury is narrowly tailored to address the fraud perpetrated by the defendants: the hijacking of IP addresses to send commercial emails.

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

*18cr4683-GPC*

The defense has shown no improper instruction to the grand jury, but offers only mere speculation, based on language in the Wire Fraud charges and an erroneous perception of Government's position regarding unsolicited commercial email.  Such speculation is insufficient to provide a basis for dismissal of the indictment, or to provide particularized need for disclosure of the instructions given to the grand jury.

2.  Legal Standard

A prosecutor need not instruct the grand jury on the law to secure an indictment.  United States v. Kenny, 645 F. 2d 1323, 1347 (9th Cir.1981).  The Ninth Circuit has expressed concern that "the giving of such instructions portends protracted review of their adequacy and correctness by the trial court during motions to dismiss, not to mention later appellate review."  Id.

As a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless the defendant can establish that he was prejudiced by such errors.  Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988). If a defendant seeks dismissal of an indictment based on erroneous instructions to the grand jury, a court may grant the motion "only if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations."  United States v. Navarro, 608 F.3d 529, 539 (9th Cir.2010), quoting Bank of Nova Scotia, 487 U.S. at 256.)

*Response and Opposition to Motion to Dismiss*                    *18cr4683-GPC*
*Indictment for Incorrect Instruction to Grand Jury*

"Erroneous grand jury instructions do not automatically invalidate an otherwise proper grand jury indictment." United States v. Wright, 667 F.2d 793, 796 (9th Cir.1982). "A grand jury indictment will not be dismissed unless the record shows that the conduct of the prosecuting attorney was flagrant to the point that the grand jury was 'deceived' in some significant way." Id. To show prejudice, the defendants "must show that the grand jury's independence was so undermined that it could not make an informed and unbiased determination of probable cause." United States v. Larrazolo, 869 F. 2d 1354, 1359 (9th Cir.1989), *overruled on other grounds*, Midland Asphalt v. United States, 489 U.S. 794 (1989).

The courts have not found prejudice sufficient to dismiss an indictment, even in cases involving extensive prosecutorial misconduct in the grand jury. Navarro, 608 F.3d at 539. In United States v. Pacific Gas and Electric Company, 2015 WL 946013 (N.D. Cal.), the court denied the motion to dismiss the indictment, finding that the prosecutors ill-advised statement of personal opinion was not so flagrant that it significantly deceived the grand jury or provided grave doubts that the probable cause determination was made without independent judgement. In Larrazolo, the court denied the motion to dismiss the indictment, even though the prosecutor failed to instruct the grand jury on two elements of the offense. Larrazolo, 869 F.2d at 1359-1360. *See* United States v. Dufau, 2017 WL 5349541 (D. Idaho) (same). In Wright, the court denied a motion to dismiss the indictment where the prosecutor erroneously advised the grand jury that it could infer the defendant's increase in

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

net worth was attributable to taxable income, which should have been reported.   The court found that the conduct did not significantly infringe on the ability of the grand jury to exercise its independent judgement. <u>Wright</u>, 667 F.2d at 796.  *See also*, <u>United States v. FedEx</u>, 2106 WL 11295444, (N.D. Cal.)[alleged errors of collective *mens rea* and corporate liability law fell far short of Ninth Circuit's exacting "grave doubt" standard to justify dismissal of indictment].

    3. <u>Argument</u>

    In order to invoke the extreme remedy of dismissal of indictment, the defense must show both that serious legal errors were made in instructing the grand jury and that those errors substantially influenced the grand jury's decision to indict.   The defense has shown neither in this case.   The defense claims to have identified two possible legal instructions to the grand jury that they argue warrant dismissal: (1) an instruction that all commercial email is unlawful, and (2) an instruction that the use of DBAs to register domain names is unlawful. Neither claim survives scrutiny, as they involve erroneous assumptions, imply language not appearing in the indictment, and most importantly, lack evidence establishing that any such errors were made or in any way influenced the grand jury's decision to indict.

    a.   <u>Instruction that all Unsolicited Commercial Email is Illegal</u>.

    The defense erroneously contends that it is the Government's position that all unsolicited commercial email is unlawful. (Defense Opening Brief, page 5, lines 12-13.)   The defense compounds the error

7

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

by further assuming that the Government must have so instructed the grand jury.   Critically, the defendants have not identified a single place in the record where the Government has taken that position, making their allegation pure speculation. The defense instead tries to suggest that the fact that Government communicated with representatives of an organization dedicated to the elimination of unsolicited commercial email is somehow evidence that the Government itself expounds such views. Such abject speculation falls far short of the defense burden of establishing "grave doubt that the decision to indict was free from the substantial influence" of the alleged violation.   Navarro, 608 F.3d at 539.

The closest the defense could come to identifying a statement supporting their mistaken view of the Government's position was a snippet taken out of context, from the hearing on the motion for the protective order on February 14, 2019. In order to explain why it was important to protect the email addresses at issue, the prosecutor analogized providing email addresses to defendants charged with electronic mail fraud to providing telephone numbers to defendants charged with telemarketing fraud. Because the purpose of the hearing was to determine whether to apply a protective order, the prosecutor did not address the elements of the offenses but instead focused only on areas where the analogized conduct was similar.   In describing the emails for which protection was sought, the prosecutor explained that, "these are individuals who a webmail provider identified as being victims of spam."

*Response and Opposition to Motion to Dismiss*                                          *18cr4683-GPC*
*Indictment for Incorrect Instruction to Grand Jury*

(Transcript of hearing of February 14, 2019, p. 16, lines 9-11.) Adopting the term "victim," that had been applied to the recipients of the email by the webmail provider, is a far cry from providing erroneous legal instruction to the grand jury prior to indictment[1]. The defense has not come close to showing, as it must, that the grand jury's independence was so undermined that it could not make an informed and unbiased determination of probable cause.  United States v. Larrazolo, 869 F. 2d 1354 (9th Cir.1989), *overruled on other grounds*, Midland Asphalt v. United States, 489 U.S. 794 (1989).

It has never been the Government's position that sending unsolicited commercial email, in and of itself, is a criminal act.  Only when the sending of commercial email is coupled with the additional acts and *mens rea* required by Section 1037(a) of Title 18 of the United States Code does the sending of commercial email become a crime.

In this case, the defendants are charged with intentionally sending commercial email using IP addresses for which they knowingly and falsely represented themselves to be the registrant or the registrant's legitimate successor in interest, in violation of Title 18, United States Code, Section 1037(a)(5).  Because the language regarding the additional acts and *mens rea* appears clearly in the body of the indictment, signed by the grand jury foreperson, the grand jury could not be said to have

---

[1] The issue of whether the recipients of commercial emails sent in violation of 18 USC 1037 are victims of the offense is left for another day, as it is not necessary to reach that issue to decide this motion.

9

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

18cr4683-GPC

1  returned this indictment under the erroneous impression that they were

2  returning an indictment against the defendants merely for sending

3  unsolicited commercial email.

4  This case is not unlike United States v. Kartashyan, 2009 WL

5  2231665 (C D. Cal.).  In Kartashyan (a medical fraud case), the

6  prosecutor was accused of misrepresenting to the grand jury the

7  qualifications necessary for Medicare to pay for a power wheelchair in

8  describing it as "the kind of wheelchair that Christopher Reeve would

9  be rolling around in," and presenting testimony from an FBI agent that

10  the deliveryman had a duty to determine whether the beneficiary had an

11  upper body mobility limitation.  In denying the motion to dismiss, the

12  court found that, "even if these comments could be interpreted as

13  inaccurate or misleading, however, they are not sufficiently serious

14  to establish that the comments substantially influenced the grand

15  jury's decision to indict, or show that there is 'grave doubt' that

16  the decision to indict was free from the substantial influences of

17  such comments."  Kartashyan at *3.  The same can be said about the

18  prosecutor's comments in this case.

19  The defense has failed to establish preliminarily that the

20  Government has espoused the position that all unsolicited commercial

21  email is, in and of itself, illegal.  The defendants have further failed

22  to show that any such an erroneous instruction "substantially influenced

23  the grand jury's decision to indict or that there is grave doubt that

24  the decision to indict was free from the substantial influence of such

10

*Response and Opposition to Motion to Dismiss*                                    *18cr4683-GPC*
*Indictment for Incorrect Instruction to Grand Jury*

violations." <u>Navarro</u>, 608 F.3d at 539.  Accordingly, this motion must be denied.

        b. <u>Instruction that Use of DBAs to Register Domain Names to Conceal Source of Emails is Illegal</u>.

The defense further contends that the Government has suggested that the use of a corporate alter ego (fictitious business name, or DBA) to register multiple domain names associated with IP addresses is a violation of the CANSPAM Act.  (Defense Opening Brief, page 6, lines 4-9.)  In support of this argument, the defense cites paragraph 8 of the indictment[2], and the Government's response to the motion for a bill of particulars relating to that paragraph.  Paragraph 8 of the Indictment (and any clarification relating to it found in a motion response) does not support their argument because paragraph 8 forms a part of the Wire Fraud allegations (Counts 2-5). Paragraph 8 describes the scheme and artifice to defraud, and is not part of the CANSPAM Act charges (Counts 6-10).  Notably, the language complained of does not appear in the method and means section of Count 1, which charges the defendants with conspiracy to commit wire fraud and violate the CANSPAM Act, as charged in Counts 6-10, nor does it appear in the CANSPAM Act charges (Counts 6-10).

---

[2] Paragraph 8 reads as follows: "It was a further part of the scheme and artifice to defraud that the defendants concealed their use of the IP addresses to send 'spam' emails by using business names, post office boxes, and email addresses under different names."

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

*18cr4683-GPC*

1
2
3
4
5
6
7
8
9
10
11
12
13

The language of the indictment does not charge that the use of a corporate alter ego to send commercial email is a violation of law. Instead, the use of a DBA is described as part of the scheme to defraud to conceal the defendants' identity as the users of the hijacked IP addresses.  Just as overt acts in furtherance of a conspiracy need not be unlawful acts themselves, Braverman v. United States, 317 U.S. 49, 53 (1942), the acts in furtherance of a scheme and artifice to defraud may be accomplished by otherwise lawful acts.  For example, the use of a rental car, a postal mailbox or a storage unit are legal acts.  However, as in the instant case, when used to attempt to conceal the identity of a person committing a crime, those otherwise legal acts can be properly pled as acts in furtherance of a scheme and artifice to defraud.

14
15
16
17
18
19
20
21
22
23
24

In an attempt to bootstrap their argument that the government erroneously instructed the grand jury regarding the legality of their use of DBAs to register domain names, the defense argues that the language in indictment describing the scheme to defraud in the wire fraud charge somehow implies a violation of Section 1037(a)(3)[3] is alleged in the indictment.  That section of law (which prohibits the use of materially falsified header information to conceal the identity of the source of commercial email) is not charged or referenced anywhere in the indictment.  The defense brief continues for many pages,

25
26
27
28

---

[3] The "Government is implicating the CAN-SPAM Act's prohibitions against concealing the identity of the initiator of email communications," found at 18 U.S.C. §1037(a)(3).  (Opening Brief, p. 13, lines 18-19).

12

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

18cr4683-GPC

explaining why the defendants did not violate a section of law that is not charged in the indictment[4].   It is manifestly unfair to consider dismissing an indictment because the Government failed to properly instruct the jury on a charge not found within the four corners of the indictment.

The defense, in fact, acknowledged that it has not met its burden of proof in this regard, noting "it is not possible to determine whether the grand jury would have indicted had the Government not presented argument and evidence regarding the use of dbas and multiple domain names." (Opening Brief, p. 11, fn 5.) To obtain the remedy of dismissal of an indictment, a defendant must establish "that the violation substantially influenced the grand jury's decision to indict or there is grave doubt that the decision to indict was free from the substantial influence of such violations." United States v. Navarro, 608 F.3d 529, 539 (9th Cir.2010), quoting Bank of Nova Scotia, 487 U.S. at 256.)  As the defense has not met its burden, this motion must fail.

B. THERE IS NO BASIS FOR DISCLOSURE OF GRAND JURY INSTRUCTIONS.

1.   Introduction

Defendants seek disclosure of the grand jury instructions they speculate were erroneous. However, the defendants have failed to meet their heavy burden in this regard by failing to establish a

---

[4] The United States has not responded to these arguments herein, as it is not relevant to a decision on the instant motion.

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

*18cr4683-GPC*

particularized need for the instructions.   Instead, their motion is a

fishing expedition, based on pure guesswork, and must be denied.

   2.  Legal Standard

   The defendant's burden in seeking production of grand jury materials

to dismiss an indictment for errors occurring before the grand jury is

heavy, because grand jury proceedings are entitled to a presumption of

regularity. Hamling v. United States, 418 U.S. 87, 139, n.23 (1974).

Grand jury matters are presumptively secret. United States v. Hee, 2015

WL 6510345 *6 (D. Hawaii).  Rule 6 of the Federal Rules of Criminal

Procedure permits a court to order disclosure of grand jury matters if

a defendant shows there is grounds to dismiss the indictment because of

a matter occurring before the grand jury.  However, the Ninth Circuit

has cautioned against allowing such disclosures to be "across the board

fishing expeditions."  United States v. Kim, 577 F.2d 473, 478 (9th

Cir.1978).

   A court should order disclosure of grand jury material only when the

party seeking them has demonstrated that a particularized need exists,

which outweighs the policy of secrecy.  United States v. Walczak, 783

F.2d 852,857 (9th Cir. 1986).  Particularized need must be based on more

than mere speculation and the burden is on the defendant to show that

disclosure is appropriate. Id.   It is insufficient for the defendant

to assert that he has no way of knowing whether prosecutorial errors

occurred in the grand jury.  United States v. DeTar, 832 F. 2d. 1110,

1114 (9th Cir.1987) [allegation that unnamed grand juror stated that a

14

*Response and Opposition to Motion to Dismiss*                                    *18cr4683-GPC*
*Indictment for Incorrect Instruction to Grand Jury*

previous grand jury had voted not to indict insufficient to demonstrate particularized need]; <u>United States v. Hardy</u>, 762 F.Supp.1403, 1414 (D. Hawaii, 1991) [allegation that defendant received information from counsel that prosecutor mis-instructed the grand jury does not demonstrate particularized need.]

3. <u>Argument</u>

The defendants, alternatively, seek either dismissal of the indictment or disclosure of the transcripts of the legal instruction provided to the grand jury.  The motion sets forth the correct legal standards for disclosure of grand jury matters, but provides no specific explanation of why disclosure would avoid a possible injustice, or why the need for disclosure outweighs the need for secrecy.

The defendants are apparently relying on the same two alleged errors in legal instruction, supported by the same erroneous assumptions regarding the Government's legal positions and addressing the issue not charged in the indictment (that is, whether there was a violation of an uncharged section of the CANSPAM Act, relating to the concealment of the source of commercial emails). The entire basis for their claim of particularized need is a paragraph in the wire fraud charge of the indictment (which they attempt to apply to the CANSPAM Act charges) and some remarks of the prosecutor, taken out of context, from a hearing on a protective order.  This is precisely the sort of fishing expedition, based on rank speculation, the Ninth Circuit warned against in <u>Kim</u>, and should be denied.

15

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

*18cr4683-GPC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

III

CONCLUSION

On the basis of the foregoing, the Government respectfully requests that Defendants' Motions to Dismiss the Indictment for Erroneous Instruction to the Grand Jury and for Disclosure of the Grand Jury Instructions be denied.


DATED:     March 29, 2019              Respectfully submitted,

                                       ROBERT S. BREWER, JR.
                                       United States Attorney


                                       s/*Melanie K. Pierson*
                                       MELANE K. PIERSON
                                       Assistant U.S. Attorney

16

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 18-CR4683-GPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JACOB BYCHAK (1), | ) | |
| MARK MANOOGIAN (2), | ) | |
| MOHAMMED ABDUL QAYYUM (3), | ) | |
| PETR PACAS (4) | ) | |
| Defendants. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, MELANIE K. PIERSON, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of the Government's Response and Opposition to Defendants' Motions To Dismiss the Indictment for Erroneous Instruction to the Grand Jury or for Disclosure of the Grand Jury Instructions on the opposing party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2019.

s/ Melanie K. Pierson
MELANIE K. PIERSON

17

*Response and Opposition to Motion to Dismiss*
*Indictment for Incorrect Instruction to Grand Jury*

*18cr4683-GPC*