Gary S. Lincenberg - State Bar No. 123058
  glincenberg@birdmarella.com
Naeun Rim - State Bar No. 263558
  nrim@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Petr Pacas

*Additional counsel on next page*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, AND PETR PACAS<br><br>　　　　　Defendants. | CASE NO. 3:18-cr-04683-GPC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY PROTECTIVE ORDER**<br><br>Date:  April 19, 2019<br>Time: 1:00 p.m.<br>Dept.: 2D<br><br>Assigned to Hon. Gonzalo P. Curiel |

```
 1  David W. Wiechert - State Bar No. 94607
        dwiechert@aol.com
 2  Jessica C. Munk - State Bar No. 238832
        jessica@davidwiechertlaw.com
 3  William J. Migler - State Bar No. 318518
        william@davidwiechertlaw.com
 4  LAW OFFICE OF DAVID W. WIECHERT
    27136 Paseo Espada, Suite B1123
 5  San Juan Capistrano, California 92675
    Telephone: (949) 361-2822
 6
    Attorneys for Defendant Jacob Bychak
 7

 8  Randy K. Jones - State Bar No. 141711
        rkjones@mintz.com
 9  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
    AND POPEO, P.C.
10  3580 Carmel Mountain Road, Suite 300
    San Diego, California 92130
11  Telephone: (858) 314-1510

12  Attorney for Defendant Mark Manoogian

13
    Whitney Z. Bernstein - State Bar No. 304917
14      wbernstein@bmkattorneys.com
    Thomas H. Bienert, Jr. - State Bar No. 135311
15      tbienert@bmkattorneys.com
    James Riddet - State Bar No. 39826
16      jriddet@bmkattorneys.com
    BIENERT, MILLER & KATZMAN, PLC
17  903 Calle Amanecer, Suite 350
    San Clemente, California 92673
18  Telephone: (949) 369-3700

19  Attorneys for Defendant Mohammed Abdul Qayyum

20

21

22

23

24

25

26

27

28
```

Case No. 3:18-cr-04683-GPC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND .............................................................................................. 2

    A. The Court Issued the Protective Order Based on the Government's Representation That the Discovery Material Contained Personal Identification Information That Was Not Already Known to Company A ........................................................... 2

    B. A Review of the Discovery Material Reveals That It Contains Materials Already in the Possession of Company A .............................. 5

III. THE GOVERNMENT LACKS GOOD CAUSE TO PREVENT COMPANY A FROM ACCESSING THE DISCOVERY MATERIAL, AND DEFENDANTS CANNOT INVESTIGATE THE DISCOVERY MATERIAL WITHOUT COMPANY A'S ASSISTANCE ............................ 7

IV. EVEN IF THE ISSUE PRESENTED BY THIS MOTION IS ONE OF RECONSIDERATION, IT IS WARRANTED BECAUSE THE INITIAL DECISION BY THE COURT WAS BASED ON A FALSE REPRESENTATION BY THE GOVERNMENT ........................................... 8

V. CONCLUSION .............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Press-Enterprise Co. v. Super. Ct. of Cal., Riverside Cnty.*,
   464 U.S. 501 (1984) ................................................................................................ 7

*U.S. v. Rosas*
   (S.D. Cal., July 11, 2011, No. 10CR4290 JM) 2011 WL 2709568,
   *aff'd* (9th Cir. 2012) 493 Fed.Appx. 857 ................................................................. 9

*United States v. Smith*,
   985 F. Supp. 2d 506 (S.D.N.Y. 2013) ..................................................................... 7

*United States v. Wecht*,
   484 F.3d 194 (3d Cir. 2007) .................................................................................... 7

**Other Authorities**

Federal Rule of Criminal Procedure 16(d) .................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas (collectively "Defendants") move this Court to modify the protective order issued on March 6, 2019, to include Company A and the law firm of Sheppard Mullin, outside counsel for Company A. Defendants have now had an opportunity to review the discovery that is the subject of the protective order ("Discovery Material"). The Discovery Material includes (1) snail mail previously sent to Company A by a digital mailbox service, along with Company A's account information for that service, and (2) advertising emails allegedly sent by Company A to Yahoo! email users that were subsequently marked as "spam." All of the contents in the Discovery Material either allegedly originated from Company A or was sent to Company A by third parties. Thus, contrary to what the Government previously represented to the Court, it appears that *there is no information in the Discovery Material that is not already known to Company A.*[1] As the Court is aware, Defendants are accused of having committed crimes for actions they allegedly took *in their capacity as employees of Company A*. Accordingly, employees of Company A are among the witnesses most vital to the investigation and the preparation of the defense. There is no "good cause" for a protective order that prevents Defendants from sharing Discovery Material that is already known to Company A with Company A[2] and its outside counsel.

---

[1] Defense counsel asked the Government to confirm this during the meet-and-confer exchange, but the Government did not address this point. (*See* Decl. Rim ¶ 4, Exh. C at 2.) Even if some of the Discovery Material did not originate from Company A, Defendants will need Company A's assistance to determine which items came from Company A and which did not.

[2] This includes both current and former employees of Company A who were involved in or are otherwise aware of the circumstances surrounding the receipt or sending of the Discovery Materials.

It is especially crucial for Defendants to be able to share the specific Discovery Material described in the protective order with Company A because Defendants do not appear to be the ones who received or sent these materials. Defendants must be able to explore who at Company A sent or received the Discovery Materials and investigate the events leading up to and following the sending or receipt. To prevent Defendants from doing so would violate their Fifth and Sixth Amendment rights under the Constitution to prepare a competent, effective, and vigorous defense. Defendants ask that the Court modify the protective order as requested. Defendants also ask that the Government be ordered to produce the requests it sent to the third parties to obtain the Discovery Material, including any emails, letters, or subpoenas.

## II.     BACKGROUND

### A.     The Court Issued the Protective Order Based on the Government's Representation That the Discovery Material Contained Personal Identification Information That Was Not Already Known to Company A

On February 14, 2019, the Court heard argument from the parties on the Government's Motion for Protective Order, filed as amended on February 4, 2019. (Dkt. 57.) The transcript of the February 14 hearing is attached as Exhibit A to the Declaration of Naeun Rim. The Government argued that a protective order was necessary because the Discovery Material contained personal identification information ("PII") from third parties, such as email addresses and mailing addresses. Although the Court indicated that it was prepared to grant the protective order with respect to the PII, it also noted, "[I]t seems to me that, to the extent that defendants need to present some of this information to representatives and employees from Company A, that the protective order may go too far by denying the access to employees and representatives from Company A so as to assist the defendants in the preparation of the defense." (Decl. Rim, ¶ 2, Exh. A ("02/14/19

Transcript") at 5.)

In response to the Court's concerns, the Government represented that the materials contained third-party PII that *Company A did not already have*. In doing so, the Government expressly distinguished this discovery from prior discovery productions containing PII that was already known to Company A. Specifically, the prosecutor argued:

> There is third-party PII we got from Company A, but we are mindful the company is already aware of it. The defendants are already aware of it. So we are not seeking to subject that to protective order. It is only third-party PII obtained from records obtained from third parties. ***That's why we believe those privacy interests are more pronounced than they would be if we were to come to the Court and say, "We don't want Company A to know something that it already knows."***

(*Id*. at 9 (emphasis added).) The Government characterized the Discovery Material as *not* being "something Company A already knows." At the time, defense counsel was unable to dispute the Government's characterization because Defendants had not yet received the discovery. Now the defense has received that discovery and has learned that the Discovery Material consists of letters that were sent *to* Company A and emails that were allegedly sent *by* Company A. (Decl. Rim ¶¶ 7-8.) These are precisely the types of materials that fall under the category of "something Company A already knows," regardless of whether they were produced by third party companies.

As a middle ground, the defense requested during the hearing that the Discovery Material be designated "attorneys eyes only" so as to permit the attorneys for Company A to review the evidence and assist Defendants in preparing a defense. The Government proposed that the Court hold off on deciding that issue and first issue a protective order that excluded all representatives of Company A so that the Government could provide the Discovery Material to the defense without redaction. After defense counsel had reviewed the evidence, the Government stated, it would be willing to meet and confer about including other parties in the protective order and possibly including Company A:

> What we want to do is give unredacted copies of the discovery that we have ready to the defense; have them come back to us before we have to seek intervention of the Court and explain to us, to the extent they can, why they believe there's prejudice. To the extent that we can work with them, we will do so. And then, to the extent that we cannot reach an agreement, they can always come back to the Court to explain why Company A needs to be exposed to this, at which point we can potentially discuss which parties.

(*Id.* at 19.)

Having been told by the Government that the Discovery Material contained PII that was not already known to Company A, the Court agreed to grant a protective order that prohibited Company A from having access to the Discovery Material. The Court also made clear, however, that Defendants could seek modification of the protective order to include Company A after reviewing the discovery:

> As of this moment, I will not permit [attorneys from Company A to review the discovery]; but, with the understanding that, once you review it, to the extent that you can articulate why, upon your review, this is precisely the kind of information that you need to have representatives from Company A assist you with, then I will allow you to seek a modification of a protective order.

(*Id.* at 25.) The Court ordered the parties to agree upon language for a protective order.

Prior to finalizing the protective order, defense counsel attempted to meet and confer with the Government about stipulating to allow Sheppard Mullin, outside counsel for Company A, to have access to the Discovery Material to avoid the need for future modification of the protective order. (Decl. Rim ¶ 6.) Because the Government had expressed concern during the hearing that "attorneys" of Company A might include in-house counsel, (Decl. Rim ¶ 2, Exh. A at 17), counsel for the Defendants believed that identifying Sheppard Mullin as Company A's *outside* counsel would assuage the Government's stated concerns about third-party privacy, especially given that Sheppard Mullin is a well-known, reputable law firm with no incentive to exploit the PII of third parties. The Government refused to consider the

modification prior to the issuance of the original protective order. Counsel for the Government stated in an email, "Once you have the discovery, we can meet and confer regarding any concerns you have about not being able to share it with members outside the defense team." (Decl. Rim ¶ 3, Exh. B at 1.)

On March 6, 2019, the Court issued the protective order, which includes the following language:

> This order expressly prohibits the disclosure of the Discovery Material to all representatives of Company A (as referenced in the Indictment), legal or business, not charged in the instant case without first obtaining an order from this Court allowing for such disclosure. (Dkt. 67 at 2.)

**B.  A Review of the Discovery Material Reveals That It Contains Materials Already in the Possession of Company A**

After the Government produced the Discovery Material, defense counsel reviewed it and learned for the first time that it appeared to contain only items that had either allegedly been sent *to* Company A or *from* Company A. (Decl. Rim ¶ 8.) The Discovery Material consists of the following:

1) Copies of letters that were sent to Company A's Compliance Department, as produced by Earth Class Mail, a digital mailbox service used by Company A that received mail on the company's behalf and sent copies of the mail to them electronically; and

2) Emails produced by Yahoo! marked as "spam" that appear to have been received from IP addresses alleged to be associated with Company A.

(Decl. Rim ¶ 7.) In short, the Discovery Material contains (1) letters Company A has already received and (2) emails Company A is accused of sending. Any PII contained in these materials is *obviously already in Company A's possession and thus known to them.*

On March 25, 2019, defense counsel again reached out to the Government to meet and confer about modifying the protective order. Defense counsel explained that modification was proper because it appeared that the Discovery Material had

either originated from Company A or had been sent to the company by third parties. (Decl. Rim ¶ 4, Exh. C.) The Government did not dispute this characterization, nor did it explain why it objected to Company A accessing the materials. Instead, the Government responded (inaccurately), "Defense counsel specifically asked the Court to exempt Sheppard attorneys from the protective order for third-party records contained in the Earth Class Mail and Yahoo! records, and the Court declined.[3] Accordingly, the motion you describe is a Motion for Reconsideration." (Decl. Rim ¶ 5, Exh. D at 5-7.) The Government then asked Defendants to articulate how they would satisfy the factors for a motion for reconsideration. (*Id.*)

Defense counsel provided to the Government a copy of the February 14 transcript as a courtesy and attempted to remind the Government that both it and the Court had agreed that the defense would be permitted to seek modification after receiving the discovery and that what the Government had stated in its email was untrue. (*Id.* at 3-4.) Defense counsel also explained to the Government that Company A's assistance was necessary to review the Discovery Material because "[n]one of these materials were directly addressed to the individual defendants in this case, nor did they originate from defendants," and therefore others at Company A were the appropriate witnesses "to inquire as to these documents for the purposes of investigation." (*Id.* at 5) At the Government's request, defense counsel proposed a time for a phone call to continue to meet and confer on the issue, but the Government claimed to be unavailable. (*Id.* at 1-3.) As of the filing of this motion, the Government has not proposed an alternate time to further meet and confer. (Decl. Rim ¶ 11.)

---

[3]  This is false. Defendants never mentioned Sheppard Mullin during the February 14 hearing, and the Court did not single out Sheppard Mullin in its ruling. (Decl. Rim ¶ 2, Exh. A.)

III. **THE GOVERNMENT LACKS GOOD CAUSE TO PREVENT COMPANY A FROM ACCESSING THE DISCOVERY MATERIAL, AND DEFENDANTS CANNOT INVESTIGATE THE DISCOVERY MATERIAL WITHOUT COMPANY A'S ASSISTANCE**

As Defendants argued in their Opposition to the Government's Motion for Protective Order, (Dkt. 61), Federal Rule of Criminal Procedure 16(d) requires the government to demonstrate "good cause" to regulate discovery with a protective order. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury . . . ." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). "The injury must be shown with specificity," and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "[T]he [c]ourt should consider how burdensome a protective order would be on [defendants], being particularly sensitive to the extent to which a protective order would hinder their efforts to defend themselves at trial." *United States v. Smith*, 985 F. Supp. 2d 506, 544 (S.D.N.Y. 2013). "No right ranks higher than the right of the accused to a fair trial." *Press-Enterprise Co. v. Super. Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 508 (1984).

There is no injury that would arise from permitting Company A and Sheppard Mullin from having access to the Discovery Material. The Government previously argued that it would be a violation of individual privacy rights to expose Company A to any PII contained in the Discovery Materials. *But it is now apparent that these materials were either sent to or came from Company A.* The people who wrote letters to Company A's Compliance Department willingly provided their names, mailing addresses, and other PII to Company A in their letters. The emails produced by Yahoo! appear to have been sent from IP addresses that Company A is alleged to have controlled. Thus, Company A should already have the mailing address, email addresses, and any other PII contained in the Discovery Materials. The Government

cannot meet its burden of showing good cause under these facts.

Defendants will be severely prejudiced if the Court does not modify the protective order to include Company A and Sheppard Mullin.  As defense counsel has explained to the Government, the emails and letters in the Discovery Material were sent to or from Company A, *but not to or from Defendants*.  The letters were routed to Company A's Compliance Department, which Defendants were not part of, and the emails appear to have been sent from email addresses that do not belong to Defendants.  This is precisely the kind of evidence that Defendants must show to Company A to adequately prepare their defense.  There is no way for Defendants to investigate the circumstances surrounding these letters and emails without consulting with Company A.  Because Defendants do not appear to be the people who received the letters or sent the emails, how can Defendants investigate where these items came from without talking to employees at Company A?  How can Defendants explore questions such as whether these materials reflect compliance with Company A's internal procedures or whether certain emails might have been sent by a rogue employee without Company A or Defendants' knowledge?  Nor is it sufficient to say that Company A can simply look at these materials because they are already in its possession—Company A has received millions of letters and sent millions of emails over the years.  It would be impossible for Company A to determine which letters and emails are part of the Discovery Material without looking at the Discovery Material itself.  Defendants cannot properly investigate or prepare a defense unless the protective order is modified to permit Defendants to provide the Discovery Material to Company A.

**IV.   EVEN IF THE ISSUE PRESENTED BY THIS MOTION IS ONE OF RECONSIDERATION, IT IS WARRANTED BECAUSE THE INITIAL DECISION BY THE COURT WAS BASED ON A FALSE REPRESENTATION BY THE GOVERNMENT**

Defendants do not agree with the Government's new position that Defendants

must meet the factors for a motion for reconsideration to seek modification of the protective order.  At the February 14 hearing, both the Government and the Court indicated that the original protective order was to be issued so that the Defendants could receive an unredacted copy of the discovery, after which Defendants would be free to make more concrete arguments as to why inclusion of Company A was warranted.  The Court expressly stated that Defendants would be permitted to seek modification for that purpose once defense counsel reviewed the discovery. (Decl. Rim ¶ 2, Exh. A. at 25.)  As argued above, inclusion of Company A is necessary because the Discovery Materials do not appear to have been received or sent by Defendants, and therefore Defendants cannot investigate the materials without showing them to other employees at Company A.

Even if the standard for a motion for reconsideration applied, Defendants would be able to meet it here.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.... There may also be other, highly unusual circumstances warranting reconsideration." *U.S. v. Rosas* (S.D. Cal., July 11, 2011, No. 10CR4290 JM) 2011 WL 2709568, at *1, *aff'd* (9th Cir. 2012) 493 Fed.Appx. 857.  In this case, it was not until *after* the protective order was issued that Defendants learned that the PII contained in the Discovery Material was already known to Company A.  The fact that the Discovery Material was already in Company A's possession was "newly-discovered evidence."  The Court's decision was also "manifestly unjust" because it was based on the Government's representation that the Discovery Material was not "something that [Company A] already knows." (Decl. Rim ¶ 2, Exh. A at 9.) Although it is true that the Government collected the Discovery Materials from third parties (Earth Class Mail and Yahoo!), it is clear that these materials either originated from Company A or were sent by Company A. (Decl. Rim ¶ 8.)  The Court did not have this information when it issued the protective order.  It is

manifestly unjust for Defendants to be hindered from consulting with Company A and its representatives regarding the Discovery Materials when doing so would cause no discernable injury to any party and is necessary to prepare an adequate defense.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion. The Court should modify the protective order to permit Defendants to provide the Discovery Materials to Sheppard Mullin and any current and former employees of Company A who were involved in or are otherwise aware of the circumstances surrounding the receipt or sending of the Discovery Materials. The Court should also order the Government to produce the requests it sent to Earth Class Mail and Yahoo! to obtain the Discovery Material, including any emails, letters, or subpoenas.

DATED: March 29, 2019           Respectfully submitted,

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:     *s/ Naeun Rim*
            Naeun Rim
   Attorneys for Defendant Petr Pacas

| | | |
|---|---|---|
| 1 | DATED: March 29, 2019 | David W. Wiechert<br>Jessica C. Munk<br>William J. Migler<br>Law Office of David W. Wiechert |
| | | By: _____*s/ Jessica C. Munk*_____<br>Jessica C. Munk<br>Attorneys for Defendant Jacob Bychak |
| | DATED: March 29, 2019 | Randy K. Jones<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. |
| | | By: _____*s/ Randy K. Jones*_____<br>Randy K. Jones<br>Attorney for Defendant Mark Manoogian |
| | DATED: March 29, 2019 | Whitney Z. Bernstein<br>Thomas H. Bienert, Jr.<br>James Riddet<br>Bienert, Miller & Katzman, PLC |
| | | By: _____*s/ Whitney Z. Bernstein*_____<br>Whitney Z. Bernstein<br>Attorneys for Defendant Mohammed Abdul Qayyum |

## CERTIFICATE OF AUTHORIZATION TO SIGN ELECTRONIC SIGNATURE

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization to affix their electronic signatures to this document.

DATED: March 29, 2019           Respectfully submitted,

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:     *s/ Naeun Rim*
          Naeun Rim
          Attorneys for Defendant Petr Pacas

**CERTIFICATE OF SERVICE**

Counsel for Defendants certify that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Sabrina L. Feve
Assistant U.S. Attorney
sabrina.feve@usdoj.gov

Melanie K. Pierson
Assistance U.S. Attorney
melanie.pierson@usdoj.gov

Robert Ciaffa
Assistant U.S. Attorney
robert.ciaffa@usdoj.gov

DATED:  March 29, 2019        Respectfully submitted,

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:      *s/ Naeun Rim*
            Naeun Rim
   Attorneys for Defendant Petr Pacas