# EXHIBIT C

| | |
|---|---|
| **From:** | Naeun Rim |
| **Sent:** | Tuesday, March 26, 2019 9:09 AM |
| **To:** | Pierson, Melanie (USACAS); Feve, Sabrina (USACAS); Ciaffa, Robert (USACAS) |
| **Cc:** | David Wiechert; Gary S. Lincenberg; Jessica Munk; Jones, Randy; Tom Bienert; Whitney Bernstein; James Riddet |
| **Subject:** | RE: Stipulation to modify protective order |
| **Attachments:** | RE: Bychak et al. |

Melanie,

Thanks for your response. We believed the Government would be amenable to meeting and conferring about sharing the discovery with Sheppard Mullin based on the email from Sabrina sent on March 1, 2019 (attached), in which she stated, "We are happy to meet and confer regarding your wish to share discovery with Sheppard Mullin in their capacity as counsel for ▮▮▮▮ once we have completed the task at hand. Memorializing Judge Curiel's ruling from the Friday February 14, 2019 hearing in a written order is our first order of business so that we can move forward with the discovery that will be subject to this protective order. **Once you have the discovery, we can meet and confer regarding any concerns you have about not being able to share it with members outside the defense team**."

We waited to receive the discovery, as the Government requested, and have now confirmed that it contains materials that are already in the possession of Company A. Given that, we no longer see a basis for a protective order that excludes Company A or their outside counsel. We are willing to stipulate to include Sheppard Mullin only, but if we can't reach an agreement, we intend to file a motion set for the April 19 hearing that seeks to modify the protective order to include both Company A and Sheppard Mullin.

Let us know if you'd like to discuss further.

**Naeun Rim** | *Principal*
**O**: 310.201.2100 | **F**: 310.201.2110 | **E**: nrim@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
BirdMarella.com

---

**From:** Pierson, Melanie (USACAS) <Melanie.Pierson@usdoj.gov>
**Sent:** Monday, March 25, 2019 6:21 PM
**To:** Naeun Rim <nr@birdmarella.com>; Feve, Sabrina (USACAS) <Sabrina.Feve@usdoj.gov>; Ciaffa, Robert (USACAS) <Robert.Ciaffa@usdoj.gov>
**Cc:** David Wiechert <dwiechert@aol.com>; Gary S. Lincenberg <gsl@birdmarella.com>; Jessica Munk <jessica@davidwiechertlaw.com>; Jones, Randy <RKJones@mintz.com>; Tom Bienert <tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bmkattorneys.com>; James Riddet <jriddet@bmkattorneys.com>
**Subject:** RE: Stipulation to modify protective order

Although I have not spoken to my colleagues, I am curious as to the reason why you believe we should agree to modify the protective order to allow Sheppard Mullin, counsel for Company A, to view the discovery when we have previously fought to prevent that very thing from occurring?

1

Moreover, if, as you say, the documents are already in the possession of Company A, why is it necessary to share them again? The protective order permits reasonable investigation based on contents of the discovery. Why is that insufficient?

Without knowing the reason that the modification is necessary, we can't tell you why we might object (aside from the reasons previously stated to the court).

Respectfully,

AUSA Melanie Pierson

---

**From:** Naeun Rim <nrim@birdmarella.com>
**Sent:** Monday, March 25, 2019 5:25 PM
**To:** Feve, Sabrina (USACAS) <sfeve@usa.doj.gov>; Pierson, Melanie (USACAS) <MPierson@usa.doj.gov>; Ciaffa, Robert (USACAS) <RCiaffa@usa.doj.gov>
**Cc:** David Wiechert <dwiechert@aol.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Jessica Munk <jessica@davidwiechertlaw.com>; Jones, Randy <RKJones@mintz.com>; Tom Bienert <tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bmkattorneys.com>; James Riddet <jriddet@bmkattorneys.com>
**Subject:** Stipulation to modify protective order

Sabrina, Melanie, and Bob,

Hope you are well. We are writing to ask that you stipulate to modifying the protective order to permit Sheppard Mullin, outside counsel for Company A, to be provided with the discovery contained in production number 5. The production appears to contain the following:

(1) Previously produced records from American Express, with bates numbers (not subject to protective order)
(2) Documents produced by Earthclass Mail containing copies of snail mail sent to P.O. boxes associated with Company A (subject to protective order)
(3) Documents produced by Yahoo containing header information from emails sent from IP addresses allegedly associated with Company A to Yahoo and Verizon.net recipients that were marked by users as "spam" (subject to protective order)

Please let us know if the above conflicts with your understanding. The two categories subject to protective order appear to be (1) letters received by the compliance departments of Company A, and (2) emails allegedly sent by Company A. These items should therefore be in Company A's possession already. Although we believe there is no basis to exclude Company A from the protective order given that the subject discovery either originated from them or was sent to them by third parties, we are willing to stipulate to limiting the modification of the protective order to include Sheppard Mullin only (and their staff) as outside counsel for Company A.

If you object, please let us know on what grounds so that we may include it in a motion to modify. As a note, if we cannot reach a stipulation to include Sheppard Mullin, we will ask the Court to include both Company A and its counsel in the modified protective order.

In addition, please produce the request that the Government made to Earthclass Mail and Yahoo! that generated the responses in production 5 (including email requests and subpoenas). Thank you.

**Naeun Rim** | *Principal*
**O**: 310.201.2100 | **F**: 310.201.2110 | **E**: nrim@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
BirdMarella.com

3