Gary S. Lincenberg - SBN 123058
    glincenberg@birdmarella.com
Naeun Rim - SBN 263558
    nrim@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Petr
Pacas

David W. Wiechert - SBN 94607
    dwiechert@aol.com
Jessica C. Munk - SBN 238832
    jessica@davidwiechertlaw.com
William J. Migler - SBN 318518
    william@davidwiechertlaw.com
LAW OFFICE OF DAVID W.
WIECHERT
27136 Paseo Espada, Suite B1123
San Juan Capistrano, California 92675
Telephone: (949) 361-2822

*Attorneys for Defendant Jacob Bychak*

Randy K. Jones - SBN 141711
    rkjones@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
Telephone: (858) 314-1510

*Attorney for Defendant Mark
Manoogian*

Whitney Z. Bernstein - SBN 304917
    wbernstein@bmkattorneys.com
Thomas H. Bienert, Jr. - SBN 135311
    tbienert@bmkattorneys.com
James Riddet – SBN 39826
    jriddet@bmkattorneys.com
BIENERT, MILLER & KATZMAN,
PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700

*Attorneys for Defendant Mohammed
Abdul Qayyum*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB BYCHAK, MARK MANOOGIAN,  MOHAMMED ABDUL QAYYUM, AND PETR PACAS,<br><br>Defendants. | CASE NO. 3:18-cr-04683-GPC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY PROTECTIVE ORDER AND OPPOSITION TO GOVERNMENT'S MOTION FOR EX PARTE FILING**<br><br>Hearing Date:  April 19, 2019<br>Hearing Time:  1:00 p.m.<br>Assigned to Hon. Gonzalo P. Curiel |

# I.   INTRODUCTION

The government has filed its opposition (Dkt. 80) to Defendants' Motion to Modify Protective Order (Dkt. 77) and filed a motion for an order permitting the filing of an ex parte, under seal declaration regarding the need for a protective order (Dkt. 79).  Defendants address both filings here, as they are related.

As the Court will recall, it granted the government's request for a protective order pertaining to personal identifying information ("PII") after receiving representations from the government that the material sought to be protected was <u>not</u> in the possession of Company A, the employer of the Defendants.  Further, the Court stated that the issue of whether Company A could be provided with discovery material could be revisited after the defense obtained the materials.  Thus, the Court merely found that the government demonstrated good cause to prevent the world at large from seeing discovery with PII, and that the issue of Defendants' ability to share the discovery with Company A could be addressed another day with a motion to modify the protective order.  Similarly, the government indicated that it first wanted to codify a protective order and would then meet and confer with Defendants regarding Company A.  Based on the government's representations, the defense agreed to the original order.

Once the materials were provided to the defense, it was clear that the materials are materials that Company A already has.  The defense approached the government to determine if it would agree to allowing outside counsel for Company A to have these materials since the government previously indicated it was not trying to prevent Company A from knowing something that it already knows.  The government, however, would not agree.  Accordingly, the defense has returned to this Court to seek modification of the protective order and to respectfully request that this Court find that the government has not demonstrated good cause to prohibit Defendants from sharing the discovery materials with Company A.  Specifically, good cause does not exist to exclude the discovery materials from Company A as

this discovery either originated from Company A or was sent by Company A to third parties. The defense must be able to confer with Company A and its counsel in order to prepare their defense. *See* Dkt. 77. The government has objected, and this brief replies to its objection.

In addition, the government has also moved for an order permitting it to file a declaration in camera and under seal and states that the purpose of such a filing is to advise the Court of an "on-going investigation." Dkt. 79. Defendants respectfully request that the Court not grant this request without further explanations on the record from the government and without giving the defendants an opportunity to respond.

## II.   MODIFICATION OF THE EXISTING PROTECTIVE ORDER IS JUSTIFIED BECAUSE NO GOOD CAUSE EXISTS TO PROTECT THIS INFORMATION FROM COMPANY A AND ITS COUNSEL

To be clear, Defendants are not asking to disseminate the discovery at issue to the world at large; Defendants are just back before this Court as the Court suggested to advise the Court that, since the materials at issue are already in the possession of Company A and its counsel, and since Defendants rely on Company A and its counsel to help prepare their defense to the highly technical Indictment (*see, e.g.*, Dkt. 77-1 at 6), there is no good cause to protect this information from Company A and its counsel.

The issue of a defendant's constitutional rights to adequately prepare a defense is far from trivial and acknowledged by this Court at the hearing on February 14, 2019. Depriving Defendants of full and competent representative by preventing them from sharing this discovery with Company A would violate Defendants' rights under the Fifth and Sixth Amendments. This is especially so given this highly technical and nuanced prosecution where Defendants need to be able to share the specific discovery material described in the protective order to explore who at Company A sent or received the materials and investigate the events

leading up to and following the sending or receipt.  "[T]he [c]ourt should consider how burdensome a protective order would be on [defendants], being particularly sensitive to the extent to which a protective order would hinder their efforts to defend themselves at trial."  *United States v. Smith,* 985 F. Supp. 2d 506, 544 (S.D.N.Y. 2013).  "No right ranks higher than the right of the accused to a fair trial." *Press-Enterprise Co. v. Super. Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 508 (1984).

The government's opposition attempts to impermissibly shift the burden to Defendants by asking them to articulate why they need to share information that Company A and its counsel already have.  *See, e.g.*, Dkt. 80 at 3:16-3:18, 7:12-7:20. But the government's attempt to create and impose a burden on the Defendants contravenes Fed. R. Crim. P. 16(d) and the associated body of case law holding that the burden of establishing good cause for a protective order rests squarely on the party moving for the order.  *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.").  Here, the government has not met its burden.  In any event, contrary to the government's representation, defense counsel *did* explain to the government during the meet and confer process why Company A's assistance was necessary.  As was stated in the motion, defense counsel explained over email that "[n]one of these materials were directly addressed to the individual defendants in this case, nor did they originate from defendants," and therefore others at Company A were the appropriate witnesses "to inquire as to these documents for the purposes of investigation." (Mot. to Amend Prot. Order at 6 [Dkt. 77]; Decl. Rim ISO Mot. to Amend Prot. Order at ¶ 5, Exh. D at 5.  [Dkt. 77-2].)

1    In its effort to show good cause, the government claims that there is an

2    "active and ongoing grand jury investigation and disclosure of material obtained

3    from third party witnesses to individuals and entities outside the defense team would

4    jeopardize this investigation." Dkt. 80 at 5:3-5:6. But the government does not

5    elaborate further, and instead asks this Court to allow it to make an ex parte, one-

6    sided showing that it hopes Defendants cannot hear and accordingly rebut to

7    establish good cause. The remainder of the government's effort to establish good

8    cause is to mischaracterize and confuse the nature of the discovery materials at issue

9    in the protective order. Dkt. 80 at 5:10-6:10. But even the government concedes

10   that the discovery materials are in Company A's possession and were received by

11   individuals other than the Defendants, which further supports Defendants' need to

12   consult with Company A and its counsel regarding the sending and receipt of this

13   discovery to investigate and defend against the Indictment. Finally, the government

14   attempts to condition the modification of the protective order on the government's

15   ability to question Company A and its counsel about various things. Dkt. 80 at

16   6:11-7:20. The government's prerogative and ability to speak to Company A and its

17   counsel is a distinct and separate issue from whether the government has

18   demonstrated good cause to protect materials Company A and its counsel already

19   know about from Company A and its counsel; good cause is not established by

20   reference to an unrelated topic. At no point in its opposition does the government

21   come close to showing the specific prejudice or harm that will result if the protective

22   order is modified. *See, e.g.*, *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir.

23   2007) ("Good cause is established on a showing that disclosure will work a clearly

24   defined and serious injury…. The injury must be shown with specificity…. Broad

25   allegations of harm, unsubstantiated by specific examples or articulated reasoning,

26   do not support a good cause showing." (quoting *Pansy v. Borough of Stroudsburg*,

27   23 F.3d 772, 786 (3d Cir. 1994)); *see also Wecht*, 484 F.3d at 211 ("The good cause

28   determination must also balance the public's interest in the information against the

4

injuries that disclosure would cause.").

The government's desire to seek protective orders that interfere with Defendants' investigation and defense may well come up again, since the government has stated its intention to seek additional protective orders for future discovery. In any event, as to these materials, the simple answer is that Company A and its counsel have already seen them, to endorse an unduly restrictive protective order would violate Defendants' constitutional rights, and the government has not met its burden of demonstrating good cause. Thus, modification should be granted

## III. PERMITTING THE FILING OF A DECLARATION EX PARTE AND UNDER SEAL IS NOT PROPER WITHOUT FURTHER INFORMATION FROM THE GOVERNMENT

The government states as its sole basis for filing a declaration ex parte and under seal that the declaration will reveal "material occurring before a current grand jury in an ongoing investigation." Dkt. 79 at 2:16-2:18.

This raises a host of questions which Defendants respectfully submit must be answered. Accordingly, the defense suggests that the Court make the following inquiries of the government: (1) Does this "on-going investigation" involve the Defendants in this case or Company A personnel? If so, one wonders if the Court and all counsel are just wasting time preparing to defend a case which will be superseded. Further, if it does involve the Defendants in this case or personnel of Company A, the normal risk of disclosing such an investigation is that it will notify persons of the existence of the investigation. But all Defendants in this case are clearly aware that they are targets and the same is true for Company A. (2) Further, if the government is not pursuing a new indictment, it would be a violation to use the grand jury to prepare this case. The Court should inquire if that is what is occurring with this "on-going investigation."

Finally, if the government intends to proceed in camera, the defense requests that the Court afford defense counsel a meaningful opportunity to respond. This

1   request was also made at the hearing on February 14, 2019.  *See, e.g.*, Dkt. 77-3 at

2   18:9-18:24, 24:11-26:3.

3   **IV.   CONCLUSION**

4         Based on the forgoing, it is respectfully submitted that there is good cause to

5   modify the protective order and that the government's motion to file something in

6   camera and under seal should be denied until it answers relevant questions and until

7   Defendants have had an opportunity to respond.

8

9                            Respectfully submitted,

10  DATED:  April 12, 2019        Gary S. Lincenberg

11                                  Naeun Rim

                                Bird, Marella, Boxer, Wolpert, Nessim,

12                                  Drooks, Lincenberg & Rhow, P.C.

13

14

15                           By:       *s/ Naeun Rim*

16                                   Gary S. Lincenberg

                          Attorneys for Defendant Petr Pacas

17

18  DATED:  April 12, 2019        David W. Wiechert

19                                  Jessica C. Munk

                                William J. Migler

20                                  Law Office of David W. Wiechert

21

22                           By:       *s/ Jessica C. Munk*

23                                   Jessica C. Munk

                        Attorneys for Defendant Jacob Bychak

24

25

26

27

28

Case No. 3:18-cr-04683-GPC

REPLY ISO DEFENDANTS' MOTION TO MODIFY PROTECTIVE ORDER

1  DATED:  April 12, 2019          Randy K. Jones
                                   Mintz, Levin, Cohn, Ferris, Glovsky and Popeo,
2                                  P.C.

3

4                                  By:    _____s/ Randy K. Jones_____

5                                              Randy K. Jones
                                       Attorney for Defendant Mark Manoogian
6

7  DATED:  April 12, 2019          Whitney Z. Bernstein
                                   Thomas H. Bienert, Jr.
8                                  James Riddet
                                   Bienert, Miller & Katzman, PLC
9

10

11                                 By:    ___s/ Whitney Z. Bernstein___

12                                         Whitney Z. Bernstein
                                   Attorneys for Defendant Mohammed Abdul
13                                 Qayyum

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF AUTHORIZATION
## TO SIGN ELECTRONIC SIGNATURE

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization from to affix their electronic signatures to this document.

Respectfully submitted,

DATED:  April 12, 2019

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:       _s/ Naeun Rim_
Naeun Rim
Attorneys for Defendant Petr Pacas

1

## **CERTIFICATE OF SERVICE**

2       Counsel for Defendants certify that the foregoing pleading has been

3   electronically served on the following parties by virtue of their registration with the

4   CM/ECF system:

5                                   Sabrina L. Feve

6                               Assistant U.S. Attorney

7                           sabrina.feve@usdoj.gov

8

9                               Melanie K. Pierson

10                          Assistance U.S. Attorney

11                      melanie.pierson@usdoj.gov

12

13                                  Robert Ciaffa

14                              Assistant U.S. Attorney

15                          robert.ciaffa@usdoj.gov

16

17                                  Respectfully submitted,

18   DATED:  April 12, 2019          Gary S. Lincenberg
                                     Naeun Rim
19                                   Bird, Marella, Boxer, Wolpert, Nessim,
20                                   Drooks, Lincenberg & Rhow, P.C.

21

22
                                     By:      *s/ Naeun Rim*
23                                   _____
                                             Naeun Rim
24                                   Attorneys for Defendant Petr Pacas

25

26

27

28