ROBERT S. BREWER, Jr.
United States Attorney
ROBERT CIAFFA
Assistant United States Attorney
California Bar No. 179432
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7748
Email: Robert.ciaffa@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JACOB BYCHAK, ET AL.,<br><br>Defendants. | Case No.   18CR4683-GPC<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' COUNTER-DECLARATION AND REQUEST FOR ORAL ARGUMENT**<br><br>DATE: October 24, 2019<br>TIME:  1:00 p.m. |
|---|---|

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to the defendants' counter-declaration and request for oral argument:

1. On August 1, 2019, at a hearing on the defendants' Motion to Dismiss for Vagueness (*Dkt*. #69), defense counsel stated that they intended to file a declaration in response to the declaration of John Curran, CEO of the American Registry for Internet Numbers (ARIN), filed by the United States. Counsel stated that their counter-declaration would create "immediate and confronting factual disputes" requiring "an evidentiary hearing where Mr. Curran was available for testimony." *Trans*. at 61-62.

2. This Court recognized that an evidentiary hearing would be needed only if there were "some matter of consequence in dispute" and "for which an evidentiary hearing would assist the Court in addressing the issues." *Trans*. at 60-61.  Consequently, the Court ordered the defendants to identify, at the time they filed a counter-declaration, any "deficiencies in Mr. Curran's declaration and what further examination would do in pointing out those deficiencies." *Trans*. at 62.  The Court ordered the defendants to "submit a request for an evidentiary hearing and state your reasons why you believe you are entitled to an evidentiary hearing," and directed the Government to file a response. *Trans*. at 63.

3. On August 20, 2019, the defendants filed a counter-declaration signed by Marc A. Lindsey, but did *not* request an evidentiary hearing.  In light of the defendants' apparent recognition that there are no facts in dispute that are material to the Court's resolution of this motion, the United States agrees that an evidentiary hearing is not necessary or required.

4. The two declarations are in agreement regarding the following relevant and material facts.  Although Mr. Lindsey takes great pains to avoid the word "registry" (and substitutes, instead, the terms "address allocation and assignment directory listings" and "database"), he acknowledges that specifically designated authorities, beginning with the U.S. Defense Department, had the "responsibility for assigning unique IP addresses and then keeping track of them . . ." *Decl*. at para 5.  Mr. Lindsey acknowledges that the registry ("address allocation and assignment directory listings") was maintained for the "benefit of the community" to "ensure that no single address was allocated to, or used by, more than one network," and to "provide a publicly available listing of contact information of the Internet's network operators." *Decl*. at para. 8.  Mr. Lindsey also acknowledges that the registry and its listings were assumed and maintained by each successive Internet

Registry, and are now the responsibility of the current Regional Internet Registry, ARIN. *Decl*. at para. 8-9. Mr. Lindsey also acknowledges that the registry contains "registration records" of even his legacy clients.[1] He further acknowledges that the registry is publicly available, and is called "WhoIs." *Decl*. at para. 8. Mr. Lindsey does not allege that there is any other registry (or "database") containing such information. In sum, there is no dispute that there is now, and there always has been, only one registry identifying the entities to whom IP addresses are assigned.

5. To the extent that Mr. Lindsey raises any factual disputes, such matters are wholly immaterial to this Court's resolution of the motion to dismiss. For example, Mr. Lindsey argues that the registry may be inaccurate and may not necessarily reflect the current user of an IP address. *Decl*. at para. 12-13. Whether or not the registry may contain inaccuracies is immaterial to the issue before this Court. By analogy, a statute criminalizing falsely impersonating the registered owner of a vehicle is not unconstitutionally vague simply because the DMV's records may be inaccurate, or because the registered owner of the vehicle may have allowed someone else to use it.

6. Similarly, Mr. Lindsey argues that entities that were allocated IP addresses under a previous internet registry (legacy IP address holders) retain certain property rights in those IP addresses under principles of contract law and are not subject to ARIN's policies and restrictions on sale or transfer. *Decl.* at para. 17. Although this claim is refuted by Mr. Curran,[2] it is immaterial to the Court's determination of whether the term "registrant" is unconstitutionally vague. This Court need not embroil itself in determining property rights in IP

---

[1] "I have advised numerous holders of legacy IPv4 address space (as defined in paragraph 9 below) in connection with *their registration records with ARIN . . .*"). *Decl*. para. 2. Such activity is possible only because legacy IP addresses are, in fact, registered within the ARIN registry.

[2] See Curran declaration, para. 15, citing formal clarification by the Department of Commerce's National Telecommunications and Information Administration (NTIA) concerning the U.S. Government's numbering principles with respect to ARIN.

3

addresses under contract law. All entities that are allocated IP addresses are listed in the internet registry, and Mr. Lindsey does not dispute that fact.

7. The only legal issue before this Court is whether a reasonable person would understand that impersonating the registrant of an IP address included all registrants, and not just those who acquired IP addresses after ARIN took over the registry.[3]

WHEREFORE, for all the foregoing reasons, the United States agrees that an evidentiary hearing is not necessary or required.

DATED:  August 27, 2019          Respectfully submitted,

ROBERT S. BREWER, Jr.
United States Attorney

/s/  Robert Ciaffa
ROBERT CIAFFA
Assistant U.S. Attorney

---

[3] Although Counts 6-10 concern the defendants' impersonation of registrants that were allocated IP resources and registered *before* ARIN assumed responsibility for the registry, the Conspiracy alleged in Count 1 involves the defendants' false impersonation of entities that were allocated IP resources and registered *after* ARIN's creation as well. See Government's Response to Defendant's Motion for Bill of Particulars, pages 7-8, in which the United States outlined such evidence and directed the defendants to a chart (Grand Jury Exhibit 251) of all hijacked IP addresses involved in this case.