# EXHIBIT A

1  LAW OFFICE OF DAVID W. WIECHERT
   David W. Wiechert, SBN 94607
2  Jessica C. Munk, SBN 238832
   27136 Paseo Espada, Suite B1123
3  San Juan Capistrano, CA 92675
   Telephone: (949) 361-2822
4  Email: dwiechert@aol.com
          jessica@davidwiechertlaw.com
5         william@davidwiechertlaw.com

6  *Attorneys for Jacob Bychak*

7  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
   AND POPEO, P.C.
8  Randy K. Jones, SBN 141711
   3580 Carmel Mountain Road, Suite 300
9  San Diego, CA 92130
   Telephone: (858) 314-1500
10 Email: rkjones@mintz.com

11 *Attorney for Mark Manoogian*

12 Additional counsel on next page
13

14                    UNITED STATES DISTRICT COURT
15                   SOUTHERN DISTRICT OF CALIFORNIA
16

17 | UNITED STATES OF AMERICA, | Case No. 18-CR-04683-GPC |
   |---|---|
   | Plaintiff, | Hon. Gonzalo P. Curiel |
   | v. | |
   | JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, and PETR PACAS, | **DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' COUNTER DECLARATION AND REQUEST FOR ORAL ARGUMENT** |
   | Defendants. | |

BIENERT | KATZMAN PC
James Riddet, SBN 39826
Thomas H. Bienert, Jr., SBN 135311
Whitney Z. Bernstein, SBN 304917
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Email:  jriddet@bienertkatzman.com
        tbienert@bienertkatzman.com
        wbernstein@bienertkatzman.com

*Attorneys for Mohammed Abdul Qayyum*

BIRD MARELLA BOXER WOLPERT NESSIM
DROOKS LINCENBERG RHOW P.C.
Gary Lincenberg, SBN 123058
Naeun Rim, SBN 263558
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email:  gsl@birdmarella.com
        nrim@birdmarella.com

*Attorneys for Petr Pacas*

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas ("Defendants") hereby jointly submit the following Reply to the Government's Response to Defendants' Counter Declaration and Request for Oral Argument [Dkt. No. 122] (hereinafter "Government's Response") in support of Defendants' Motion to Dismiss the CAN-SPAM Act Counts (6 through 10) of the Indictment as Void for Vagueness; (2) In the Alternative to Dismiss Counts 6 through 10 for Failure to State an Offense; and (3) To Dismiss the Conspiracy Count (Dkt. No. 69) (hereinafter referred to as the "Vagueness Motion").

1. Contrary to the government's assertions, Defendants' decision to not request an evidentiary hearing is not because there are no facts in dispute, but rather because Defendants determined that an evidentiary hearing is not necessary or required for the Court to grant Defendants' Vagueness Motion.

2. The government repeatedly mischaracterizes the Declaration of Marc A. Lindsey ("Lindsey Dec.") by claiming that Mr. Lindsey agrees that there was a "registry" prior to ARIN, and the registry now is ARIN's Whois database. Government Response at ¶ 4. While Defendants agree that IP addresses were *allocated* and *assigned* before ARIN's creation, those are distinct concepts from registration, which Mr. Lindsay's declaration supports. Contrary to the government's assertions, Mr. Lindsey does not avoid the word "registry," but uses the terms "assignment" and "allocation" because those are the correct terms—the National Science Foundation ("NSF") and Network Solutions Inc. ("NSI") *allocated* and *assigned* IP addresses and in December 1997 transferred those responsibilities to ARIN, but did not *register* them. *See* Exhibit 1 attached to Government's Opposition to Vagueness Motion (Dkt. No. 75-1). Before the creation of ARIN in 1997, NSF and NSI did not have a formal registry because they did not require anyone to sign binding contractual *registration agreements* in order to receive IP address space, which is the process now mandated by ARIN. *See* Lindsey Dec. at ¶ 7 (Dkt. No. 116-1); Declaration of John Curran ("Curran Dec.") at ¶ 11 (Dkt. No.

107-1) (stating to receive IP address assignment and registration rights, an organization must (1) submit a request, (2) show "need" and (3) enter into a registration services agreement ("ARIN RSA").

3. Furthermore, the government conveniently ignores that Mr. Lindsey specifically states, the fact that the legacy IP addresses are listed in the ARIN database does not make them *registrants* of ARIN. Lindsey Dec. at ¶ 3. Mr. Lindsey further states that "[u]nless and until a legacy address holder enters into an LRSA or RSA with ARIN or another RIR, legacy address space and legacy address holders are … '*outside the current hierarchical internet registry system*.'" Lindsey Dec. at ¶ 18 (citation omitted) (emphasis added). Mr. Lindsey further explained that "[i]n an effort to bring legacy address holders into the hierarchical internet registry system, ARIN launched its legacy address registration services agreement program" ("LRSA"), and by entering into an LRSA a legacy address holder is bound by ARIN's registry policies and control. *Id.* at ¶ 19. However, legacy address holders that do not enter into ARIN's LRSA or RSA "*remain[] outside the RIR system*[,]" "retain the pre-ARIN rights" to their address space, and are not bound by ARIN's policies and control. *Id.* at ¶¶ 25-26 (emphasis added). Thus, the government's claim that legacy IP addresses and their holders who have not entered into registration service agreements through either an LRSA or an RSA are "registrants" with ARIN is incorrect.

4. In fact, ARIN agrees that to receive the "exclusive right to be the registrant" of an IP address, the holder of that IP address must enter into ARIN's RSA/LRSA. *See* Lindsey Dec. at ¶ 23 (quoting Section 2(b) of Exhibit 1, ARIN's current RSA/LRSA, which grants a holder who enters into an RSA/LRSA "the exclusive right to be the registrant").

5. Finally, contrary to Mr. Curran's claim that all who are listed in ARIN's database are afforded the same registration benefits, Mr. Lindsey summarizes the various ARIN registration benefits that are *denied* to legacy address holders who

have not entered into a formal registration agreement, including the fact that they are not formally considered members of ARIN, are denied important rights to update and maintain the accuracy of their ARIN Whois database records, and are not considered by ARIN to have the exclusive right to an accurate entry in the ARIN database. Lindsey Dec. at ¶ 27. Thus, as Mr. Lindsey concludes, "[A]n entity listed as an early recipient of legacy address space in ARIN's Whois database should not qualify as a registrant merely because its name appears in the ARIN's Whois database unless and until (i) the entity has assented to be registered with ARIN by entering into an LRSA or RSA, and (ii) the accuracy of the listing has been validated." *Id.* at ¶ 28.

    6. The term "registrant" is not defined by the CAN-SPAM Act. It is undisputed that the holders of the legacy IP netblocks had no formal RSA or LRSA with ARIN prior to the CAN-SPAM allegations in counts 6 through 10. Given Mr. Lindsey's expert opinion that legacy IP addresses and their holders remain outside the RIR system and are not ARIN *registrants* until they enter into an LRSA or RSA, the legacy IP netblocks listed in counts 6 through 10 of the indictment were not registered, and there is no "registrant" within the meaning of subsection (a)(5) of the CAN-SPAM Act, 18 U.S.C. § 1037. At the very least, Defendants have shown that the term "registrant" is ambiguous, and under the rule of lenity, the ambiguity should be construed against the government. *See United States v. Millis*, 621 F.3d, 914, 916-17 (9th Cir. 2010).

                              Respectfully submitted,

Dated: September 3, 2019        LAW OFFICE OF DAVID W. WIECHERT

                                     *s/ Jessica C. Munk*
                                     Jessica C. Munk
                                     David W. Wiechert
                                     Attorneys for Jacob Bychak

| | |
|---|---|
| Dated: September 3, 2019 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C |
| | *s/Randy K. Jones* <br> Randy K. Jones <br> Attorney for Mark Manoogian |
| Dated: September 3, 2019 | BIENERT | KATZMAN PC |
| | *s/Whitney Z. Bernstein* <br> Whitney Z. Bernstein <br> Thomas H. Bienert, Jr. <br> James Riddet <br> Attorneys for Mohammed Abdul Qayuum |
| Dated: September 3, 2019 | BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG RHOW P.C. |
| | *s/ Naeun Rim* <br> Naeun Rim <br> Gary Lincenberg <br> Attorneys for Petr Pacas |