Gary S. Lincenberg - SBN 123058
  glincenberg@birdmarella.com
Naeun Rim - SBN 263558
  nrim@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG &
RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Petr Pacas*

David W. Wiechert - SBN 94607
  dwiechert@aol.com
Jessica C. Munk - SBN 238832
  jessica@wmgattorneys.com
William J. Migler - SBN 318518
  william@wmgattorneys.com
WIECHERT, MUNK & GOLDSTEIN,
PC
27136 Paseo Espada, Suite B1123
San Juan Capistrano, California 92675
Telephone: (949) 361-2822

*Attorneys for Jacob Bychak*

Randy K. Jones - SBN 141711
  rkjones@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
Telephone: (858) 314-1510

*Attorney for Mark Manoogian*

Whitney Z. Bernstein - SBN 304917
  wbernstein@bmkattorneys.com
Thomas H. Bienert, Jr. - SBN 135311
  tbienert@bmkattorneys.com
James Riddet – SBN 39826
  jriddet@bmkattorneys.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700

*Attorneys for Mohammed Abdul Qayyum*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:18-cr-04683-GPC |
| Plaintiff, | **DECLARATION OF NAEUN RIM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS WIRE FRAUD COUNTS FOR VIOLATING THE FIFTH AMENDMENT DUE PROCESS AND SIXTH AMENDMENT FAIR NOTICE PROTECTIONS** |
| vs. | |
| JACOB BYCHAK, MARK MANOOGIAN,  MOHAMMED ABDUL QAYYUM, AND PETR PACAS, | |
| Defendants. | Date:  June 26, 2020 |
| | Time:  2:30 p.m. |
| | Crtrm.:      2D |
| | Assigned to Hon. Gonzalo P. Curiel |

I, Naeun Rim, declare as follows:

1.     I am an active member of the Bar of the State of California and a Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Petr Pacas in this action.  I make this declaration in support of Defendants' Motion to Dismiss Wire Fraud Counts for Violating the Fifth Amendment Due Process and Sixth Amendment Fair Notice Protections.  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.     Attached as **Exhibit A** is a true and correct copy of an email chain with Assistant United States Attorneys Sabrina Feve and Melanie Pierson of our meet and confer efforts about undisputed facts.

3.     Attached as **Exhibit B** is a true and correct copy of an email received by David A. Lincenberg, a paralegal in my office, on May 5, 2020 from Amanda Baber at IANA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on May 18, 2020, at Los Angeles, California.


                                                            */s/ Naeun Rim*
                                                            Naeun Rim

## **CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Sabrina L. Feve

Assistant U.S. Attorney

sabrina.feve@usdoj.gov


Melanie K. Pierson

Assistance U.S. Attorney

melanie.pierson@usdoj.gov


Respectfully submitted,

DATED:  May 18, 2020

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.



By: _____*s/ Naeun Rim*_____

Naeun Rim
Attorneys for Petr Pacas

# EXHIBIT A

| From: | Feve, Sabrina (USACAS) <Sabrina.Feve@usdoj.gov> |
|---|---|
| Sent: | Thursday, April 16, 2020 4:48 PM |
| To: | Naeun Rim; Pierson, Melanie (USACAS); dwiechert@aol.com; RKJones@mintz.com; wbernstein@bienertkatzman.com; jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; Gary S. Lincenberg |
| Subject: | RE: USA v Bychak et al  18cr4683-GPC, Meet and Confer |

Counsel-

Thank you for continuing the meet and confer process.  It is our sincere hope that we can reach a common understanding of which precise facts are at issue. Toward that end, we have spent considerable time reviewing the pleadings and documents you reference.  My email from this morning addressed the four factual assertions you summarized in your reply brief and those portions that we dispute.

We have also reviewed the Lindsey and Curran declarations.  As we noted earlier, these declarations include many broad statements that involve nuanced applications.  As articulated in the declarations, we disagree, in whole or in part, with statements set forth by Lindsey in paragraphs 3, 5, 6, 8, 11-14, 18, 22, 25 and 26, and with statements set forth by Curran in paragraphs 14, 15, 19 and 21.

We are uncomfortable being asked to take responsibility for identifying the facts upon which your clients' arguments will rely.  It is incumbent on you, as defense counsel, to put forward the facts upon which your motion will rely.  If you wish to provide further details, we are happy to provide you with our position.

Please let us know if we can be of further assistance.

Respectfully,
AUSA Sabrina L. Fève

---

**From:** Naeun Rim <nrim@birdmarella.com>
**Sent:** Thursday, April 16, 2020 11:39 AM
**To:** Pierson, Melanie (USACAS) <MPierson@usa.doj.gov>; dwiechert@aol.com; Feve, Sabrina (USACAS) <sfeve@usa.doj.gov>; RKJones@mintz.com; wbernstein@bienertkatzman.com; jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; Gary S. Lincenberg <glincenberg@birdmarella.com>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer

The Court agreed that the parties should brief the issue of how the Court should deal with the question of whether IP addresses were property going forward.  At the hearing, we noted that it would help facilitate the briefing if the government could identify what facts are in dispute.  The Court ordered the government to meet and confer with us on what facts were disputed before the motion was field.

We do not have to lay out all of the legal arguments we plan to make in our motion in order for the government to comply with the Court's order to meet and confer because the purpose of requiring the government to identify what facts are in dispute is to *narrow the issues we have to bring before the Court*.

To move this along, for now, please identify which of the facts you dispute in the following documents, attached:

- The chart created by the Government (please simply note in the box, "Disputed" or "Undisputed")
- The Declaration of John Curran that was submitted by the Government (23 paragraphs)

1

- The Declaration of Marc Lindsey (28 paragraphs)
- The Declaration of Naeun Rim (10 paragraphs)—for this, we are not asking you to state whether you agree with the contents of the documents described but only whether you dispute that the documents are authentic, meaning that they are what they claim to be and came from the sources as attributed in the declaration (ARIN, Canadian government, etc.)

**Naeun Rim**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: nrim@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

**From:** Pierson, Melanie (USACAS) <Melanie.Pierson@usdoj.gov>
**Sent:** Thursday, April 16, 2020 11:18 AM
**To:** dwiechert@aol.com; Feve, Sabrina (USACAS) <Sabrina.Feve@usdoj.gov>; Naeun Rim <nrim@birdmarella.com>; RKJones@mintz.com; wbernstein@bienertkatzman.com; jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; Gary S. Lincenberg <glincenberg@birdmarella.com>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer

Dave,  If that was your take-away, you misunderstood my position.  I deferred to the court on whether to have the hearing, but we did not agree that the issue was one that the court could decide as a matter of law.  That was what I understood was going to be briefed by the parties.  melanie

**From:** dwiechert@aol.com <dwiechert@aol.com>
**Sent:** Thursday, April 16, 2020 11:14 AM
**To:** Feve, Sabrina (USACAS) <sfeve@usa.doj.gov>; nrim@birdmarella.com; Pierson, Melanie (USACAS) <MPierson@usa.doj.gov>; RKJones@mintz.com; wbernstein@bienertkatzman.com; jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; glincenberg@birdmarella.com
**Subject:** Re: USA v Bychak et al 18cr4683-GPC, Meet and Confer

I'm sorry Sabrina but I am confused.  In the last telephonic court hearing, which you unfortunately missed, we all seemed to be on the same page, including Melanie, that the determination of whether an IP address is property under the federal fraud statutes is initially for the court rather than the jury.  If the court decides that an IP address is property we anticipate that it will instruct the jury so over defense objection.  If the court decides that an IP address is not property, there are two avenues: 1) the court dismisses giving the government the ability to appeal the order; or 2) the court impanels the jury and grants a Rule 29 on the fraud counts at the close of the government's case.  I assumed you would want door 1 in the case of an adverse decision by the court but in my stir craziness my judgment may be off.  Dave

This communication is privileged and confidential. If you are not the intended recipient please delete it and any attachments and notify me immediately. Thank you.

David Wiechert
Wiechert, Munk & Goldstein, PC

27136 Paseo Espada
Ste. B1123
San Juan Capistrano, CA 92675

2

(949) 361-2822

In a message dated 4/16/2020 8:47:20 AM Pacific Standard Time, Sabrina.Feve@usdoj.gov writes:

> Counsel-
>
> We have not identified disputed facts in the past because we believe the court is legally bound to rule on the motion accepting as true the allegations in the Indictment, without resolving disputes of fact.   We await your legal argument providing authority for the premise that the court should decide, as a matter of law, whether an IP address is property.  If you agree that the 37 facts identified in our letter are the only facts you believe are undisputed and necessary for the court to rule on the upcoming motion, we will promptly respond with our position as to each.
>
> The defense pleadings and attachments make numerous broad statements about IP addresses, many of which have nuanced application depending on whether it involves a legacy netblock. This is why we were asking you, as the moving party, to identify the specific material facts you believe are undisputed for purposes of this motion.
>
> While we agree that ARIN has taken the position that IP address are not property, we do not agree theirs is the position of federal agencies.  While we agree that various statements were made (by Curran, Lindsey, Cannon and a Harvard Business School professor), we do not agree that any of those positions are the official position of any federal agency, or binding on us for purposes of this proceeding.  The recently produced table from ARIN shows that the status of the various netblocks at issue changed over time, so we also can't agree that that they were all legacy blocks with no form of registration agreement for the full period of the conspiracy.  Many statements were made by Mr. Lindsey relating to the WHOIS directory, many of which we disagree with, but we do not know if you consider those statements to be material for purposes of this new motion.  For example, we do not agree that the only way to obtain exclusive use of a netblock is through an RSA or LRSA. We further believe it is undisputed that there is an active market for IP addresses that is not controlled by ARIN.
>
> I hope this clarifies the position of the United States in preparation for the filing of your motions.
>
> Respectfully,
>
> AUSA Sabrina L. Fève

---

**From:** Naeun Rim <nrim@birdmarella.com>
**Sent:** Wednesday, April 15, 2020 5:29 PM

**To:** Feve, Sabrina (USACAS) <sfeve@usa.doj.gov>; Pierson, Melanie (USACAS) <MPierson@usa.doj.gov>; dwiechert_aol.com <dwiechert@aol.com>; Jones, Randy <RKJones@mintz.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; Gary S. Lincenberg <glincenberg@birdmarella.com>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer

Sabrina,

We have repeatedly identified which facts we believe are not in dispute: none of the facts are in dispute because none of them are disputable. The facts are laid out very clearly in the documents we referenced—they are in the form of declarations or described in sections that are clearly labeled "Background," where facts are typically located. We have even summarized them—as an example, please see page 6 of our reply:

> The following facts outside of the Indictment are not in dispute: (1) in support of its prosecution, the Government in this case submitted a declaration from the CEO of ARIN that took the position that IP addresses are not property (Dkt. 107-1), (2) since at least 2004, ARIN has publicly taken the position that IP addresses are not property (including in RSAs, LRSAs, publications, and legal proceedings), (3) federal agencies have affirmed that IP addresses are not property (FCC) and publicly stated that they agree with ARIN's policies (NTIA), and (4) the IP addresses in the indictment are legacy addresses that were not subject to an LRSA. (*See* Dkt. 149-1 ("Mot.") at 8-11.) There is no way for the Government to dispute these facts because their accuracy cannot reasonably be questioned.[1]

In response to each of these filings, it is the Government that has generally claimed these facts *may* be in dispute but refused to identify a single specific fact that it wishes to challenge. We asked the Court during the hearing to require the Government to specify what these so-called hypothetical disputed facts are, given that to date, the Government has not yet done. It is the Government's turn to be specific. We have been more than specific.

Please stop delaying on taking a position. It will not be difficult for the Government to go through the chart it created and simply note whether the government agrees or disagrees. It is not premature, nor is it a waste of time.

**Naeun Rim**

*Principal*

O: 310.201.2100

F: 310.201.2110

E: nrim@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,**

**Drooks, Lincenberg & Rhow, P.C.**

1875 Century Park East, 23rd Floor

Los Angeles, California 90067-2561

**www.BirdMarella.com**

---

**From:** Feve, Sabrina (USACAS) <Sabrina.Feve@usdoj.gov>
**Sent:** Wednesday, April 15, 2020 5:15 PM
**To:** Naeun Rim <nrim@birdmarella.com>; Pierson, Melanie (USACAS)
<Melanie.Pierson@usdoj.gov>; dwiechert_aol.com <dwiechert@aol.com>; Jones, Randy
<RKJones@mintz.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>;
jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; Gary S. Lincenberg
<glincenberg@birdmarella.com>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer

Counsel-

Defendants are the moving party and in the sole position to know which facts they believe are material
and undisputed.  The chart we compiled as a gesture of good faith represents our speculation about
which facts you believe are relevant and undisputed.  We do not know if you agree with this list, or if
you have items to remove, edit, or delete.  It would be premature and a waste of time for us to analyze
and address a speculative list.  Please respond with a finalized list containing all the facts that you
believe are undisputed and material.  When we have the chart that all four defendants have reviewed
and approved, we will analyze and respond to that chart.

---

**From:** Naeun Rim <nrim@birdmarella.com>
**Sent:** Wednesday, April 15, 2020 3:33 PM
**To:** Feve, Sabrina (USACAS) <sfeve@usa.doj.gov>; Pierson, Melanie (USACAS)

5

<MPierson@usa.doj.gov>; dwiechert_aol.com <dwiechert@aol.com>; jessica@wmgattorneys.com;
Jones, Randy <RKJones@mintz.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>;
jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; Gary S. Lincenberg
<glincenberg@birdmarella.com>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer


All,


Thank you for your letter.  You have not identified which of the facts in the chart you prepared are in
dispute. Please identify those facts, and we will add/respond to your chart as soon as we can.


**Naeun Rim**

*Principal*

O: 310.201.2100

F: 310.201.2110

E: nrim@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,**

**Drooks, Lincenberg & Rhow, P.C.**

1875 Century Park East, 23rd Floor

Los Angeles, California 90067-2561

**www.BirdMarella.com**


---

**From:** Feve, Sabrina (USACAS) <Sabrina.Feve@usdoj.gov>
**Sent:** Wednesday, April 15, 2020 9:33 AM
**To:** Naeun Rim <nrim@birdmarella.com>; Pierson, Melanie (USACAS)
<Melanie.Pierson@usdoj.gov>; dwiechert_aol.com <dwiechert@aol.com>;
jessica@wmgattorneys.com; Jones, Randy <RKJones@mintz.com>; Whitney Bernstein
<wbernstein@bienertkatzman.com>; jriddet@bienertkatzman.com; tbienert@bienertkatzman.com;
Gary S. Lincenberg <glincenberg@birdmarella.com>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer

Good Morning,


Please see the attached correspondence.

---

**From:** Naeun Rim <nrim@birdmarella.com>
**Sent:** Wednesday, April 8, 2020 5:02 PM
**To:** Pierson, Melanie (USACAS) <MPierson@usa.doj.gov>; dwiechert_aol.com
<dwiechert@aol.com>; jessica@wmgattorneys.com; Jones, Randy <RKJones@mintz.com>; Whitney
Bernstein <wbernstein@bienertkatzman.com>; jriddet@bienertkatzman.com;
tbienert@bienertkatzman.com; Gary S. Lincenberg <glincenberg@birdmarella.com>; Feve, Sabrina
(USACAS) <sfeve@usa.doj.gov>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer


Melanie,


Thanks for your email. Hope you are staying safe and healthy. We agree with you that email is
sufficient to meet and confer.


We have identified several times the facts we believe are not in dispute in our moving papers.  The facts
are those as set forth in the declaration of John Curran (Dkts. 107 and 107-1), the declaration of Marc
Lindsey (Dkts. 116, 116-1), the facts in the motion to dismiss the wire fraud counts, along with all
accompanying documents (Dkts. 149, 149-1, 149-2), and the reply in support of the wire fraud motion
(Dkt. 151).  Please let us know by Monday which of these facts, if any, the government disputes so that
we may narrow the issues that remain before the Court.


Given that the Government submitted the Declaration of John Curran, we assume the Government does
not plan to dispute those facts, as it is judicially estopped from doing so, especially in light of the
Court's denial of our motion to dismiss the CAN-SPAM Counts.


Best,

**Naeun Rim**

7

*Principal*

O: 310.201.2100

F: 310.201.2110

E: nrim@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,**

**Drooks, Lincenberg & Rhow, P.C.**

1875 Century Park East, 23rd Floor

Los Angeles, California 90067-2561

**www.BirdMarella.com**

---

**From:** Pierson, Melanie (USACAS) <Melanie.Pierson@usdoj.gov>
**Sent:** Wednesday, April 8, 2020 3:18 PM
**To:** dwiechert_aol.com <dwiechert@aol.com>; jessica@wmgattorneys.com; Jones, Randy <RKJones@mintz.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; jriddet@bienertkatzman.com; tbienert@bienertkatzman.com; Gary S. Lincenberg <glincenberg@birdmarella.com>; Naeun Rim <nrim@birdmarella.com>; Feve, Sabrina (USACAS) <Sabrina.Feve@usdoj.gov>
**Subject:** RE: USA v Bychak et al 18cr4683-GPC, Meet and Confer


Dear Counsel:


At today's telephonic status hearing, the court asked counsel to meet and confer regarding the facts in dispute as to whether an IP address is property or not.  In this age of social distancing and in recognition of the difficulty of getting the schedules of all counsel to coincide, the government would propose that we meet and confer by way of email.  Since you are the moving party in this case, it is requested that you identify the facts that you believe are not in dispute.  We will reply within three days, to give you plenty of time to file your motion.


Respectfully,

AUSA Melanie Pierson

# EXHIBIT B

| | |
|---|---|
| **From:** | Amanda Baber via RT |
| **To:** | David A. Lincenberg |
| **Subject:** | [IANA #1169779] Historical obtaining and using IP addresses |
| **Date:** | Tuesday, May 5, 2020 12:34:03 PM |

Hi David,

Thanks for contacting us.

We recommend reaching out to ARIN and its counsel. They've published law review articles on this history and they have primary source material. You may wish to reach out to associate general counsel Michael Abejuela <mabejuela@arin.net>.

A colleague adds, "There were no rules prior to ARIN's formation. You first emailed or called Jon Postel and got an assignment emailed back or told to you over the phone. Then with SRI and DOD and NetSol you filled out a simple form, emailed or faxed or mailed it in, and got an assignment back via the same method. None of the assignment paperwork had any rules, and no rules were published at the time.

"The RIRs now have lots of rules governing assignments, but those have slowly evolved over 25 years of RIRs."

Best regards,

Amanda Baber
Lead IANA Services Specialist

On Mon May 04 23:05:43 2020, dlincenberg@birdmarella.com wrote:
> Hello,
>
> I am hoping that you may be willing to help me with some research
> regarding the rules for obtaining and using IP addresses, before the
> RSA, and the LRSA.
>
> Did NSI have any written rules, or terms of use?
>
> Did NSF have any written rules, or terms of use?
>
> Did ArpaNET have any written rules or terms of use?
>
> Did IANA/ICANN have any written rules or terms of use?
>
> Are there any specific "Requests for Comment" (RFC) that would address
> rules, or terms of use?
>
> Your assistance is appreciated,
>
> Sincerely,
>
> David A. Lincenberg

>
> David A. Lincenberg
> Paralegal Assistant
> O: 310.201.2100
> F: 310.201.2110
> E: dlincenberg@birdmarella.com<mailto:dlincenberg@birdmarella.com>
> Bird, Marella, Boxer, Wolpert, Nessim,
> Drooks, Lincenberg & Rhow, P.C.
> 1875 Century Park East, 23rd Floor
> Los Angeles, California 90067-2561
> www.BirdMarella.com<http://www.birdmarella.com/>