| | |
|---|---|
| Gary S. Lincenberg - SBN 123058<br>glincenberg@birdmarella.com<br>Naeun Rim - SBN 263558<br>nrim@birdmarella.com<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110<br><br>*Attorneys for Petr Pacas*<br><br>David W. Wiechert - SBN 94607<br>dwiechert@aol.com<br>Jessica C. Munk - SBN 238832<br>jessica@wmgattorneys.com<br>William J. Migler - SBN 318518<br>william@wmgattorneys.com<br>WIECHERT, MUNK & GOLDSTEIN, PC<br>27136 Paseo Espada, Suite B1123<br>San Juan Capistrano, California 92675<br>Telephone: (949) 361-2822<br><br>*Attorneys for Jacob Bychak* | Randy K. Jones - SBN 141711<br>rkjones@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, California 92130<br>Telephone: (858) 314-1510<br><br>*Attorney for Mark Manoogian*<br><br>Whitney Z. Bernstein - SBN 304917<br>wbernstein@bmkattorneys.com<br>Thomas H. Bienert, Jr. - SBN 135311<br>tbienert@bmkattorneys.com<br>James Riddet – SBN 39826<br>jriddet@bmkattorneys.com<br>BIENERT | KATZMAN PC<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone: (949) 369-3700<br><br>*Attorneys for Mohammed Abdul Qayyum* |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, AND PETR PACAS,<br><br>　　　　Defendants. | CASE NO. 3:18-cr-04683-GPC<br><br>**DEFENDANTS' CORRECTED JOINT REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  June 26, 2020<br>Time: 2:30 p.m.<br>Crtrm.:　　2D<br><br>Assigned to Hon. Gonzalo P. Curiel |

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas, ("Defendants") respectfully request that the Court take judicial notice, pursuant to Federal Rules of Evidence ("Rule") 201(b), of the following documents attached as exhibits A through I.

1. Attached as **Exhibit A** is a true and correct copy of an excerpt of a Registry Service Agreement ("RSA") template dated March 10, 2011, by American Registry for Internet Numbers, Ltd ("ARIN"), produced to Defendants by ARIN as Bates numbers ARIN-BYCHAK 0096, with emphasis added in yellow.

2. Attached as **Exhibit B** is a true and correct copy of an excerpt of an RSA template dated June 18, 2004, produced to Defendants by ARIN as Bates numbers ARIN_BYCHAK_0053, with emphasis added in yellow.

3. Attached as **Exhibit C** is a true and correct copy of an excerpt of an RSA template dated October 31, 2007, by ARIN and produced to Pacas as Bates numbers ARIN_BYCHAK_0120-123, with emphasis added in yellow.

4. Attached as **Exhibit D** is a true and correct copy of an excerpt of a Federal Communications Commission ("FCC") Staff Working Paper by Robert Cannon and produced to Defendants by ARIN as Bates numbers ARIN_BYCHAK_0280, with emphasis added in yellow.

5. Attached as **Exhibit E** is a true and correct copy of an excerpt of an article entitled "Guidance from ARIN on Legal Aspects of the Transfer of Internet Protocol Numbers" published in *Business Law Today* and produced to Defendants by ARIN as Bates numbers ARIN_BYCHAK_0188-192, with emphasis added in yellow.

6. Attached as **Exhibit F** is a true and correct copy of an excerpt of an article entitled "Internet Protocol Numbers and the American Registry for Internet Numbers..." published in *Bloomberg BNA* and produced to Defendants by ARIN as Bates numbers ARIN_BYCHAK_0193-197, with emphasis added in yellow.

7. Attached as **Exhibit G** is a true and correct copy of an excerpt of a letter from the National Telecommunications and Information Administration and produced to

1  Defendants by ARIN as Bates numbers ARIN_BYCHAK_0001-02, with emphasis
2  added in yellow.
3  8.     Attached as **Exhibit H** is a true and correct copy of an excerpt of a letter from
4  Canada's Department of Industry regarding Case No. 09-10138 (KG) and produced to
5  Defendants by ARIN as Bates numbers ARIN_BYCHAK_0269-271, with emphasis
6  added in yellow.
7  9.     Attached as **Exhibit I** is a true and correct copy of an excerpt from a Blackline
8  Amended Purchase Agreement filed by the parties in *In re Nortel Networks Inc.*, Case No.
9  09-10138-CCS (Bankr. D. Del.) as Dkt. 5254-4.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Evidence 201(b), a court may notice an adjudicative fact if it is "not subject to reasonable dispute." A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). See *Stiefel v. Bechtel Corp.,* 497 F. Supp. 2d 1138, 1144 (S.D. Cal. 2007) (Facts are not "subject to reasonable dispute" when "they are generally known in the community…."). A court shall take judicial notice of a judicially noticeable fact "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Fed. R. Evid. 201(e).

A Court may take judicial notice of items like public notices, decisions, government documents, and other materials of administrative agencies, including documents available from reliable sources on the internet. See *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir.1995) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies."), *rev'd on other grounds*, 520 U.S. 548 (1997); *Barrera v. Comcast Holdings Corp.*, No. 14-cv-00343-THE, 2014 WL 1942829, n.1 (N.D. Cal. May 12, 2014) (granting request for judicial notice of

1   FCC docket materials indicating FCC sought public comment on petition);
2   *Robinson v. Mortgage Elec. Registration Sys.*, No. CV 19-2185 PSG (ASx), 2019 WL
3   2491550, at *7 (C.D. Cal. June 14, 2019) (Court "can take judicial notice of '[p]ublic
4   records and government documents available from reliable sources on the Internet.'").

In addition, Courts routinely take judicial notice on press release documents and published articles provided that the authenticity of the documents is not in dispute. *See, e.g.*, *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008); *In re American Funds Securities Litigation*, 556 F. Supp. 2d 1100, 1107 (C.D. Cal. 2008); *Lane v. Page*, 649 F. Supp. 2d 1256, 1300 (D.N.M. 2009).

Here, meeting the test enunciated in Rule 201, each of the facts for which the Defendants request the Court take judicial notice are either generally known to the community or may be accurately and readily determined by sources whose accuracy cannot reasonably be questioned.  For example, in regards to **Exhibits A-C**, Registry Service Agreements produced by ARIN, it is generally known, especially in the internet marketing community, that ARIN is the controlling authority when it comes to the administration of Internet Protocol addresses.  Likewise, **Exhibit E**, an article entitled "Guidance from ARIN on Legal Aspects of the Transfer of Internet Protocol Numbers" published in *Business Law Today*, and **Exhibit F**, an article entitled "Internet Protocol Numbers and the American Registry for Internet Numbers…" published in *Bloomberg BNA,* are also articles written by ARIN in third-party publications regarding IP addresses.  Indeed, courts have taken judicial notice of ARIN's policies and statements regarding IP addresses before, including this Court.  *See United States v. Bychak*, 18-CR-4683 GPC (Dkt. 154 at 3-4) (relying on an online version Exhibit E and excerpts from ARIN's website); *Global Naps, Inc. v. Verizon New Eng., Inc.*, No. 02-12489-RWZ, 2015 WL 12781223 at 16 n.1 (D. Mass. Mar. 10, 2015) (taking judicial notice of ARIN's policy that "if a company goes out of business, regardless of the reason, the point of contact (POC) listed for the number resource does not have the authority to sell, transfer, assign, or give the number resource to any other person or

organization.").

In addition, **Exhibit D**, an FCC Staff Working Paper, and **Exhibit G,** a letter from the National Telecommunications and Information Administration, are publications from federal agencies. **Exhibit H** is a letter from Canada's Department of Industry regarding Canada's position on whether IP addresses are property. These exhibits are subject to judicial notice because they contain facts that are accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (Public records and government documents are generally considered "not to be subject to reasonable dispute."); *Moore v. Verizon Commc'n Inc.*, No. C 09-1823 SBA, 2010 WL 361987 (N.D. Cal. Sept. 10, 2010) (taking judicial notice of decisions and policy statements of the Federal Communications Commission.); *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (Courts have defined a public record to include letter decisions of government agencies, and published reports of administrative bodies).

Finally, **Exhibit I** is an excerpt from a Blackline Amended Purchase Agreement filed by the parties in *In re Nortel Networks Inc.*, Case No. 09-10138-CCS (Bankr. D. Del.) as Dkt. 5254-4. This exhibit is subject to judicial notice because it is a matter of public record that was filed on PACER. *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For the foregoing reasons, Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas hereby requests that the Court take judicial notice of Exhibits A through I.

DATED: May 28, 2020

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____*s/ Naeun Rim*_____
Naeun Rim
Attorneys for Petr Pacas

DATED: May 28, 2020

David W. Wiechert
Jessica C. Munk
William J. Migler
Wiechert, Munk & Goldstein, PC

By: _____*s/ David W. Wiechert*_____
David W. Wiechert
Attorneys for Jacob Bychak

DATED: May 28, 2020

Whitney Z. Bernstein
Thomas H. Bienert, Jr.
James Riddet
BIENERT | KATZMAN PC

By: _____*s/ Whitney Z. Bernstein*_____
Whitney Z. Bernstein
Attorneys for Mohammed Abdul Qayyum

DATED: May 28, 2020

Randy K. Jones
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

By: _____*s/ Randy K. Jones*_____
Randy K. Jones
Attorney for Mark Manoogian

# CERTIFICATE OF AUTHORIZATION TO SIGN ELECTRONIC SIGNATURE

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization from Randy K. Jones, David W. Wiechert, and Whitney Z. Bernstein to affix their electronic signatures to this document.

Respectfully submitted,

DATED: May 28, 2020

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:  *s/ Naeun Rim*
　　　　　Naeun Rim
　　Attorneys for Petr Pacas

## **CERTIFICATE OF SERVICE**

Counsel for Defendants certify that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Sabrina L. Feve

Assistant U.S. Attorney

sabrina.feve@usdoj.gov

Melanie K. Pierson

Assistance U.S. Attorney

melanie.pierson@usdoj.gov

Respectfully submitted,

DATED: May 28, 2020

Gary S. Lincenberg
Naeun Rim
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____*s/ Naeun Rim*_____
Naeun Rim
Attorneys for Petr Pacas