**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Email: tbienert@bklwlaw.com
         jriddet@bklwlaw.com
         wbernstein@bklwlaw.com

*Attorneys for Mohammed Abdul Qayyum*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1510
Email: rkjones@mintz.com

*Attorney for Mark Manoogian*

**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG RHOW P.C.**
Gary S. Lincenberg, SBN 123058
Nicole Rodriguez Van Dyk, SBN 261646
Darren L. Patrick, SBN 310727
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email: glincenberg@birdmarella.com
         nvandyk@birdmarella.com
         dpatrick@birdmarella.com

*Attorneys for Petr Pacas*

**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Email: dwiechert@wmgattorneys.com
         jessica@wmgattorneys.com

*Attorneys for Jacob Bychak*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, AND PETR PACAS,<br><br>    Defendants. | Case No. 18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' JOINT MOTION TO CONTINUE TRIAL**<br><br>*[Filed concurrently with the Declaration of Whitney Z. Bernstein; [Proposed] Order]* |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas (collectively, the "Defendants"), will and hereby do move this Court for an order continuing the jury trial currently set for November 30, 2021 to September 2022 (with a concomitant extension of related deadlines) (the "Motion").

The Defendants respectfully request that the Court continue the current November 30, 2021 trial date in light of a conflicting trial proceeding in an Arizona federal court case, which impacts three of the lead trial attorneys in this case. The Arizona federal case predates this case by several months, involves six defendants, a dozen of defense counsel, six prosecutors, three government case agents, and 90 proposed witnesses for the government's case in chief. The Arizona federal case is estimated to last from August 23, 2021 into December 2021, and counsel expects it may last even longer. Further warranting the extended continuance request is the fact that trial counsel for Mr. Bychak, Mr. Qayyum, and Mr. Pacas are scheduled for other trials through June of 2022. Counsel for Mr. Bychak has an in-custody federal first-degree murder case that was recently continued to the third week of January 2022 with a two-week trial estimate, and both trial attorneys for Mr. Bychak have a complex healthcare fraud case in mid-February of 2022 with a four-to-five-week trial estimate. Also, trial counsel for Mr. Bychak has an SEC case scheduled to go to trial on April 4, 2022, with a two-week trial estimate, and both trial attorneys for Mr. Bychak have an IEEPA case that was indicted in early 2018 that has been continued seven times and is set for trial on May 24, 2022, with a three-week estimate. All of these cases counsel for Mr. Bychak expect to go to trial. Further, both trial attorneys for Mr. Qayyum are separately scheduled for a month-long trial in both January and late February of 2022, and trial attorneys for Mr. Pacas are also scheduled for a month-long trial in late February of 2022 and late April 2022. Therefore, the requested trial continuance to September of 2022 is necessary to permit the aforementioned trial attorneys to adequately prepare for trial in this complex case through the summer of 2022. This Motion is the first trial continuance request in this case.

The Motion is based on the attached memorandum of points and authorities, the Declaration of Whitney Z. Bernstein, all pleadings documents on file in this case, and upon such other written and oral argument as may be presented to the Court at any hearing on this matter.

Respectfully Submitted,

Dated: June 11, 2021

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: *Whitney Z. Bernstein*
  Thomas H. Bienert, Jr.
  James D. Riddet
  Whitney Z. Bernstein
  *Attorneys for Abdul Mohammed*

Dated: June 11, 2021

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: *Gary S. Lincenberg*
  Gary S. Lincenberg
  Nicole Rodriguez Van Dyk
  Darren L. Patrick
  *Attorneys for Petr Pacas*

Dated: June 11, 2021

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: *Randy K. Jones*
  Randy K. Jones
  *Attorneys for Mark Manoogian*

Dated: June 11, 2021

**WIECHERT, MUNK & GOLDSTEIN, PC**

By: *Jessica C. Munk*
  David W. Wiechert
  Jessica C. Munk
  *Attorneys for Jacob Bychak*

# MEMORANDUM OF POINTS & AUTHORITES

## I. INTRODUCTION

The Defendants bring this Motion for an order continuing the trial from November 30, 2021 to a date in September of 2022. The lead trial counsel for Mr. Qayyum and Mr. Pacas will be in the middle of a lengthy 16-week trial in Arizona (the "Arizona Case") (*United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB).

At a status conference on January 21, 2021, Defendants diligently advised the Court that three out of seven trial counsel (representing half of the Defendants) would be unavailable during the Fall of 2021 due to trial in the Arizona Case, which at the time was expected to be continued to September of 2021. Aware of a potential conflict created by the Arizona Case, the Court proceeded to set the instant case for November 30, 2021, with the caveat of: "[w]e are all going to have to be somewhat flexible, even this Court, because of the number of attorneys that are involved in this litigation." Declaration of Whitney Z. Bernstein ("Bernstein Decl."), ¶ 9, Ex. A at 15:17-19 (Transcript of January 21, 2021 Status Conference).

In light of that, and forecasting an influx of factors arising from the COVID-19 health crisis, this Court set the trial date for November 30, leaving open the possibility of a further continuance if the Arizona Case created an untenable conflict: "it looks like everyone is free in October, November, December, unless [the Arizona Case] is continued until September; and if its continued to September; if it actually goes forward." Bernstein Decl. ¶ 9, Ex. A at 16:17-19. As it turns out, the Arizona Case was continued to August 23, 2021, and is all but certain to proceed.

Moreover, the government is not expected to suffer any prejudice from this continuance since it has known of Defendants' counsel's potential trial conflicts since the January 2021 status conference. At the extreme opposite, two of the Defendants will suffer severe and irremediable prejudice if they are compelled to face the trial of their lives without their chosen counsel, who have represented them since 2018 and are intimately familiar with the complex set of facts involved here. Because of the numerous issues of first

impression that were previously rigorously briefed and remain issues at trial, it is imperative that Mr. Qayyum and Mr. Pacas have their desired trial counsel. A continuance in this matter is necessary.

## II. RELEVANT FACTS

On March 28, 2018, an indictment was filed against the defendants in the Arizona Case. Several months later, on October 31, 2018, the government filed an indictment against Defendants in this case. *See* Dkt. No. 1. The Arizona Case was initially set for trial on January 15, 2020, then continued *sua sponte* to May 5, 2020, for a third time to August 17, 2020, for a fourth time to January 12, 2021, and then again to April 12, 2021. Bernstein Decl., ¶ 5. On January 19, 2021, the defendants in the Arizona Case filed a request for a sixth trial continuance due to the ongoing health crisis occasioned by the COVID-19 pandemic. *Id.* at ¶ 5. On January 21, 2021, this Court contemplated a trial date for this case. Defendants diligently advised this Court of the continuance motion pending in the Arizona Case and the likelihood that it would be granted. *See* Ex. A at 7:2-3 ("And there's now a continuance motion [in the Arizona Case], which – the Court hasn't granted it yet but I think the Court is going to have to because of COVID reasons."). Defendants' counsel also informed the Court that the Arizona Case would likely conflict with any date set in the Fall of 2021: "[a]nd we are looking to start it in September, and it is a three-month trial." *See id.* at 7:4-5. The attorneys who will be participating in the Arizona Case are Thomas H. Bienert, Jr. and Whitney Z. Bernstein (Mr. Qayyum's trial counsel) and Gary S. Lincenberg (Mr. Pacas' trial counsel). Bernstein Decl., ¶ 2.

As such, at the time of the January 21, 2021 status conference, Defendants' counsel concurred that May of 2022 would be the *earliest*—and in fact *only*—feasible trial date, as counsel had several pre-scheduled trial conflicts at that time. *See id* at 7:17-18 ("this is what led us to propose May 2022 because any earlier date, I am just not sure it is going to be a real date because of all of the traffic jam of trials.").

Since the January 2021 hearing in this case, defense counsel have been set for various other trials, which prohibit both the current trial date and the formerly requested May trial

date. Counsel for Mr. Qayyum and Mr. Pacas are in trial on the Arizona case from August 2021 to December 2021. Additionally, trial counsel for Mr. Bychak has an in-custody federal first-degree murder case that was recently continued to the third week of January 2022 with a two-week trial estimate, both trial attorneys for Mr. Bychak have a complex healthcare fraud case in mid-February of 2022 with a four-to-five-week trial estimate, trial counsel for Mr. Bychak has an SEC case scheduled to go to trial on April 4, 2022, with a two-week trial estimate, and both trial attorneys for Mr. Bychak have an IEEPA case that was continued after the January 21, 2021 status conference to May 24, 2022, which a three-week estimate. This IEEPA case was indicted in early 2018 and has been continued seven times. Counsel for Mr. Bychak expects all of these cases to go to trial. Further, both trial attorneys for Mr. Qayyum are separately scheduled for a month-long case in both January and late February of 2022, and trial counsel for Mr. Pacas is also scheduled for a month-long case in late February and late April of 2022. Unfortunately, based on counsel's current trial calendar, a trial date in May of 2022 is no longer feasible.

Moreover, at the January 2021 status conference, the Court noted counsel's conflicts and appeared ready to set the trial date for this case after Fall of 2021. *See* Ex. A at 7:21-23 ("Well, it sounds like the fall wouldn't be practicable. It wouldn't be likely that we would be able to get this case tried in the fall."). Indeed, the Court recognized that having this trial in 2022 was an appealing option, given the logistical complications attendant with the COVID-19 crisis: "Well, kicking out to 2022 would make it easier for the Court to work its way out of the backlog of trials that it will be facing." Ex. A at 4:21-23. Nevertheless, the Court proceeded to set the current trial date.

The court in the Arizona Case subsequently granted the defendants' pending motion and continued the trial date from April 12, 2021 to August 23, 2021. Bernstein Decl. ¶ 4. As a result, the Arizona Case is expected to last into December 2021.

### III.  ARGUMENT

The Court has the discretion to grant an order continuing the trial date. *See United States v. Flynt*, 756 F. 2d 1352, 1358 (9th Cir. 1985) (recognized the broad discretion of trial

courts to rule on requests for continuances). A district court abuses its discretion in denying a trial continuance motion for "arbitrary or unreasonable" reasons. *Id.* In this case, the Defendants' first request for a trial continuance is reasonable and justified.

*Flynt* prescribes a four-factor test that district courts should apply when considering trial continuances. *See* 756 F. 2d at 1359. Accordingly, courts should consider: (1) whether the defendant has been diligently preparing for their trial defense or whether the continuance request is a delay tactic; (2) the utility of the continuance; (3) the inconvenience that a continuance would cause to the court and other parties; and (4) whether the defendant is prejudiced by the denial. *Id*. Here, all four factors militate in favor of the Defendants' continuance request.

### 1. Defendants have diligently prepared for trial.

There is no dispute that Defendants have been diligently preparing for their trial defense. *See generally United States v. Kloehn*, 620 F.2d 1122 (2010) (district court abused its discretion and prejudiced defendant's ability to present a defense in refusing to continue trial). Prior to when the Court set the current trial date, and ever since, Defendants and their counsel have worked assiduously to review voluminous discovery productions generated by the government's years-long investigation, conducted their own investigation, and strategized pre-trial and *in limine* motion practice. This factor thus supports a trial continuance.

### 2. The requested trial continuance is *necessary* to respect Mr. Qayyum's and Mr. Pacas' counsel of choice.

The constitution guarantees a criminal defendant the right to counsel of his or her choosing. *See Luis v. United States*, 136 S. Ct. 1083, 1085 (2016); *see also Powell v. Alabama*, 287 U.S. 45, 53 (1932). The lead trial counsel for both Mr. Qayyum and Mr. Pacas – who have handled their defense since at least 2018 – have conflicting duties in the Arizona Case and will not be available for trial on November 30, 2021. *See* Bernstein Decl., ¶ 7. At this point in time, it is virtually certain that trial in the Arizona Case will proceed as currently scheduled.

For added reference, that case commenced on March 28, 2018, and predates this case by approximately seven months. *See* Bernstein Decl., ¶ 3. To date, it has been continued six times. *See id.* The Arizona Case was originally set to start trial on January 15, 2020, then continued *sua sponte* to May 5, 2020, for a third time to August 17, 2020, for a fourth time to January 12, 2021, for a fifth time to April 12, 2021, and most recently to August 23, 2021, due to the COVID-19 health crisis. Bernstein Decl., ¶ 5. Moreover, the Arizona case involves six defendants, a dozen of defense counsel, six prosecutors, three government case agents, and 90 proposed witnesses for the government's case in chief. *See id.* at ¶ 5. Unfortunately, since the January 21, 2021 status conference, the trial calendar for Mr. Bychak's attorneys has changed, and they are no longer available in May of 2022. Accordingly, counsel for Mr. Bychak have a trial set to commence on May 24, 2022, with a three-week estimate. This case has already been continued 7 times and trial is very likely to proceed in May of 2022. Therefore, in order to afford counsel the opportunity to properly prepare for this complex case, a trial continuance to September of 2022 is warranted. This factor also weighs in favor of a continuance.

### 3. Neither the government nor the Defendants will be harmed by this trial continuance.

No party in this case will experience harm from the requested trial continuance. Mr. Qayyum and Mr. Pacas, joined in this Motion by Mr. Bychak and Mr. Manoogian, collectively requested a trial date for May of 2022 at the time the Court set the initial trial date in January 2021. *See* Ex. A at 7:17-18. Although the government objected to the Defendants' requested trial date (and opposes this Motion), the government was aware of the trial conflicts impacting Defendants' counsel's schedules as of the January 2021 hearing. *See* Ex. A at 9:6-7; 9:17-18 ("The government really wants to get to trial sooner rather than later."). However, this objection was perplexing in light of the serious health concerns and logistical nightmares occasioned by the COVID-19 crisis—a fact recognized by this Court and by Chief Judge Burns. *See* Ex. A at 11:21-23 ("there are certainly lots of moving parts, and it is a dynamic situation, given COVID."); *see also* Chief Judge Order

No. 52C, Extending Renewed Suspension of Jury Trials and Other In-Person Proceedings During Covid-19 Public Emergency (Jan. 13, 2020). While the government will not suffer any prejudice from this necessary continuance, Mr. Qayyum and Mr. Pacas would suffer devastating consequences if forced to go to trial without the counsel that they have chosen – counsel who are intimately familiar and very knowledgeable of the many complex and novel issues presented in this case. As a result, this factor also favors continuance of the trial.

### 4. Mr. Qayyum and Mr. Pacas will be severely prejudiced if a continuance is denied.

As already discussed in detail, Mr. Qayyum and Mr. Pacas will be prejudiced by the denial of this motion. First, and most importantly, they will be forced to proceed without their leading trial counsel of choice if a continuance is denied. Second, given the unavailability of Defendants' counsel, it will be near impossible to coordinate and complete the necessary trial preparation if another trial attorney must assume trial responsibilities for this complex case with just a few months before trial. And as the Court is well aware, this criminal case involves a complicated cast of witnesses, novel and unresolved legal issues, and a voluminous amount of discovery. Accordingly, good cause exists for a continuance under this factor too.

Given consideration of the above factors, Defendants request that the Court grant this motion for an order continuing trial.

## IV.   CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court continue the November 30, 2021 trial date to a date in September of 2022, along with a concomitant extension of related deadlines, due to the unavailability of leading trial counsel for Mr. Qayyum and Mr. Pacas.

///
///
///

Respectfully submitted,

Dated:  June 11, 2021        **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: *Whitney Z. Bernstein*
   Thomas H. Bienert, Jr.
   James D. Riddet
   Whitney Z. Bernstein
   *Attorneys for Abdul Mohammed*

Dated:  June 11, 2021        **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: *Gary S. Lincenberg*
   Gary S. Lincenberg
   Nicole Rodriguez Van Dyk
   Darren L. Patrick
   *Attorneys for Petr Pacas*

Dated:  June 11, 2021        **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: *Randy K. Jones*
   Randy K. Jones
   *Attorneys for Mark Manoogian*

Dated:  June 11, 2021        **WIECHERT, MUNK & GOLDSTEIN, PC**

By: *Jessica C. Munk*
   David W. Wiechert
   Jessica C. Munk
   *Attorneys for Jacob Bychak*

**CERTIFICATE OF AUTHORIZATION TO SIGN ELECTRONIC SIGNATURE**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization from Randy K. Jones, Jessica C. Munk, and Gary S. Lincenberg to affix their electronic signatures to this document.

Dated: June 11, 2021                         By: *Whitney Z. Bernstein*
                                                  Whitney Z. Bernstein

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Ashley E. Goff
Assistant U.S. Attorney
Email: ashley.goff@usdoj.gov

Sabrina L. Feve
Assistant U.S. Attorney
sabrina.feve@usdoj.gov

Melanie K. Pierson
Assistant U.S. Attorney
melanie.pierson@usdoj.gov

Candina S. Heath
U.S. Department of Justice
Email: candina.heath2@usdoj.gov

Dated: June 11, 2021

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

By: *Whitney Z. Bernstein*
Whitney Z. Bernstein