**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Email: tbienert@bklwlaw.com
        jriddet@bklwlaw.com
        wbernstein@bklwlaw.com

*Attorneys for Mohammed Abdul Qayyum*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKYAND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1510
Email: rkjones@mintz.com

*Attorney for Mark Manoogian*

**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG RHOW P.C.**
Gary S. Lincenberg, SBN 123058
Nicole Rodriguez Van Dyk, SBN 261646
Darren L. Patrick, SBN 310727
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email: glincenberg@birdmarella.com
        nvandyk@birdmarella.com
        dpatrick@birdmarella.com

*Attorneys for Petr Pacas*

**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Email: dwiechert@wmgattorneys.com
        jessica@wmgattorneys.com

*Attorneys for Jacob Bychak*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, AND PETR PACAS,<br><br>        Defendants. | Case No. 18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO JOINT MOTION TO CONTINUE TRIAL**<br><br>*[Filed concurrently with the Declaration of Gary S. Lincenberg and Defendants' Joint Motion For Leave to File Reply]* |

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas (jointly, the "Defendants") hereby reply to the opposition to the *Joint Motion to Continue Trial* (Dkt. 241) (the "Opposition") filed by the government on June 17, 2021.

## I.   INTRODUCTION

On June 11, 2021, at the Court's request, Defendants filed the first joint motion to continue the trial date from November 30, 2021 to a date in September of 2022 (the "Motion") (Dkt. 240).  A continuance is necessary because Mr. Qayyum's and Mr. Pacas' lead trial attorneys are unavailable on the current trial date due to a conflicting federal trial in Arizona commencing on August 23, 2021 that is expected to last no less than 16 weeks.

The government's Opposition provides a misleading and incomplete recitation of relevant facts, includes gratuitous and groundless *ad hominem* attacks, and mischaracterizes the statements of the Court and defense counsel.  For instance, the Opposition avers that defense counsel did nothing to apprise the court in the Arizona Case[1] of the instant trial date.  This is simply untrue.  Soon after the January 21, 2021 status conference before this Court when the November trial date was set over defense counsels' objections, defense counsel in fact informed the Arizona court of the upcoming trial at a conference hearing on February 12, 2021.  Declaration of Gary S. Lincenberg ("Lincenberg Decl."), ¶ 12.  Counsel again advised the Arizona court of this case's trial date on June 7, 2021.  Lincenberg Decl., ¶ 15.

Further, the Opposition suggests that several prosecution witnesses have health problems and may not be able to attend trial in 2022 (but apparently would have had no issues with a trial date of November 30, 2021).  This purported logistical concern is news to the defense.  Just this morning, the government filed a motion for Rule 15 depositions (Dkt. 242), which the defense will respond to in turn.  But notably, the very first time the government ever raised this issue was in the government's Opposition though it appears that these health issues have been known to the government for some time.  *Id*.  Most

---

[1] Any capitalized terms not defined herein shall have the meaning ascribed in the Motion.

critically for the Court's consideration of Defendants' Motion to continue trial, and in contrast to the government's representations in its Opposition, the government's witnesses' health issues purportedly prevent their trial availability regardless of when this trial commences. *Id.*

The interests of justice are best served by continuance of the instant trial date. The current trial date of November 30, 2021 is not feasible. Half of the lead trial defense team will be unavailable, and even if the Court could shoehorn in this case immediately after the close of the Arizona Case, the burden of providing effective representation in back-to-back complex criminal trials is insurmountable even for experienced counsel. Unfortunately, due to the trial backlog occasioned by the pandemic, counsel have now had to book trials in other cases in May of 2022, a period which they had originally requested to reserve for trial in this case. Consequently, Defendants seek an order continuing the trial to a date in September of 2022, with all related deadlines to track the new trial date.

## II.     ARGUMENT

### A.     Defense counsel advised the Arizona court of the instant trial date.

In its Opposition, the government baselessly and incorrectly asserts that defense counsel failed to apprise the Arizona court of this case's trial date. *See* Opposition at 4 (the heading for section II.C. reads "Defense Counsel Did Not Disclose *Bychak's* Trial Date to the Arizona Court"). The Opposition's attempts to mislead this Court and mischaracterize facts are especially egregious given its sly concession (albeit tucked away in a footnote) that it really has no grounds on which to base its allegation. *See id.* at 5, n. 3 ("Government counsel in Arizona *could not recall* whether defense counsel verbally advised the court at [the continuance] hearing of the current conflict.") (emphasis added). The fact is that defense counsel *did* advise the Arizona court of the pending trial conflict—twice. *See* Lincenberg Decl., ¶¶ 12, 15. First, on February 12, 2021, during the hearing on the motion to continue the trial in the Arizona Case, Mr. Lincenberg, counsel for Mr. Pacas, informed the Arizona court that this Court had set a November 30, 2021 trial date that would pose a conflict with an August or September trial in the Arizona Case. *See id.* at ¶ 12. On June 7,

2021, Mr. Lincenberg again reminded the Arizona court that this Court had set a conflicting trial date in November of 2021.   *See id.* at ¶ 15.   However, despite Mr. Lincenberg's repeated advisal, the Arizona court ordered its August trial date.

**B.   Defense counsel orally moved to continue trial in the Arizona Case, weeks prior to the January 21, 2021 status conference.**

The Opposition also baselessly and falsely alleges that defense counsel requested a trial continuance in the Arizona Case only two days before the January 21, 2021 status conference. *See* Opposition at 4 ("The docket in Arizona indicates that the Arizona motion for continuance was filed just two days before the instant status hearing.").   The government's characteristically misleading and self-serving allegation ignores the facts and background of the Arizona Case.   At the January 21 status conference, defense counsel informed the Court that the Arizona defendants had moved for a trial continuance "within the last several weeks."  *See* Declaration of Whitney Z. Bernstein (the "Bernstein Decl.") [Dkt. 240], Ex. A at 14:20-23.   This is a true statement: on or about January 4, 2021, the Arizona defendants informed the Arizona court that the trial needed to be moved due to the COVID-19 pandemic and the defendants' pending Petition for a Writ of Mandamus to the Ninth Circuit.  *See* Lincenberg Decl., ¶ 7.   The Arizona court instructed the defendants procedurally to make that request in writing, which the Arizona Case defendants formally filed on January 19, 2021.  *See id.* at ¶ 8.

**C.   The requested trial continuance will not prejudice the government nor its witnesses.**

Prejudice "cannot be merely speculative; it must be demonstrated by clear and convincing evidence."  *United States v. Chase*, 499 F.3d 1061, 1068 (9th Cir. 2007).   But here, the Opposition tries to fabricate prejudice and create an unwarranted—and never previously mentioned—sense of urgency.

*First*, the government argues that the Motion should be denied because it purportedly consumed vast resources in serving 25 trial subpoenas.   Trial continuances regularly occur after witnesses have been subpoenaed, and the problem of notifying the witnesses of a new

DEFENDANTS' REPLY IN SUPPORT OF FIRST JOINT MOTION TO CONTINUE TRIAL

date and confirming their attendance is usually solved through a letter, phone call, or electronic communication.  This claimed hardship constitutes a minor annoyance that can be delegated to administrative staff.   Moreover, in the wake of the unprecedented disruptions of the COVID-19 pandemic, the government cannot plausibly feign surprise that it may need to accommodate trial continuances and the attendant logistics of notifying potential witnesses.  *See* Ex. A at 15:17-19 (for one, the Court reminded counsel that "[w]e are all going to have to be somewhat flexible, even this Court, because of the number of attorneys that are involved in this litigation."); *see also* Chief Judge Larry Burns' Order No. 52C, Extending Renewed Suspension of Jury Trials and Other In-Person Proceedings During Covid-19 Public Emergency (Jan. 13, 2020).  In any case, the government failed to mention any such administrative issues at the January 21 status hearing.

*Second*, the government claims that some of its witnesses will be unavailable for trial due to illness or death.  Opposition at 7-8.  But the government has never previously said anything of the sort, and certainly not at the January 21 hearing, instead claiming that the "witnesses' memories are dimming."  *See* Ex. A at 10: 20-21.  Nonetheless, it is not clear why a trial continuance will prejudice any witness who is *already* unavailable for the November 30 trial because of illness or other complications.  On the contrary, a trial continuance will afford the government additional time to preserve the testimony of these witnesses or work out alternative travel arrangements with them.  In the Opposition, the government represents that it will file a motion to conduct Rule 15 depositions.  *See* Opposition at 7.  The government filed a motion for Rule 15 depositions this morning, which the Defendants will respond to in turn.  *See* Dkt. 242.  The instant requested continuance does nothing to impair the government's ability to seek to preserve such testimony.

*Third*, the government argues that the current trial date was "strategically" set for the benefit of all trial participants to allow the trial to conclude ahead of the holiday season.  But based on the scope and complexity of this case and the number of witnesses that are expected to testify at trial, it is unrealistic that the trial will conclude "in advance of the

DEFENDANTS' REPLY IN SUPPORT OF FIRST JOINT MOTION TO CONTINUE TRIAL

December holiday season." Moreover, Defendants estimate their defense presentation will push trial proceedings well into the Christian-based winter holidays, while the Opposition conveniently ignores that certain non-Christian winter holidays begin earlier in December, *e.g.*, the Hannukah festival.

*Finally*, the government makes much of the fact that Defendants took four months to file the Motion, but critically, does not assert *any* prejudice from the June 11 filing date of the Motion, presumably because there is none to report. The Motion is by no means tardy, nor made on the eve of trial. Indeed, the motion was filed over 5 months before the November 30 trial date, and around the same time that the government produced its 31st tranche of discovery. Defendants brought this motion when it was clear that the Arizona trial date was firm, after the Ninth Circuit's denial of the Petition for a Writ of Mandamus and when the rapidly changing COVID-19 pandemic began to abate. *See* Lincenberg Decl., ¶¶ 7, 13.

In short, any purported prejudice the government claims it will suffer amounts to a trivial inconvenience, can be abated through Rule 15, and is outweighed by the Defendants' Sixth Amendment rights to effective assistance of counsel.

### D.     The Opposition is replete with misstatements and mischaracterizations.

Moreover, as already demonstrated, the government has shown little regard for the accuracy and veracity of its assertions in the Opposition. But the government's misrepresentations are not limited to its incorrect assertion that Defendants "concealed" the November 30 trial date in this matter from Judge Brnovich in the Arizona Case.

For example, the government claims that Mr. Lincenberg vowed that: "when other judges say 'I have to kick your case,' we can tell the judge, 'No. . . We have a trial before Judge Curiel.'" *See* Opposition at 3, 9. This is a gross misrepresentation taken out of context. Mr. Lincenberg's *verbatim* statements are as follows:

> So our thinking was let's at least set a date, and *if we have a date in the calendar in May of 202*2, at least then, when other judges say, "I have to kick your case," we can tell the judge, "No, May of 2022 doesn't work. We have a

trial before Judge Curiel." And at least we will have that date in the books and can make other things have to work around that.

Ex. A at 7:3-8 (emphasis added).

Mr. Lincenberg's comments were made in support of a trial date in May of 2022, not as the government misrepresents. And, as set forth above, he *did* advise the Arizona court of the instant trial date on two separate occasions. *See* Lincenberg Decl., ¶¶ 12, 15.

Elsewhere, the government erroneously indicates that Ms. Bernstein is counsel for Mr. Bychak and omits that *both* she and Mr. Bienert will be unavailable for trial, leaving Mr. Qayyum without either of his trial attorneys. *See* Opposition at 10 ("Whitney Bernstein and David Wiechert represent defendant Bychak, and also represent defendant Larkin in the Arizona case.") (Mr. Wiechert neither represents Mr. Larkin in the Arizona Case nor is his firm even participating in that criminal matter).

The government plays fast and loose with the relevant procedural facts in the Opposition, lobbing one baseless allegation after another at defense counsel, as it irresponsibly attempts to preserve the current trial date, thereby irremediably prejudicing Mr. Pacas and Mr. Qayyum. The Defendants ask that the Court overlook the government's misrepresentations and grant the requested trial continuance as set forth in the Motion.

**E.    Trial continuances based on the ends of justice are excluded from the Speedy Trial clock and trump the public's interest in a speedy trial.**

Finally, as discussed in the initial Motion, each of the factors that a court must consider under 18 U.S.C. § 3161(h)(7) in determining whether the ends of justice are served by a continuance militates for an "ends of justice" continuance. *See* 18 U.S.C. § 3161(h)(7). Denial of the instant continuance request will irreparably prejudice Mr. Qayyum and Mr. Pacas as they will be deprived of their trial counsel of choice, and any substitute counsel will lack the years' experience and familiarity with this complex case that Mr. Bienert, Ms. Bernstein, and Mr. Lincenberg already have. And in any case, Mr. Pacas' and Mr. Qayyum's right to have able and prepared counsel at trial supersedes the public's right to a speedy trial. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("broad discretion must be

granted [to] trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.") (internal cites and quotations omitted); s*ee also Luis v. United States*, 136 S. Ct. 1083, 1085 (2016) (the constitution ensures and protects a criminal defendant's right to retain the counsel of his own choosing); *United States v. Beals*, 755 F. Supp. 2d 757, 762 (S.D. Miss. 2010) (noting the court's prior holding that "the defendant's right to counsel outweighed his and the public's interest in a speedy trial.").

## III.   CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court continue the November 30, 2021 trial date to a date in September of 2022, as set forth in the Motion.

Respectfully submitted,

Dated:  June 23, 2021

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

By: *Whitney Z. Bernstein*
   Thomas H. Bienert, Jr.
   James D. Riddet
   Whitney Z. Bernstein
   *Attorneys for Abdul Mohammed*

Dated:  June 23, 2021

**BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG &
RHOW, P.C.**

By: *Gary S. Lincenberg*
   Gary S. Lincenberg
   Nicole Rodriguez Van Dyk
   Darren L. Patrick
   *Attorneys for Petr Pacas*

1    Dated:  June 23, 2021                **MINTZ, LEVIN, COHN, FERRIS,**
                                          **GLOVSKY AND POPEO, P.C.**
2

3                                         By: *Randy K. Jones*
                                              Randy K. Jones
4                                             *Attorneys for Mark Manoogian*

5

6    Dated:  June 23, 2021                **WIECHERT, MUNK & GOLDSTEIN, PC**

7                                         By: *Jessica C. Munk*
                                              David W. Wiechert
8                                             Jessica C. Munk
                                              *Attorneys for Jacob Bychak*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY IN SUPPORT OF FIRST JOINT MOTION TO CONTINUE TRIAL

**CERTIFICATE OF AUTHORIZATION TO SIGN ELECTRONIC SIGNATURE**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization from Randy K. Jones, Jessica C. Munk, and Gary S. Lincenberg to affix their electronic signatures to this document.

Dated: June 23, 2021              By: *Whitney Z. Bernstein*
                                      Whitney Z. Bernstein

DEFENDANTS' REPLY IN SUPPORT OF FIRST JOINT MOTION TO CONTINUE TRIAL

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Ashley E. Goff
Assistant U.S. Attorney
Email: ashley.goff@usdoj.gov

Sabrina L. Feve
Assistant U.S. Attorney
sabrina.feve@usdoj.gov

Melanie K. Pierson
Assistant U.S. Attorney
melanie.pierson@usdoj.gov

Candina S. Heath
U.S. Department of Justice
Email: candina.heath2@usdoj.gov

Dated:  June 24, 2021                    **BIENERT KATZMAN
LITTRELL WILLIAMS LLP**


By: *Whitney Z. Bernstein*
Whitney Z. Bernstein

DEFENDANTS' REPLY IN SUPPORT OF FIRST JOINT MOTION TO CONTINUE TRIAL