| | |
|---|---|
| **WIECHERT, MUNK & GOLDSTEIN, PC** <br> David W. Wiechert, SBN 94607 <br> Jessica C. Munk, SBN 238832 <br> William J. Migler, SBN 318518 <br> 27136 Paseo Espada, Suite B1123 <br> San Juan Capistrano, CA 92675 <br> Telephone: (949) 361-2822 <br> Email: dwiechert@wmgattorneys.com <br> jessica@wmgattorneys.com <br> william@wmgattorneys.com <br> *Attorneys for Jacob Bychak* | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.** <br> Randy K. Jones, SBN 141711 <br> 3580 Carmel Mountain Road, Suite 300 <br> San Diego, CA 92130 <br> Telephone: (858) 314-1510 <br> Email: rkjones@mintz.com <br><br> *Attorney for Mark Manoogian* |
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP** <br> Thomas H. Bienert, Jr., SBN 135311 <br> James D. Riddet, SBN 39826 <br> Whitney Z. Bernstein, SBN 304917 <br> 903 Calle Amanecer, Suite 350 <br> San Clemente, California 92673 <br> Telephone: (949) 369-3700 <br> Email: tbienert@bklwlaw.com <br> jriddet@bklwlaw.com <br> wbernstein@bklwlaw.com <br><br> *Attorneys for Mohammed Abdul Qayyum* | **BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG RHOW P.C.** <br> Gary S. Lincenberg, SBN 123058 <br> Nicole Rodriguez Van Dyk, SBN 261646 <br> Darren L. Patrick, SBN 310727 <br> 1875 Century Park East, Floor 23 <br> Los Angeles, CA 90067 <br> Telephone: (310) 201-2100 <br> Email: glincenberg@birdmarella.com <br> nvandyk@birdmarella.com <br> dpatrick@birdmarella.com <br><br> *Attorneys for Petr Pacas* |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB BYCHAK, et al., <br><br> Defendants. | Case No. 18-CR-4683-GPC <br> Honorable Gonzalo P. Curiel <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY** <br><br> [Declaration of Jessica C. Munk and attached Exhibits filed concurrently herewith] |

1

DEFENDANTS' MOTION TO COMPEL DISCOVERY

Hearing Date:  August 20, 2021
Hearing Time: 1:00 p.m.
Department:    Courtroom 2D

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendant's instant motion to compel discovery involves the potential intersection of the Fourth Amendment with the theft of Company A's internal documents by a potential state actor and the sharing of those documents, pre-indictment, with the government.

From the government's disclosures, it is incontrovertible that at least one Company A employee unlawfully and surreptitiously fed internal Company A documents and information to a representative of bulk-email watchdog Spamhaus. A Spamhaus representative, designated as a confidential informant by the government, remained enthusiastically engaged during the investigation of Company A and the Defendants. The confidential informant repeatedly updated his FBI handlers regarding Company A's activities and advised them on how best to investigate Company A over more than a five-year period. What remains unclear to the defense is whether the confidential informant forwarded to the FBI internal information and documents cultivated from a Company A fiduciary. It is also uncertain to the defense if any Company A fiduciary, in their separate communications with the FBI, forwarded to the FBI purloined Company A confidential information or documentation. The defense has repeatedly asked the government if either of these occurred through straightforward "yes or no" questions. These inquiries have repeatedly been dodged by government counsel. Instead, the government relayed that the answer to these questions lie in the discovery and emphasized that its case-in-chief will be predicated on evidence obtained through grand jury subpoenas.

A diligent review of the government discovery does not answer the question of what Company A documents made their way into the possession of the government without corporate approval. Moreover, the fact that documents purloined from Company A will not be used in the government's case-in-chief does not constitute a panacea for any Fourth Amendment issues. On the contrary, the government's refusal to identify documents and emphasis on a "clean" case-in-chief raise the specter that the government is concerned about the Fourth Amendment implications of having received Company A material outside of the subpoena process. The government's answers to date are woefully insufficient, necessitating this motion. It ignores both the nature of the exclusionary rule, which suppresses not only improperly seized evidence but all other subsequently obtained evidence derived therefrom, and the panoply of the government's discovery duties to be forthright with all evidence that has any hint of exculpation or otherwise bears on any unlawful conduct by those acting at the behest of the government or its agents.

After repeated communications with the government, Defendants are forced to bring the instant motion under Federal Rule of Criminal Procedure 16 to compel the government to answer whether it indeed has received any pilfered internal Company A documents and, if so, to produce said documents to the defense or identify them by bates-number, as well as detail the circumstances surrounding the government's receipt of this information.

## II.   FACTUAL BACKGROUND

The investigation into Company A and the Defendants has been ongoing since at least 2013 when the government first began to utilize a Spamhaus employee as a confidential informant. Since 2013, this informant has repeatedly communicated with the FBI relating to Company A and its email marketing activities, encouraging the FBI to investigate Company A and lending advice on how to do so. *See* Declaration of Jessica C. Munk ("Munk Dec.") at ¶ 2. In a May 22, 2014 email, the confidential informant confirmed to the FBI that "we've got an anonymous informant [in Company A] sending us a ton of info since September 2013," and asked the FBI "how to possibly bring him on

board as an informant." Munk Dec. at ¶ 3; Exhibit A. FBI Agent Charles Chabalko replied the same day saying, "[t]his would be vital to our investigation if we can bring him aboard. Having an inside person to tie everything together would be extremely helpful." *Id.* Several weeks later, on June 4, 2014, FBI Agent Chabalko emailed the informant to advise him that "I also emailed the anonymous guy that wants to provide information." Munk Dec. at ¶ 4; Exhibit B.

Several years later in a September 27, 2017 email, the Spamhaus confidential informant confirmed that a Company A informant had "sent internal emails implicating various people of doing various things," specifically identifying a Company A attorney and asking FBI Agent Chabalko if the "attorney-client privilege prevent[s] [the agent] from viewing [the emails]" with her copied thereto. Munk Dec. at ¶ 5; Exhibit C.

Because the government's discovery production does not include any follow-ups to this September 27, 2017 email, many critical questions remain unanswered. *Id.* Did the FBI respond to this email? If so, what was the response? And what documents from the Company A informants were provided to the government either directly or through the Spamhaus confidential informant? What date were those documents provided relative to the grand jury investigation into Company A and Defendants?

On June 29, 2021, defense counsel sent a letter to government counsel requesting the government to, *inter alia*, identify all Company A informants, the date(s) when they started supplying the FBI information, and identify all documents and communications in the government's possession that originated with the Company A informant(s). Munk Dec. at ¶ 6. Government counsel responded on July 1, tellingly never denying that the government possessed Company A documents sourced from the Company A informants, but rather only maintaining that the government did not direct the Spamhaus confidential informant to obtain documents from the Company A informants and that the exhibits the government will use in its case-in-chief will be derived from grand jury subpoenas and not the Spamhaus informant. Munk Dec. at ¶ 7. Government counsel indicated further that the answers to our questions could be found in certain discovery tranches. *Id.* The defense has reviewed those tranches and has been unable to determine what Company A material

4

came to the government via a Company A insider. Munk Dec. at ¶ 8. On July 13, 2021, counsel for Mr. Bychak notified the government that after its July 1, 2021 email, "we went back to the discovery and our extensive review of it was unable to answer the simple question – Which [Company A] documents were provided to the government by Spamhaus?" Munk Dec. at ¶ 9. Defense counsel again asked the government to "provide [the Company A] documents [that originated with the Company A informant] to us forthwith, or the bates stamp numbers for those documents if they have already been produced." *Id.* The government again refused to answer this simple question and reiterated any "[Company A] documents that will be introduced in the government's case-in-chief were obtained via grand jury subpoenas." Munk Dec. at ¶ 10.

## III.    LEGAL ARGUMENT

Rule 16(a) of the Federal Rules of Criminal Procedure requires the government to make available upon defendant's request all documents "within the government's possession, custody, or control" that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Rule 16 requires only that the defendant make a threshold showing of materiality. *United States v. Hernandez-Mesa*, 720 F.3d 760, 763 (9th Cir. 2013). Materiality is a "low threshold" satisfied by a presentation of facts which tends to show that the government is in possession of information helpful to the defense. *Id.*; *see also United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) ("Even inculpatory evidence may be relevant. A defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy.").

The government also has separate duties to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *See also* United States Attorneys' Manual ("USAM") § 9-5.001(B) ("Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial."). Under *Brady*, evidence favorable to defendant must be turned over by the prosecutor even if it is not otherwise subject to discovery under Rule 16(a). *Brady*, 373 U.S. at 87.

### A. The Requested Information/Documentation is Highly Material to a Fourth Amendment Challenge

A cursory perusal of even a fraction of the numerous emails between the Spamhaus confidential informant and the FBI would support the conclusion that the informant was a "state actor" for Fourth Amendment purposes. For example, the Spamhaus informant provides regular updates to the FBI as to Company A's activities, forwards the FBI emails Spamhaus received relating to Company A, volunteers to do further investigation into said activities, and provides the FBI with technical advice and know-how regarding email marketing to better assist the FBI's investigation. The Spamhaus confidential informant even weighed in on how the government can defend against Defendants' Motion to Dismiss the Wire Fraud Counts. Munk Dec. at ¶ 2. Such activities fit well within the established framework of a private individual being considered a "state actor" under the Fourth Amendment.[1] *See United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994) (reciting the "two part test" for determining whether a private individual was acting as a "governmental instrument or agent" as "(1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further his own ends.").

The key Fourth Amendment question then is whether the Company A informants and/or the individuals who actually "seized" Company A's internal documentation were operating as "government instrument[(s)] or agent[(s)]" when they purloined internal documents and forwarded them to the government "agent." If that question is answered in the affirmative, Defendants would be entitled to seek suppression of not only the pilfered evidence but also all evidence subsequently derived therefrom as fruits of the poisonous tree. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) ("[T]he exclusionary rule

---

[1] Spamhaus has a history of cooperating with the government. *See* https://www.techrepublic.com/blog/it-security/ddos-strike-on-spamhaus-highlights-need-to-close-dns-open-resolvers/ (noting Spamhaus "works alongside law enforcement agencies like the FBI, email providers, and networks around the world.") last visited on July 26, 2021.

encompasses both the primary evidence obtained as a direct result of an illegal search or seizure and, relevant here, evidence later discovered and found to be derivative of an illegality, the so-called 'fruit of the poisonous tree.'").

However, before the defense can determine whether to pursue this motion, the defense requires delineation of which Company A materials were actually provided to the government outside of the subpoena process, and how and when those materials came into the possession of the government. This information is highly material and its production is mandated under Rule 16(a) and *Brady*.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court order the government to immediately produce to defense counsel the following information and evidence:

(1) Production or identification by bates-number of all documents that came from the Company A informant(s) either directly or through Spamhaus; and

(2) The date(s) when the government received the Company A information/documentation identified in number one above.

Respectfully submitted:

Dated: July 30, 2021         **WIECHERT, MUNK & GOLDSTEIN, PC**

By: *William J. Migler*
David W. Wiechert
Jessica C. Munk
William J. Migler
*Attorneys for Jacob Bychak*

Dated: July 30, 2021         **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: *Randy K. Jones*
Randy K. Jones
*Attorneys for Mark Manoogian*

Dated: July 30, 2021        **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: *Whitney Z. Bernstein*
    Thomas H. Bienert, Jr.
    James D. Riddet
    Whitney Z. Bernstein
    *Attorneys for Mohammed Abdul Qayyum*

Dated: July 30, 2021        **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: *Nicole Rodriguez Van Dyk*
    Gary S. Lincenberg
    Nicole Rodriguez Van Dyk
    Darren L. Patrick
    *Attorneys for Petr Pacas*

**CERTIFICATE OF AUTHORIZATION TO SIGN ELECTRONIC SIGNATURE**

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization from Randy K. Jones, Whitney Z. Bernstein, and Nicole Rodriguez Van Dyk.

Dated: July 30, 2021                    By: s/*Jessica C. Munk*
                                             Jessica C. Munk

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

AUSA Melanie K. Pierson
AUSA Sabrina L. Feve
AUSA Ashley E. Goff
U.S. Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101
melanie.pierson@usdoj.gov
sabrina.feve@usdoj.gov
ashley.goff@usdoj.gov

Candina S. Heath
Department of Justice
1301 New York Avenue NW, Suite 600
Washington, DC 20530
candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2021, at San Juan Capistrano, California.

s/*Jessica C. Munk*
Jessica C. Munk