**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
William J. Migler, SBN 318518
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Email: dwiechert@wmgattorneys.com
         jessica@wmgattorneys.com
         william@wmgattorneys.com
*Attorneys for Jacob Bychak*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, et al.,<br><br>  Defendants. | Case No. 18-CR-4683-GPC<br>Honorable Gonzalo P. Curiel<br><br>**DECLARATION OF JESSICA C. MUNK IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY; EXHIBITS A-C**<br><br>Hearing Date: August 20, 2021<br>Hearing Time: 1:00 p.m.<br>Department:    Courtroom 2D |

### DECLARATION OF JESSICA C. MUNK

I, Jessica C. Munk, declare as follows:

1. I am a principal at the law firm Wiechert, Munk & Goldstein, PC, attorneys of record for defendant Jacob Bychak. I am licensed to practice in the State of California and in the United States District Court for the Southern District of California. I have personal knowledge of the following, and if called to do so, I could competently testify thereto.

2.     The government has made numerous discovery productions to the defense

1
DECLARATION OF JESSICA C. MUNK

during the pendency of the instant case. Discovery production No. 26 contains almost four thousand pages of emails and other documents reflecting the FBI's communications with an employee at Spamhaus denoted by the government as a confidential informant. The government's discovery productions show that since 2013, this informant has repeatedly communicated with the FBI relating to Company A and its email marketing activities, encouraging the FBI to investigate Company A and lending advice on how to do so, volunteers to do further investigation into said activities and provides the FBI with technical advice and know-how regarding email marketing to better assist the FBI's investigation. The Spamhaus confidential informant even weighed in on how the government can defend against Defendants' Motion to Dismiss the Wire Fraud Counts.

3. In a May 22, 2014 email, the confidential informant confirmed to the FBI that "we've got an anonymous informant [in Company A] sending us a ton of info since September 2013," and asked the FBI "how to possibly bring him on board as an informant." FBI Agent Charles Chabalko replied the same day, saying "[t]his would be vital to our investigation if we can bring him aboard. Having an inside person to tie everything together would be extremely helpful." Attached hereto as **Exhibit A** is a redacted[1] true and correct copy of an email thread dated May 22, 2014, Bates-stamp No. Disc26-03283-84, and included within discovery production 26.

4. Several weeks later, on June 4, 2014, FBI Agent Chabalko emailed the informant to advise him that "I also emailed the anonymous guy that wants to provide information." Attached hereto as **Exhibit B** is a redacted true and correct copy of an email dated June 4, 2014, FBI, Bates-stamp No. Disc26-03702 and included within discovery production 26.

5. Several years later in a September 27, 2017 email, the Spamhaus confidential informant confirmed that a Company A informant had "sent internal emails implicating various people of doing various things," specifically identifying a Company A attorney

---

[1] All the attached exhibits have redacted Company A's name along with third party names as requested by the government.

and asking FBI Agent Chabalko if the "attorney-client privilege prevent[s] [the agent] from viewing [the emails]" with her copied thereto. Attached hereto as **Exhibit C** is a redacted true and correct copy of an email thread dated September 27, 2017, Bates-stamp No. Disc26-02119 and included within discovery production 26. The government's discovery production does not include any follow-ups to this September 27, 2017 email.

6. On June 29, 2021, counsel for Defendants sent a letter to the government requesting the government to, *inter alia*, identify all Company A informants, the date(s) when they started supplying the FBI information, and identify all documents and communications in the government's possession that originated with the Company A informant(s).

7. On July 1, 2021, government counsel responded to the letter via email, never denying that the government possessed Company A documents sourced from the Company A informants, but rather only maintaining that the government did not direct the Spamhaus confidential informant to obtain documents from the Company A informants and that the exhibits the government will use in its case-in-chief will be derived from grand jury subpoenas and not the Spamhaus informant. The government indicated further that the answers to our questions could be found in certain discovery tranches.

8. The defense has reviewed the tranches of discovery as referenced by the government and has been unable to determine what Company A material came to the government via a Company A insider.

9. On July 13, 2021, my colleague David Wiechert emailed the government stating, "we went back to the discovery and our extensive review of it was unable to answer the simple question – Which [Company A] documents were provided to the government by Spamhaus?" Mr. Wiechert again asked the government to "provide [the Company A] documents [that originated with the Company A informant] to us forthwith, or the bates stamp numbers for those documents if they have already been produced."

10. On July 15, 2021, the government responded to Mr. Wiechert's July 13, 2021 email and again refused to answer this simple question and reiterated any "[Company A]

documents that will be introduced in the government's case-in-chief were obtained via grand jury subpoenas."

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2021 in San Juan Capistrano, California.

*s/Jessica C. Munk*
Jessica C. Munk