UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18-CR-4683-GPC<br><br>**ORDER DIRECTING GOVERNMENT TO PROVIDE ADDITIONAL MATERIALS TO THE DEFENSE RELATING TO RULE 15 MOTION TO DEPOSE WITNESS**<br><br>[ECF Nos. 242, 253 and 256.] |

On June 23, 2021, the Government filed a Motion to Take Deposition of two witnesses, LWT and SAD, under Federal Rule of Criminal Procedure ("Rule") 15. (ECF No. 242.) Following the filing of the Motion, the Government provided twenty-four redacted email exchanges between the government (agents, prosecutors and support staff) and witness SAD which revealed attempts to subpoena SAD for trial and SAD's position regarding his availability. Thereafter, Defendants filed their response to the Rule 15 Motion which attached eight of the twenty-four emails and expressed no objection to the deposition of LWT but objected to the deposition of SAD on the grounds that the Government had failed to demonstrate exceptional circumstances to take the deposition

1

of SAD. (ECF No. 253.) Further, Defendants challenged the redactions made by the Government in eight of the email exchanges, alleged that the redacted emails referenced other emails or voicemails that had not been produced, and questioned the timing of SAD's claims that his health did not permit him to travel to San Diego for trial.

On July 8, 2021, with the consent of all the Defendants, a telephonic hearing on the Rule 15 Motion was held. Following the arguments of counsel, the Court granted the Rule 15 Motion, in part, as to witness LWT. (ECF No. 254.) The Court instructed the parties to meet and confer as to the time, date, location and means of deposition of LWT. (*Id.*) As to SAD, the Court denied the Motion without prejudice. (*Id.*)

At the July 8, 2021 hearing, the Court further directed the Government to provide *in camera* the unredacted e-mails between Agent Booth and witness SAD that were referenced in the Defendant's Opposition, Exhibits A-H. (*See* ECF No. 253.) In response to this order, the United States submitted, for *in camera* review, twenty-four unredacted email communications between the government (agents, prosecutors and support staff) and witness SAD. (ECF No. 256.) However, the defense only attached eight of the twenty-four emails and did not include the exchanges identified by the Government in Exhibits 1, 3, 5-6, 8-15, 19, 22-24. The defense has not raised objections as to any redactions relating to these sixteen exhibits. As such, this Court's ruling is limited to objections related to Exhibits A-H.

Having reviewed all the documents submitted *in camera* and the case record, the Court **DIRECTS** that the Government produce certain documents that are further discussed *infra* pages 3–4, or show cause no later than August 6, 2021 as to why these documents should remain redacted or withheld.

### Legal Standard on Motion for Deposition Testimony

Rule 15(a) provides in pertinent part: "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the

motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim P. 15(a). A physical disability qualifies as exceptional circumstances, warranting a deposition to preserve the testimony and use it at trial. *See Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981). "[S]evere and chronic" medical issues that impair a witness's mobility qualify as exceptional circumstances. *United States v. McGowan*, 590 F.3d 445, 454 (7th Cir. 2009).

## Discussion

Here, in support of its motion to depose SAD, SAD reportedly advised Agent Booth that he has numerous physical and medical conditions that would make it difficult, if not impossible, to travel to San Diego. (*See* ECF Nos. 253-1 at 20-21.) These maladies are set out and include a compromised immune system, pulmonary lung disease, and a limited mobility to due to knee surgery. (*Id.*) While these conditions would support a finding that exceptional circumstances prevent SAD from traveling to San Diego for trial, there was no reference to these conditions in the early exchanges between SAD and Agent Booth when arrangements to serve SAD with a subpoena were discussed. Instead, SAD initially reported in March 2021 that he was not available on November 30, 2021 due to vacation plans and would not be available until December 13, 2021. (*Id.* at 7.) It was not until May 31, 2021 when SAD reported that he suffered from a compromised immune system and that traveling by plane for six hours would not be good for his health. (*Id.* at 21.) Given this sequence of events, Defendants are concerned that the redactions surrounding the March to May 2021 emails. Exhibits A-H, may evidence coaching by the Government of SAD calculated to produce exceptional circumstances justifying the deposition of SAD.

The Court has conducted its review of the unredacted materials that were furnished to defense counsel. (ECF No. 256.) The Court finds no evidence of coaching in the redacted information. As to the redactions, a number of them conceal the email address of

1  Agent Booth and/or the phone number of SAD. The Court concludes these redactions are
2  proper and finds the defense is not entitled to them. In addition, there are several
3  redactions that remove headers preceding a number of the subject emails which reflect
4  the date and time that Agent Booth forwarded his email communications with SAD to
5  AUSA Pierson and Case Agent Chabalko. While innocuous, the headers do not appear to
6  be discoverable and the Court will not direct the Government to unredact the headers
7  from the furnished documents.

   Next, there are a number of redactions in Defendants' Exhibits A to C which
consist of Agent Booth explaining why he was contacting SAD and attempting to
schedule or reschedule serving a trial subpoena on SAD. The emails appear to provide
context as to the responses that follow. Nothing is apparently sensitive or confidential
about these communications and the Court **DIRECTS** the Government to turn over these
pages which are Bates Stamped as ADCONNION-DISC32-00011, 00016, and 00027, or
show cause why these communications should remain redacted. If the Government elects
to resist the production of these pages, it should file a response to this order to show
cause no later than **August 6, 2021**.

   **IT IS SO ORDERED.**

Dated:  August 3, 2021

                                        Hon. Gonzalo P. Curiel
                                        United States District Judge