**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
William J. Migler, SBN 318518
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Email: dwiechert@wmgattorneys.com
         jessica@wmgattorneys.com
         william@wmgattorneys.com

*Attorneys for Jacob Bychak*


**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
Carlos A. Nevarez, SBN 324407
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Email: tbienert@bklwlaw.com
         jriddet@bklwlaw.com
         wbernstein@bklwlaw.com
         cnevarez@bklwlaw.com

*Attorneys for Mohammed Abdul Qayyum*


**MINTZ, LEVIN, COHN, FERRIS, GLOVSKYAND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1510
Email: rkjones@mintz.com

Daniel J. Goodrich, BBO 692624 (Pro Hac)
Ryan Dougherty, BBO 703380 (Pro Hac)
1 Financial Center
Boston, MA 02111
djgoodrich@mintz.com
rtdougherty@mintz.com

*Attorney for Mark Manoogian*


**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG RHOW P.C.**
Gary S. Lincenberg, SBN 123058
Nicole Rodriguez Van Dyk, SBN 261646
Darren L. Patrick, SBN 310727
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email: glincenberg@birdmarella.com
         nvandyk@birdmarella.com
         dpatrick@birdmarella.com

*Attorneys for Petr Pacas*

DEFENDANTS' MOTION TO COMPEL DISCOVERY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, et al.,<br><br>     Defendants. | Case No. 18-CR-4683-GPC<br>Honorable Gonzalo P. Curiel<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY RELATING TO SPAMHAUS' HISTORY OF COOPERATING WITH GOVERNMENTAL INVESTIGATIONS**<br><br>[Declaration of Jessica C. Munk, Exhibits A-C and Proposed Order filed concurrently herewith]<br><br>**Requesting In-Person Hearing**<br><br>Hearing Date:  October 4, 2021<br>Hearing Time: 1:00 P.M.<br>Department:     Courtroom 2D |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

The discovery in this case has revealed that a primary mover behind the government's investigation and prosecution of Defendants is the Spamhaus Project ("Spamhaus"), the international organization dedicated to its idee fixe of policing commercial email. Spamhaus has provided considerable assistance, information, and resources to the government in this case such as educating the government regarding IP netblocks, updating the government as to Company A's emailing activity, and compiling an intelligence agency-style dossier of Company A employees. The government and Spamhaus are so joined at the hip that the government sees fit to forward the Spamhaus

informant Defendants' motions for input.

A critical component of Spamhaus' assistance, and the focus of the instant motion, is Spamhaus' encouraging a Company A insider to purloin confidential internal Company A documents and then subsequently forwarding these documents to the FBI. Defendants intend to make a Fourth Amendment challenge to suppress these documents, which will correspondingly require Defendants to show that Spamhaus is a "state actor" – that the purloining of the internal documents was either done at the direction of the government or with the government's acquiescence.

The chummy relationship between Spamhaus and the government in the instant case is not the two parties' first dalliance. The public record reflects several other collaborations since at least 2006 where Spamhaus assisted the government in other criminal investigations, which indicates that Spamhaus has aided the government in many other instances that were not made public. At the last hearing, the government referenced the fact that the Spamhaus informant in this case is involved in numerous investigations with the government, the details of which the government has not produced to the Defendants. Evidence elaborating on similar instances of Spamhaus providing a similar level of information and/or swiped internal documents as present in this case would provide abundant grist to Defendants' argument that the government acquiesced to the purloining of Company A's confidential documents. In other words, such evidence would be highly material to Defendants' anticipated Fourth Amendment challenge and thus fall within the ambit of Federal Rule of Criminal Procedure 16.

The government has been asked but has refused to provide Defendants with information and documents reflecting all instances in which Spamhaus has assisted federal agencies in other matters. Defendants accordingly move the Court under Rule 16 to order the government to provide all documents and information relating to all other occasions of Spamhaus aiding the government in any investigation or prosecution related to violations of the CAN-SPAM Act or other federal statutes.

DEFENDANTS' MOTION TO COMPEL DISCOVERY

## II.   FACTUAL BACKGROUND

### A.   Spamhaus' History of Cooperating with Government Per Publicly Available Information

Spamhaus was founded in 1998. In 2006, former FBI Assistant Deputy Director Steve Martinez cited a partnership between the FBI and Spamhaus in his testimony to Congress, noting in 2005 "the FBI and United States Postal Inspection Service teamed up with several industry groups such as ... the Spamhaus Project" to create a website that taught laypersons how to avoid being a victim of cybercrimes. *March 6, 2006 Testimony of Steven M. Martinez before the House Committee on Small Business Regulatory Reform and Oversight Subcommittee*, FBI.GOV, https://archives.fbi.gov/archives/news/testimony/small-business-cyber-security (last accessed September 9, 2021).

Between 2006 and 2008, the FBI investigated and enacted a sting operation against the principals of DarkMarket, an online marketplace dedicated to the buying and selling of stolen credit card data. Elinor Mills, *Q&A: FBI agent looks back on time posing as a cybercriminal*, CNET, https://www.cnet.com/tech/services-and-software/q-a-fbi-agent-looks-back-on-time-posing-as-a-cybercriminal/, (June 29, 2009, 4:13 P.M.). Spamhaus aided in these efforts by creating a fictitious spam profile for one FBI Special Agent J. Keith Mularski, labeling him as a top spammer so as to give Agent Mularski "street cred" to infiltrate DarkMarket. *Id.* Evidencing a significant level of coordination between Spamhaus and the FBI, this profile was taken down just hours after news reports of the sting were published. Kevin Poulsen, *Did Anti-Spam Group Create a Backstory for DarkMarket's Undercover Fed?*, WIRED, https://www.wired.com/2008/10/did-anti-spam-g/ (Oct. 14, 2008, 1:36 P.M.).

In 2011, the FBI investigated a cyber ring that sought to infect millions of devices with malware which manipulated internet advertising systems to generate more than $14 million in fees for the targeted suspects. After the arrest of six Estonian nationals involved in this plot, the U.S. Attorney for the Southern District of New York lauded the cooperation of several entity partners, including Spamhaus, with Spamhaus helping the government by monitoring the DNS servers which were being affected by the defendants'

fraudulent activities. *See Operation Ghost Click*, FBI.GOV, https://www.fbi.gov/news/stories/internati onal-cyber-ring-that-infected-millions-of-computers-dismantled, (Nov. 9, 2011); *FBI Agent Thomas X. Grasso Receives First J.D. Falk Award for Establishing DNS Changer Working Group and Protecting End-Users*, M3AAWG.ORG, https://www.m3aawg.org/ news/fbi-agent-thomas-x-grasso-receives-first-jd-falk-award-for-establishing-dns-changer-working, (Oct. 25, 2012).

In 2015, an administrator of a botnet[1] known as "Bugat" was arrested and charged with conspiracy to distribute malware designed to steal confidential and personal information. The FBI cited Spamhaus as a partner in the investigation in their press release announcing the arrest. *Bugat Botnet Administrator Arrested and Malware Disabled*, FBI.GOV, https://www.fbi.gov/contact-us/field-offices/pittsburgh/news/press-releases/bugat-botnet-administrator-arrested-and-malware-disabled, (Oct. 13, 2015).

Defendants previously moved the Court to order the government to identify all documents in its possession which were forwarded from the Company A informant, via Spamhaus. Dkt. No. 257. At the hearing on this motion, government counsel indicated that the Spamhaus informant "is not just corresponding with the FBI agent here, but also with the FBI agents in other offices." *See* Declaration of Jessica C. Munk ("Munk Dec.") at ¶ 2, Exhibit A.

**B.     Spamhaus' Assistance to the Government in this Case**

The investigation into Company A and Defendants has been ongoing since at least 2013 when the government first began to utilize a Spamhaus employee as a confidential informant. Since 2013, this informant has repeatedly communicated with the FBI relating to Company A and its email marketing activities, encouraging the FBI to investigate Company A and lending advice on how to do so. In a May 22, 2014 email, the confidential informant confirmed to the FBI that "we've got an anonymous informant [in Company A] sending us a ton of info since September 2013," and asked the FBI "how to possibly bring him on board as an informant." *See* Dkt. No. 257-3 at p. Disc26-03284.

---

[1] A "botnet" is a collection of internet-enabled devices running bots, scripted computer programs performing specified actions, controlled by a single entity.

DEFENDANTS' MOTION TO COMPEL DISCOVERY

FBI Agent Charles Chabalko replied the same day, saying "[t]his would be vital to our investigation if we can bring him aboard. Having an inside person to tie everything together would be extremely helpful." *Id.* at p. Disc26-03283. Several weeks later, on June 4, 2014, FBI Agent Chabalko emailed the informant to advise him that "I also emailed the anonymous guy that wants to provide information." *See* Dkt. No. 257-4.

Several years later in a September 27, 2017 email, the Spamhaus confidential informant confirmed that a Company A informant had "sent internal emails implicating various people of doing various things," specifically identifying a Company A attorney and asking FBI Agent Chabalko if the "attorney-client privilege prevent[s] [the agent] from viewing [the emails]" with her copied thereto. *See* Dkt. No. 257-5. The Spamhaus informant concludes the email stating "[h]opefully you will be interviewing them [the Company A informant] at some point anyway." *Id.*

Defendants previously moved the Court to order the government to identify all documents in its possession which were forwarded from the Company A informant, via Spamhaus. Dkt. No. 257. Soon after this motion was filed, on August 12, 2021 the government made its 40th document production to the defense, which included an FBI 302 whereby the government attempts to rewrite history and distance itself from the Spamhaus informant's lengthy cooperation with the government, stating the Spamhaus informant was not "officially a CHS for the FBI until 10/12/18." Munk Dec. at ¶ 3, Exhibit B. This 302 is contrary to the numerous 302s provided by the government in discovery dated 2013 and 2014 hereby the Spamhaus informant is clearly identified as CHS (S-0009118). *Id.* Also, after Defendants filed their prior motion to compel discovery related to the Spamhaus informant, the government on August 6, 2021 produced over 1,800 pages of additional discovery. Included in this production was a dossier from the Spamhaus informant, which was given to the government in June of 2014. The dossier contained *Brady* material helpful to the defense, and it was not produced until after the defense filed its July 30, 2021 motion to compel discovery. *Id.* at ¶ 4.

On August 20, 2021, the Court granted Defendants' Motion to Compel Discovery in part and ordered the government to have the Spamhaus informant identify which

documents he provided to the government that came from the Company A informant. Dkt. No. 275. On August 25, 2021, government counsel sent the defense a letter delineating which documents the Company A informant gave to Spamhaus. Munk Dec. at ¶ 5.

In a recent document production, the government produced emails from August 2021 between the FBI and the Spamhaus informant showing that the informant assisted the government in circumventing the attorney-client privilege in those documents taken from Company A. Specifically, the informant provided documents containing summaries of various emails and explaining that "I found the C[] Y[] email documents, and to avoid any potential attorney/client privilege issues (even though they were sent voluntarily by Y[] and not by their attorney herself), I will only provide the headers of the emails as well as a summary of the contents to provide some context."[2] Munk Dec. at ¶ 6, Exhibit C.

On August 25 and 26, 2021, defense counsel asked the government to provide all documents and information relating to Spamhaus assisting the government in other investigations or prosecutions apart from the instant case relating to potential violations of the CAN-SPAM Act and other federal statutes. Munk Dec. at ¶ 7. On August 26, 2021, the government declined to do so. *Id.*

## III.   LEGAL ARGUMENT

### A.   Rule 16 Standard

Rule 16(a) of the Federal Rules of Criminal Procedure requires the government to make available upon defendant's request all documents "within the government's possession, custody, or control" that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Rule 16 requires only that the defendant make a threshold showing of materiality. *United States v. Hernandez-Mesa*, 720 F.3d 760, 763 (9th Cir. 2013). Materiality is a "low threshold" satisfied by a presentation of facts which tends to show that the government is in possession of information helpful to the defense. *Id.*; *see also United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) ("Even inculpatory

---

[2] This email raises 5th and 6th Amendment concerns as well.

evidence may be relevant. A defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy.").

The government also has separate duties to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *See also* Justice Manual ("JM") § 9-5.001(B) ("Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial."). Under *Brady*, evidence favorable to defendant must be turned over by the prosecutor even if it is not otherwise subject to discovery under Rule 16(a). *Brady*, 373 U.S. at 87.

### B.   The Requested Information/Documentation is Highly Material to a Fourth Amendment Challenge

The key Fourth Amendment question here is whether the Company A informant(s), the individual(s) who actually "seized" Company A's internal documentation, were operating as "government instrument[(s)] or agent[(s)]" when they purloined internal documents and forwarded them to the government "agent", *i.e.* the Spamhaus confidential informant, or provided them directly to the FBI. If that question is answered in the affirmative, Defendants would be entitled to seek suppression of not only the pilfered evidence, but all evidence subsequently derived therefrom as fruits of the poisonous tree. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) ("[T]he exclusionary rule encompasses both the primary evidence obtained as a direct result of an illegal search or seizure and, relevant here, evidence later discovered and found to be derivative of an illegality, the so-called 'fruit of the poisonous tree.'").

As the Court recognized in its previous discovery-related order, Dkt. No. 275, the Spamhaus informant's interactions with the government and the Company A insider are relevant to a potential Fourth Amendment challenge. A corollary then is that Spamhaus' overall history of interacting with and assisting the government in other investigations into commercial email companies and individuals is relevant because such a course of conduct would tend to show the government acquiescing to Spamhaus' intrusive conduct and Spamhaus' intent to assist in investigating and prosecuting commercial email

companies. *See United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994) (reciting the "two part test" for determining whether a private individual was acting as a "governmental instrument or agent" as "(1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further his own ends.").

Defendants are not speculating or partaking in a fishing expedition on this point because, by the government's own admission, the Spamhaus informant here is "not just corresponding with the FBI agent here (*i.e.* on this case), but also with FBI agents in other offices." Munk Dec. at ¶ 2, Exhibit A at 8:23-9:1. Evidence of a private party's continuing collaboration with government investigations has been held to render that private party a "state actor" for Fourth Amendment purposes. *See United States v. Walther*, 652 F.2d 788, 790 (9th Cir. 1981) (holding that an airline employee was a "state actor" given he had provided information to the DEA on eleven previous occasions, received payments ranging from $25 to $800, and because the DEA maintained a confidential informant file for the employee).

This information is thus highly material to the defense and can certainly be the basis of a subsequent motion to suppress with potentially materially favorable consequences for the Defendants. Thus, discovery is mandated under Rule 16(a) and *Brady*. *See United States v. Soto-Zuniga*, 837 F.3d 992, 1000-02 (9th Cir. 2016) (holding that the district court abused its discretion by not compelling discovery material to defendant's Fourth Amendment challenge pursuant to Rule 16).

## IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court order the government to immediately produce to defense counsel all documents and information relating to Spamhaus interacting with and assisting the government in investigations and prosecutions related to violations of the CAN-SPAM Act or other federal statutes apart from the instant case.

//

//

DEFENDANTS' MOTION TO COMPEL DISCOVERY

Respectfully submitted:

Dated:  September 20, 2021        **WIECHERT, MUNK & GOLDSTEIN, PC**

By: *William J. Migler*
    David W. Wiechert
    Jessica C. Munk
    William J. Migler
    *Attorneys for Jacob Bychak*

Dated:  September 20, 2021        **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: *Randy K. Jones*
    Randy K. Jones
    *Attorneys for Mark Manoogian*

Dated:  September 20, 2021        **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: *Whitney Z. Bernstein*
    Thomas H. Bienert, Jr.
    James D. Riddet
    Whitney Z. Bernstein
    Carlos A. Nevarez
    *Attorneys for Mohammed Abdul Qayyum*

Dated:  September 20, 2021        **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: *Nicole Rodriguez Van Dyk*
    Gary S. Lincenberg
    Nicole Rodriguez Van Dyk
    Darren L. Patrick
    *Attorneys for Petr Pacas*

DEFENDANTS' MOTION TO COMPEL DISCOVERY

**CERTIFICATE OF AUTHORIZATION TO SIGN ELECTRONIC SIGNATURE**

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization from Randy K. Jones, Whitney Z. Bernstein, and Nicole Rodriguez Van Dyk.

Dated: September 20, 2021                    By: s/*Jessica C. Munk*
                                                 Jessica C. Munk

DEFENDANTS' MOTION TO COMPEL DISCOVERY

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

AUSA Melanie K. Pierson
AUSA Sabrina L. Feve
AUSA Ashley E. Goff
U.S. Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101
melanie.pierson@usdoj.gov
sabrina.feve@usdoj.gov
ashley.goff@usdoj.gov

Candina S. Heath
Department of Justice
1301 New York Avenue NW, Suite 600
Washington, DC 20530
candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2021, at San Juan Capistrano, California.

s/*Jessica C. Munk*
Jessica C. Munk