RANDY S. GROSSMAN
Acting United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
CA Bar Nos.: 112520 & 226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov
Email:Sabrina.Feve@usdoj.gov

KENNETH A. POLITE, JR.
Assistant Attorney General
DOJ Criminal Division
CANDINA S. HEATH
Senior Counsel
TX Bar No: 09347450
1301 New York Ave. NW
Washington, DC 20530
Tel: (202) 307-1049
Email:Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>MOHAMMED ABDUL QAYYUM (3),<br>PETR PACAS (4),<br><br>　　　　　Defendants. | Case No. 18cr4683-GPC<br><br>**STIPULATION REGARDING THE<br>(1) ADMISSIBILITY OF DEPOSITIONS,<br>(2) AUTHENTICITY OF EXHIBITS, AND<br>(3) CONTINUANCE OF TRIAL DATE AND<br>RELATED DEADLINES** |

　　Plaintiff United States of America, by and through its counsel of record, and Defendants, both individually and by and through their respective counsel of record, hereby agree as follows:

　　1.　The government and the defense, with the express consent of each defendant, (together the "Parties") stipulate that the deponents LWT and SAD, witnesses for the government, are unable to appear and testify at the trial in this case due to medical infirmity, and that the digital recordings and the certified transcripts of the depositions, subject to the court's rulings on the objections propounded during the

depositions, are true and authentic depictions of the testimony of the deponents.

2.   The Parties agree that the depositions were conducted in accordance with the Court's orders and direction (Docket 254 and 275) and in compliance with the Federal Rule of Criminal Procedure 15.  The Parties stipulate that during the depositions, each defendant was adequately represented by counsel. By their signatures below, each defendant represents that they understood their rights to be present at the depositions, and voluntarily waived those rights.

3.   The defense is willing to enter into stipulations regarding the authenticity of records from any reliable source pursuant to the Federal Rules of Evidence (FRE), including FRE 902(11) and (13), subject to the government first showing any particular exhibit to defense counsel so that defense counsel can review the particular exhibits prior to finalizing a stipulation to the particular document. Reliable sources may include but are not limited to ARIN, AT&T, Cogent, Company A, Earth Class Mail, Frontline Direct, GetAds, GoDaddy, Hostwinds, PayPal, Telic, and Yahoo. The admissibility of such exhibits is subject nonetheless to the Court's rulings on any objections not related to authenticity.

4.   Defendants were indicted in this case on October 31, 2018, and are out of custody on bond.  On January 21, 2021, the Court set the first trial date in this case for November 30, 2021, and a motions *in limine* date for November 18, 2021.

5. The government estimates that its case-in-chief in this matter will last approximately 10-15 court days. The defense estimates that its case will last approximately 5 court days.

6. By this stipulation, the Parties agree to move to continue the trial date to May 24, 2022, and the motions *in limine* date to Spring 2022. This is the first joint request for a trial continuance.

7. Defendants request the continuance based upon the following facts, which the Parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendants are charged with a violation of 18 U.S.C. § 371: Conspiracy to violate the Wire Fraud statute and the CAN-SPAM Act; 18 U.S.C. §1343: Wire Fraud; and 18 U.S.C. §1037(a)(5): Electronic Mail Fraud.

   b. The Court has found this case to be complex and there are legal issues of first impression.

   c. To date, the government has produced almost 2,000,000 pages of discovery, and the government continues to produce discovery pursuant to its continuing duty to disclose (Federal Rule of Criminal Procedure 16(c)).

   d. Accordingly, additional time is necessary for counsel to confer with Defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review discovery and potential evidence in this case, pursue pretrial negotiations with the government, and prepare for trial in the event a pretrial resolution

Stipulation Regarding the (1) Admissibility of Depositions, (2) Admissibility of Authenticity of Exhibits, and (3) Continuance of Trial Date and Related Deadlines

18cr4683-GPC
pg. 3

does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective representation, taking into account the exercise of due diligence.

8. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

9. For purposes of computing the date under the Speedy Trial Act by which Defendants' trial must commence, the parties agree that the time period from November 30, 2021 through May 24, 2022, inclusive, should be excluded under pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at each Defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) this case is so complex given the nature of the prosecution and existence of novel questions of fact and law that it is unreasonable to expect adequate preparation for trial; and (iv) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS October 1, 2021.

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

/s/Melanie K. Pierson
Assistant United States Attorney

/s/Sabrina L. Feve
Assistant United States Attorney

KENNETH A. POLITE, JR.
Assistant Attorney General

/s/Candina S. Heath
Senior Counsel
Computer Crime and Intellectual Property Section
Department of Justice, Criminal Division

AGREED:

/s/Jacob Bychak
Defendant

/s/Jessica C. Munk
David W. Wiechert
Jessica C. Munk
William J. Migler
Wiechert, Munk, & Goldstein, PC
*Attorneys for Defendant Jacob Bychak*

/s/Mark Manoogian
Defendant

/s/Randy K. Jones
Randy K. Jones
Mintz, Levin, Cohn, Ferris, Glovsky, & Popeo, PC
*Attorney for Defendant Mark Manoogian*

/s/Mohammed Abdul Qayyum
Defendant

/s/Whitney Z. Bernstein
Thomas H. Bienert, Jr.
James D. Riddet
Whitney Z. Bernstein
Carlos A. Nevarez
Bienert, Katzman, Littrell, & Williams, LLP
*Attorneys for Defendant Mohammed Abdul Qayyum*

/s/Petr Pacas
Defendant

/s/Nicole Rodriguez Van Dyk
Gary S. Lincenberg
Nicole Rodriguez Van Dyk
Darren L. Patrick
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg, & Rhow, PC
*Attorneys for Defendant Petr Pacas*

**CERTIFICATE OF AUTHORIZATION TO SIGN ELECTRONIC SIGNATURE**

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the contents of the document are acceptable to counsel for the government and for the defendants, and that I have obtained authorization to sign electronically for Melanie K. Pierson, Sabrina L. Feve, Jessica C. Munk, Randy K. Jones, Whitney Z. Bernstein, and Nicole Rodriguez Van Dyk.  Additionally, Jessica C. Munk, Randy K. Jones, Whitney Z. Bernstein, and Nicole Rodriguez Van Dyk advised me that the contents of the document are acceptable to their clients, and granted me authorization to sign electronically for their respective clients.

Dated: October 1, 2021.

/s/Candina S. Heath
Senior Counsel
Computer Crime and Intellectual Property Section
Department of Justice, Criminal Division

**CERTIFICATE OF SERVICE**

On this date, I hereby certify that this document was served on all counsel of record by electronically filing this document with of the Clerk of the District Court using its ECF System, which electronically notifies them of the filing.

Dated: October 1, 2021.

/s/Candina S. Heath
Senior Counsel
Computer Crime and Intellectual Property Section
Department of Justice, Criminal Division