| | |
|---|---|
| **WIECHERT, MUNK & GOLDSTEIN, PC**<br>David W. Wiechert, SBN 94607<br>Jessica C. Munk, SBN 238832<br>27136 Paseo Espada, Suite B1123<br>San Juan Capistrano, CA 92675<br>Telephone: (949) 361-2822<br>Email: dwiechert@aol.com<br>         jessica@wmgattorneys.com<br><br>*Attorneys for Jacob Bychak* | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**<br>Randy K. Jones, SBN 141711<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130<br>Telephone: (858) 314-1510<br>Email: rkjones@mintz.com<br><br>Daniel J. Goodrich, BBO 692624 (Pro Hac)<br>Ryan Dougherty, BBO 703380 (Pro Hac)<br>1 Financial Center<br>Boston, MA 02111<br>djgoodrich@mintz.com<br>rtdougherty@mintz.com<br><br>*Attorneys for Mark Manoogian* |
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP**<br>Thomas H. Bienert, Jr., SBN 135311<br>James D. Riddet, SBN 39826<br>Whitney Z. Bernstein, SBN 304917<br>Carlos A. Nevarez, SBN 324407<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone: (949) 369-3700<br>Email: tbienert@bklwlaw.com<br>         jriddet@bklwlaw.com<br>         wbernstein@bklwlaw.com<br>         cnevarez@bklwlaw.com<br><br>*Attorneys for Mohammed Abdul Qayyum* | **BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG RHOW P.C.**<br>Gary S. Lincenberg, SBN 123058<br>Nicole Rodriguez Van Dyk, SBN 261646<br>Darren L. Patrick, SBN 310727<br>Alexis A. Wiseley, SBN 330100<br>1875 Century Park East, Floor 23<br>Los Angeles, CA 90067<br>Telephone: (310) 201-2100<br>Email: glincenberg@birdmarella.com<br>         nvandyk@birdmarella.com<br>         dpatrick@birdmarella.com<br>         awiseley@birdmarella.com<br><br>*Attorneys for Petr Pacas* |

Case No. 18-CR-4683-GPC

DEFENDANTS' PROPOSAL REGARDING THE SCOPE OF THE IN CAMERA HEARING

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, *et al.*,<br><br>    Defendants. | Case No. 18-CR-4683-GPC<br>Honorable Gonzalo P. Curiel<br><br>**DEFENDANTS' PROPOSAL REGARDING THE SCOPE OF THE IN CAMERA HEARING INVOLVING SPECIAL AGENT CHABALKO**<br><br>Date:  January 21, 2021<br>Time:  2:30 p.m.<br>Dept.: 2D |

On November 18, 2021, the Court held a hearing on Defendants' Supplemental Memorandum of Points and Authorities in Support of their Motions for Reconsideration and to Compel (the "Supplemental MPA").[1]  At the hearing, defense counsel highlighted for the Court evidence demonstrating that: (1) the Spamhaus Informant viewed certain internal Company A emails as potentially privileged, yet conveyed the information in those emails—*with the caveat that it may be privileged*—

---

[1] Undefined terms have the meanings ascribed to them in the Supplemental MPA. (*See* Dkt. 295.)  Exhibits are to the under seal Van Dyk Declaration (Dkt. 298) and Supplemental Van Dyk Declaration (Dkt. 312).

to Agent Chabalko anyway (*see, e.g.*, Exs. 12 & 13); (2) the Spamhaus Informant has a pattern of reviewing search terms in Spamhaus's ROKSO database and sharing that information—*including the search terms used by defense attorneys*—with Agent Chabalko, who never told him to stop (*see, e.g.*, Exs. 24 & 29); and (3) the frequency and nature of the communications between Agent Chabalko and the Spamhaus Informant, together with the Government's recent disclosure of a 2016 joint PowerPoint presentation involving Agent Chabalko and the Spamhaus Informant, indicates a close relationship that bears on Defendants' claim that the Spamhaus Informant is a state actor (*see, e.g.*, Exs. 2 & 32).

In light of this evidence, the Court noted that Defendants "identif[ied] a possible, viable theory" relevant to their defense, and scheduled a January 21, 2022 evidentiary hearing involving Agent Chabalko. (11/18/2021 Tr. 71:18, 72:13-14.) Under settled Ninth Circuit law requiring only a "minimal threshold showing" of "relevan[ce] and helpful[ness]," evidence unearthed at the January 21, 2022 hearing could lead to further discovery concerning the Spamhaus Informant. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000), *as amended* (Mar. 5, 2001) ("[A] district court must hold an in camera hearing whenever the defendant makes a 'minimal threshold showing' that disclosure would be relevant to at least one defense," as it "poses 'little risk of disclosing the identity of the informant' and may provide many of the same benefits as disclosure itself, especially when defense counsel may participate.")[2]

---

[2] Indeed, once a defendant has made such a showing, "there is ordinarily **no governmental interest** to balance against the defendant's [*sic*] in deciding whether to hold an in camera hearing." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (emphasis added) (ordering in camera hearing, explaining that it is "favored procedure" where information may be "relevant and helpful" because it "provide[s] many of the same benefits as disclosure itself, particularly where defendant's counsel is allowed to participate," "bears little risk of disclosing the identity of the informant and does not jeopardize the government's future use of that individual."); *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993) (ordering in camera

The Court explained that "the only question" as to the January 21, 2022 evidentiary hearing is "the scope of the hearing." (11/18/2021 H'rg Tr. at 72:15-16.) As explained below, Defendants propose that the evidentiary hearing encompass two issues: *first*, the invasion of the attorney-client privilege and defense camp in this case and, *second*, the interrelationship between Agent Chabalko and the Spamhaus Informant as it relates to Defendants' anticipated motion to suppress.

### 1. Proposed Scope of the January 21, 2022 Evidentiary Hearing.

<u>The Invasion of the Attorney-Client Privilege & Defense Camp</u>. The Court expressed concern about the Spamhaus Informant, "given what we have learned about his zeal for investigations, and specifically investigations involving these defendants, which led the government then to go to their professional responsibility advisor to learn what steps they should take in response to information that had been brought to their attention." (11/18/2021 Tr. 68:1-8.)

Consistent with the Court's concern, as well as case law permitting discovery "to show that the FBI had knowledge of and encouraged [a] pattern of … activity" and "acquiesced in such activity," *United States v. Wolfenbarger*, No. 16-CR-00519-LHK-1, 2018 WL 4913753, at *4 (N.D. Cal. Oct. 10, 2018), "the thoroughness of the Government's investigation," *United States v. Chen*, No. 17-CR-00603-BLF-1, 2021 WL 2662116, at *11 (N.D. Cal. June 29, 2021), and "the software application[s] used by the Government," *United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012), Defendants propose the following topics for the January 21, 2022 evidentiary hearing:

- The Government's direction, knowledge of, and/or acquiescence in, the Spamhaus Informant's receipt and provision to the Government of potentially privileged documents;

- The Government's direction, knowledge of, and/or acquiescence in, the

---

hearing, explaining that "[t]he district court … must hold such a hearing where the defendant has shown that the information would be 'relevant and helpful'"). Defendants have asked the Court to conduct such a hearing in light of the Court's tentative ruling on Defendants' Motions. (*See* 11/18/2021 H'rg Tr. 66:22-24.)

Spamhaus Informant's invasion of the defense camp;

- The Government's failure to follow its policies and procedures related to the handling of privileged, work product, and/or confidential information; and

- The Government's use of the law enforcement portal in Spamhaus's ROKSO database or any other Spamhaus resources to invade the defense camp or investigate the Defendants and charges in this case.

<u>The Interrelationship Between Agent Chabalko and the Spamhaus Informant</u>. The Court likewise expressed the need to "learn a little bit more about the relationship between the agent and the Spamhaus informant," given the Government's recent disclosure of the 2016 joint PowerPoint presentation between the Spamhaus Informant and Agent Chabalko (*see* Ex. 32), which counsel for the Government only learned about in the course of responding to Defendants' Supplemental MPA and disclosed to Defendants on October 29, 2021—three years after its indictment. (11/18/2021 H'rg Tr. 67:1-11.)  To that end, Defendants propose the following topics concerning the interrelationship between Agent Chabalko and the Spamhaus Informant for the January 21, 2022 evidentiary hearing:

- Interactions between Agent Chabalko and the Spamhaus Informant, and Agent Chabalko's memorialization of, or failure to memorialize, such interactions;

- Materials created by or in collaboration with the Spamhaus Informant relating to the Defendants and charges in this case, including any memoranda, presentations, reports or any other form of work product;

- Information obtained from the Spamhaus Informant relating to Company A, Defendants, and persons or entities connected to them, including the Spamhaus Informant's source of such information;

- Documents and communications concerning the Spamhaus Informant, Spamhaus, contacting potential witnesses (including, but not limited to, CY, ANON-1 and/or the Company A informant), and/or investigative strategy involving Spamhaus or the Spamhaus Informant in connection with this case;

- Agent Chabalko's knowledge of the history of the Spamhaus Informant's activities in conjunction with law enforcement, and of the interaction between Spamhaus and law enforcement;

- Agent Chabalko's training and experience relating to confidential informants; and

- The Government's failure to follow its policies and procedures related to the handling of confidential informants.

Relatedly, the Court ordered the Government to obtain and review the FBI's confidential informant file for the Spamhaus Informant, as well as any "internal summary reports relating to [Agent] Chabalko and the Spamhaus informant's interrelationship." (11/28/2021 H'rg Tr. 74:9-15, 75:7-16.) To the extent that the Government discloses any new documents or information (and to the extent not already encompassed by the topics above), Defendants propose that the January 21, 2022 evidentiary hearing address the newly disclosed evidence.

## 2.     Proposed Length of the January 21, 2022 Evidentiary Hearing.

Defendants propose that the Court allot three hours for the evidentiary hearing with Agent Chabalko, subject to an extension of time based upon a showing of good cause by the parties.

Respectfully submitted,

Dated: December 3, 2021          **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERT & RHOW, P.C.**

By: *s/ Nicole Rodriguez Van Dyk*
Nicole Rodriguez Van Dyk
Gary S. Lincenberg
Darren L. Patrick
Alexis A. Wiseley
*Attorneys for Petr Pacas*

Dated: December 3, 2021          **WIECHERT, MUNK & GOLDSTEIN, PC**

By: *s/ Jessica C. Munk*
Jessica C. Munk
David W. Wiechert
*Attorneys for Jacob Bychak*

Dated: December 3, 2021          **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: *s/ Whitney Z. Bernstein*
Whitney Z. Bernstein
Thomas H. Bienert, Jr.
James D. Riddet
Carlos A. Nevarez
*Attorneys for Mohammed Abdul Qayyum*

Dated: December 3, 2021          **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: *s/ Randy K. Jones*
Randy K. Jones
Daniel J. Goodrich (Pro Hac)
Ryan Dougherty (Pro Hac)
*Attorneys for Mark Manoogian*

**CERTIFICATE OF AUTHORIZATION
TO SIGN ELECTRONIC SIGNATURE**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for Defendants and that I have obtained authorization from Jessica C. Munk, Whitney Z. Bernstein and Randy K. Jones to affix their electronic signatures to this document.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: December 3, 2021 | /s *Nicole R. Van Dyk* |
|  | Nicole R. Van Dyk<br>Gary S. Lincenberg<br>Darren L. Patrick<br>Alexis A. Wiseley |
|  | Bird, Marella, Boxer, Wolpert, Nessim,<br>Drooks, Lincenberg & Rhow, P.C.<br>*Attorneys for Defendant Petr Pacas* |

# CERTIFICATE OF SERVICE

Counsel for Defendants certify that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

> AUSA Melanie K. Pierson
> AUSA Sabrina L. Feve
> AUSA Ashley E. Goff
> U.S. Attorney's Office
> 880 Front Street, Rm 6293
> San Diego, CA 92101
> melanie.pierson@usdoj.gov
> sabrina.feve@usdoj.gov
> ashley.goff@usdoj.gov
>
> Candina S. Heath
> Department of Justice
> 1301 New York Avenue NW, Suite 600
> Washington, DC 20530
> candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

DATED: December 3, 2021          /s *Nicole R. Van Dyk*

Nicole R. Van Dyk
Gary S. Lincenberg
Darren L. Patrick
Alexis A. Wiseley

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.
*Attorneys for Defendant Petr Pacas*