RANDY S. GROSSMAN
Acting United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB BYCHAK et. al., <br><br> Defendants. | Case No. 18cr4683-GPC <br><br> **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' PROPOSAL REGARDING THE SCOPE OF THE *IN CAMERA* HEARING** |

## I.
## INTRODUCTION

The three-hour adversarial evidentiary hearing with the case agent sought by defendants is inappropriate and unwarranted. Defendants seeking disclosure of a confidential informant's identity bear the burden of "demonstrat[ing] the need for the disclosure." *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986). When a defendant meets this burden, which these defendants have not, an in-chambers (*in camera*) hearing "provides an equally-acceptable accommodation of the competing interests of the Government and the accused" by enabling "disclosure of the informer's identity *to the trial judge, and such subsequent inquiries by the judge as may be necessary*…" *Id.* (emphasis added) (citation omitted). It "is within the judge's discretion" whether to hold an *in camera* hearing and "a district court need not conduct an *in camera* hearing whenever the identity of an informant is requested." *Id.* at 1440.

For the past fifty years, the Ninth Circuit has endorsed the use of *in camera* hearings as the "means by which to satisfy the balancing of interests required by" *Roviaro v. United States*, 353 U.S. 53 (1957). *United States v. Rawlinson*, 487 F.2d 5, 7 (9th Cir. 1973). At no point has the Ninth Circuit held, let alone suggested, that the proper way to balance the competing interests in protecting a source's identity was to permit the defense to effectively conduct a deposition of the case agent on the substantive issues of their future motions. Rather, the "purpose" of an *in camera* hearing is "to determine if [the defendant] is entitled to an open evidentiary hearing on his [] claim" through "disclosure of the informer's identity to the trial judge" and the trial judge's questioning of the informant. *United States v. Kiser*, 716 F.2d 1268, 1273 (9th Cir. 1983) ("We emphasize that the *in camera* inquiry is not a substitute for an evidentiary hearing. Its purpose is merely to determine if [the defendant] has made a 'threshold substantial showing'…") (citation omitted).

To the extent that the Court is inclined to hold an *in camera* hearing, the established practice is for the Court to interview the source to assess whether disclosure would be relevant and helpful to a clearly-articulated defense. Defendants are not, however, entitled

to a contested evidentiary hearing until they have both presented a substantive motion and identified the specific facts at issue. Here, there is no substantive motion pending and thus no disputed facts. An evidentiary hearing is therefore premature.

## II.
## ARGUMENT

### A. Defendants have not met their burden.

Prior to holding any hearing, defendants must make a threshold showing of materiality, which requires a presentation of "facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice." *Id*. Rather, defendants seeking discovery must produce "specific facts" to demonstrate materiality. *United States v. Santiago*, 46 F.3d 885, 895 (9th Cir. 1995). Evaluating courts then consider these facts against three factors: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Gonzalo Beltran*, 915 F.2d 487, 488–89 (9th Cir. 1990). Here, the undisputed facts show that the Spamhaus Source (SS): (1) did not participate in the criminal activity; (2) has no relationship to the defendants' (as yet unidentified) defenses at trial; and (3) is reasonably fearful of having their identity disclosed.

Instead, defendants argue that the following uncontested facts support an unidentified and as-yet-unfiled Fifth or Sixth Amendment motion: (1) SS forwarded CY's emails to the FBI in 2017 with a comment that some of the emails might be privileged; (2) SS sent the FBI unsolicited information in September 2021 about defense counsels' queries of Spamhaus's own website; and (3) SS repeatedly communicated with the case agent and they appeared together at a May 2016 cybersecurity conference. [ECF No. 315, 1-2.] Defendants' failure to identify either what motion these facts support or how they suffered colorable prejudice as a result, coupled with their abandonment of the Fourth Amendment

argument that precipitated their initial discovery motions regarding SS's identity, demonstrate that their current motion is nothing more than a fishing expedition. Their focus on compelling disclosure of SS's identity in the hopes it might yield something useful, "rather than [] the import of any testimony [SS] might provide," shows that they have not met their burden and their motion should be denied. *United States v. Martinez*, 5 F.3d 542, at 5 (9th Cir. 1993) (citing *Fixen*, 780 F.2d at 1440); *see also United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) (defendants do not have "an unlimited right to access all information possibly needed to meet the preliminary showing requirement.").

B. <u>If and when defendants meet their burden, the Court should question SS *in camera*.</u>

Defendants' proposed questions show they are requesting an adversarial evidentiary hearing, rather than an *in camera* proceeding. No Ninth Circuit precedent authorizes such a hearing.[1] When a defendant provides specific facts for why a source's identity and testimony are relevant and material, the trial court holds an *in camera* hearing. *United States v. Spires*, 3 F.3d 1234, 1239 (9th Cir. 1993). An *in camera* hearing normally involves "disclosure of the informer's identity to the trial judge, and such subsequent inquiries by the judge as may be necessary," together with sealing of the resulting record. *Fixen*, 780 F.2d at 1439; *Martinez*, 5 F.3d at 6; *United States v Moore*, 522 F.2d 1068, 1072-73 (9th Cir. 1975). The Ninth Circuit has repeatedly held that "*in camera* inquiries were not intended as, nor were they, substitutes for [] evidentiary hearing[s]." *Moore*, 522 F.2d at 1073; *Kiser*, 716 F.2d at 1273.

*Napier* underscores the difference between these two types of hearings. In *Napier*, Napier filed a motion to unseal a sealed portion of a search warrant affidavit pursuant to a broader *Franks* challenge. In the affidavit's sealed portion, the detective described two undercover buys involving an informant. Significantly, the government did not charge

---

[1] Defendants request a three-hour hearing, "subject to an extension of time," so that they can question the case agent about, *inter alia*, "[t]he Government's failure to follow its policies and procedures," use of the Spamhaus law enforcement portal, alleged "failure to memorialize" interactions with SS, and training and experience relating to informants. [ECF No. 315, 3-4.]

either UC buy in the ensuing prosecution, so the informant's identity was only potentially relevant to Napier's motion contesting the detective's veracity in the search warrant. 436 F.3d at 1134-35. The trial court held an "evidentiary hearing on the issue of sealing" at which the parties questioned the affiant. *Id.* at 1135. "The detective confirmed that the justification for sealing presented to the state superior court judge and the district court judge had not changed, and that the need for keeping the information confidential remained." *Id.* Following the evidentiary hearing on whether facts supported continued sealing, the district court asked Napier whether "he wanted an *in camera* hearing where the judge would question the confidential informant to determine whether the sealed information involving the informant was truthful." *Id.* at 1138.

*Napier*'s distinction between an evidentiary hearing involving the affiant and limited questions pertaining to the sealed portions of a contested affidavit, and an *in camera* proceeding involving the court's questioning of the informant, demonstrate that the two proceedings are distinct. *Napier* also involved a crisply-defined Fourth Amendment challenge where the informant's identity was ancillary both to the prosecution and the *Franks* challenge. Here, in contrast, defendants' Fifth and Sixth Amendment challenges are amorphous and focus on SS's purported misconduct and Spamhaus's relationship to the U.S. government. Defendants, unlike Napier, have not filed a motion to unseal or challenge a search warrant affidavit. The facts justifying a limited evidentiary hearing of the affiant in *Napier* are therefore absent from the record before this Court. The exceptional facts of *Napier* thereby prove the rule, which is that "*in camera* hearing[s] to evaluate the defendant's claims and to determine whether the defendant 'is entitled to an open evidentiary hearing,'" are how the courts balance competing interests in a confidential source's identity. *Id.* at 1138 (quoting *Kiser*, 716 F.2d at 1273)). This rule holds particularly true here where defendants have not "allege[d] facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist," so therefore an evidentiary hearing is not required. *United States v Howell*, 231 F.3d 615, 620 (9th Cir. 2000).

*Government's Response to Defendants' Proposal Regarding the Scope of the In Camera Hearing*     4     18cr4683-GPC

*United States v. Reese*, 145 F.3d 1343 (9th Cir. 1998), which, like *Napier*, involved a specific challenge to the government's probable cause, further demonstrates why an *in camera* hearing is unnecessary. In *Reese*, Judge Huff "ordered the police officers to submit a sealed *in camera* declaration detailing the information provided by the informant" and, based on this declaration, denied Reese's motion for discovery of the informant's identity. *Id.* at 2. The Ninth Circuit upheld Judge Huff's ruling, noting that Reese had not identified which facts the informant possessed that were "relevant or helpful to his defense" or "essential to a fair trial." *Id.* Instead, Reese, like defendants, relied on speculative fears that the informant was unreliable or law enforcement may have lied. *Id.* at 2-3. This Court, like Judge Huff, has discretion to limit any *in camera* proceeding to a review of Special Agent Charles Chabalko's sworn declaration. [*See* Ex. 1, Decl. of Special Agent Chabalko.] This declaration shows that defendants have not presented a good faith factual basis for seeking a hearing and no adversarial evidentiary hearing is therefore warranted.

C. <u>Any *in camera* questions should be narrowly tailored to a defined defense.</u>

In the event the Court conducts an *in camera* hearing, the government submits the questioning of SS should be done under seal, by the Court, and limited to the following: (1) did the government task or knowingly acquiesce in SS's obtaining emails involving attorney L.G. and Company A employees; (2) did the FBI provide money or benefits to SS for any reason related to this case; (3) did the FBI provide money to Spamhaus for providing information to the FBI; (4) did the FBI consult with SS on legal or evidentiary strategies; and (5) did the FBI task or knowingly acquiesce in SS's obtaining defense attorneys queries of Spamhaus' website. These issues could be covered by the court in less than 30 minutes. In fact, these issues are answered in Agent Chablko's sworn declaration.

D. <u>Prosecutors have complied with the Court's order to review the CHS file.</u>

As outlined in the accompanying declaration of Assistant U.S. Attorney Melanie Pierson, the prosecution has complied with the Court's order to review the contents of the FBI's CHS file for SS. The relevant discovery has been produced. [*See* Ex. 2, Decl. of AUSA Pierson.]

DATED: December 10, 2021

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

/s/Melanie Pierson
Assistant United States Attorney

/s/Sabrina Fève
Assistant United States Attorney

/s/Candy Heath
Senior Counsel
Computer Crime and Intellectual Property Section
Department of Justice, Criminal Division