# Exhibit 2

*Declaration of AUSA Melanie Pierson*

```
 1  RANDY S. GROSSMAN
    Acting United States Attorney
 2  MELANIE K. PIERSON
    Assistant U.S. Attorney
 3  California State Bar Nos. 112520
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California  92101-8893
 5  Telephone: (619) 546-7976

 6
    Attorneys for Plaintiff
 7  United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18-cr-4683-GPC |
|---|---|
| Plaintiff, | **DECLARATION OF ASSISTANT U.S. ATTORNEY MELANIE K. PIERSON REGARDING THE REVIEW OF THE CHS FILE** |
| v. | |
| JACOB BYCHAK et. al., | |
| Defendants. | |

I, Melanie K. Pierson, hereby submit the following declaration in response to the court's request for information regarding the source of information from Spamhaus (SS). I state under penalty of perjury that:

1. I have been employed an Assistant United States Attorney in the United States Attorney's Office for the Southern District of California since 1987. I am one of the prosecutors assigned to the investigation and prosecution of Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum and Petr Pacas in Criminal Case No, 18cr-4683-GPC. That case is currently set for trial in May of 2022.

2. On November 18, 2021, the court held a hearing on the defendants' motions for reconsideration of the denial of the motion for disclosure of the identity of SS. During that hearing, the court requested that the government review the CHS file of SS, and inquire regarding any other internal FBI files regarding the activities of SS in this case.

3. On November 30, 2021, I visited the FBI offices in San Diego and reviewed the electronic file of CHS No. S-00091118, which was created by another FBI field office in October of 2018. I reviewed every page of this electronic file. The file contained no mention of any activities of SS in conjunction with the San Diego office of the FBI, no mention of any of the individual defendants and no mention of the netblocks at issue in this case. The file contained two documents that named Company A, among many other companies, as involved in spamming. Redacted versions of these two documents were thereafter produced to the defense as discovery.

4. The file indicated that the CHS was not expected to testify but was acting as a source of information regarding spam and spammers. The file indicated that beginning in October of 2018, the CHS was annually given four admonishments, including one indicating that the CHS was providing voluntarily providing truthful information and could take no independent action without direction from the FBI. The file indicated that there were no payments to the CHS and no issues with truthfulness.

5. I asked Special Agent Chabalko if there were any internal FBI documents regarding his contacts with SS, other than those which had already been provided to the prosecutors. Agent Chabalko advised that no separate file exists regarding SS in the San Diego Field Office of the FBI. He told me he reviewed his available case review updates provided to his supervisors. Case review updates older than the last five years are no longer available. Special Agent Chabalko advised that only two of the case review updates mentioned Spamhaus, which he provided to me for review. The file reviews that mention Spamhaus cover the period from March 25, 2017 to June 30, 2017, and for the period from October 1, 2017 to December 31, 2017. Those reports indicated that Chabalko had received information and documents from Spamhaus. The identity of the documents were not specified and there was no substantive discussion of the nature of the information provided by Spamhaus in the case review updates. Special Agent Chabalko stated that he was aware of no other internal FBI documents mentioning his contacts with SS that have not been provided to prosecutors.

DATED: December 10, 2021

*Melanie K Pierson*
MELANIE K. PIERSON
Assistant U.S. Attorney

3