RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>ABDUL MOHAMMED QAYYUM (3), and<br>PETR PACAS (4),<br><br>　　　　Defendants. | Case No.: 18cr4683-GPC<br><br>**UNITED STATES' THIRD NOTICE OF POTENTIAL EXPERT WITNESSES** |

COMES NOW the plaintiff, United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Melanie K. Pierson, Sabrina L. Fève, and Computer Crime and Intellectual Property Section Senior Counsel Candy Heath, and hereby files its Third Notice of Potential Expert Witnesses.

INTRODUCTION

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and Federal Rules of Evidence 702, 703, and 705, the United States hereby provides notice of its intent to elicit the testimony during its case-in-chief of several individuals related to various aspects of their employment. Although they will not be asked to render an opinion, because they possess specialized knowledge, in an abundance of caution, their expected testimony is summarized herein. The United States anticipates that most of these witnesses will offer testimony akin to that of a custodian of records, explaining how their business's records were prepared, maintained, and interpreted by the business. The United States reserves the right to offer additional testimony by these witnesses, or other expert witnesses, pursuant to Federal Rules of Evidence 701 through 705, and for these witnesses to amend or adjust their testimony, based on information perceived by or made known to them before or during trial.

### A. John Curran

John Curran is the President and CEO of the American Registry of Internet Numbers (ARIN). A copy of his curriculum vitae was provided to the defense in discovery on March 10, 2022, and a copy of his sworn declaration was provided to the defense via ECF on July 10, 2019. Mr. Curran is a recognized expert on Internet and telecommunications matters and has been the Chief Technology Officer of three successful Internet companies: BBN/GTE-Internetworking, XO Communications, and ServerVault Corporation. Mr. Curran led development of several early Internet research networks and provided technical leadership to BBN's transition to commercial Internet services. He has been an active participant in the Internet Engineering Task Force (IETF), having both co-chaired the IETF Operations and Network Management Area and served as a member of the IPng (IPv6) Directorate.

Since April 2009, Mr. Curran has served as the President and CEO of ARIN. As CEO, Mr. Curran appoints and supervises all ARIN operational staff, serves on the ARIN Board of Trustees as a non-elected, full-voting member, advises all other ARIN officers

and trustees, serves as an ex-officio member of ARIN's Advisory Council, and acts as a liaison between ARIN's Board of Trustees and Advisory Council. Mr. Curran is a founding member of the ARIN Board of Trustees, having served since August 1997. He was re-elected in 2000, 2003, and again in October 2006, and served as Chairman of the Board of Trustees from inception through early 2009.

Additional details about Mr. Curran can be found in his CV, which has been produced in discovery, and on his official ARIN biography, available at https://www.arin.net/about/welcome/board/#curran. Mr. Curran also publishes comments on ARIN and issues of Internet governance on ARIN's website. A collection of his blog posts is available at https://www.arin.net/blog/author/john-curran/. The government has also previously provided copies of and links to Mr. Curran's statements regarding the issue of IP address registrants' property rights in its responses to defendants' motions to dismiss the wire fraud counts. *See, e.g.,* ECF No. 176-1, Exs. C-E.

The government anticipates that Mr. Curran will testify regarding the history and purpose of ARIN and its predecessors-in-interest, as well as the creation and role of the Internet Corporation for Assigned Names and Numbers (ICANN) and the other Regional Internet Registries (RIRs). Curran will further testify regarding the services offered by ARIN and the RIRs, including their management of registry services that identify to the public the parties that have been assigned the rights to specific Internet number resources, including WHOIS and SWIPs. Curran will explain how ARIN and its predecessors allocated rights to IP addresses, and how IP address registrants can transfer their rights in IP addresses, including through sales. Curran will provide testimony regarding the registrants recognized by ARIN's current and historical registry records for the IP addresses acquired by defendants through Daniel Dye and GetAds (the "GetAds IPs"), and will testify that none of the defendants were listed in ARIN's databases as the authorized registrants of, or otherwise affiliated with, the IP addresses that they fraudulently acquired and arranged to use. The government has produced in discovery registry records obtained from ARIN for the GetAds-related IPs.

### B. Sean Zadig

Mr. Zadig is the Chief Information Security Officer (CISO) at Yahoo, whose brands include Yahoo, AOL, TechCrunch, Verizon Media Platforms, and others. Prior to becoming Yahoo's CISO, Mr. Zadig served as the company's Vice President, Cyber Defense, and, before that, as a Director of Threat Operations and a Senior Manager of E-Crime Investigations. Prior to joining Yahoo, Mr. Zadig was a Trust & Safety Investigator for Google and a Special Agent with NASA's Office of the Inspector General Computer Crimes Division. Mr. Zadig has taught computer forensics and digital investigations as an Adjunct Assistant Professor at the University of Maryland. Mr. Zadig is a Certified Computer Examiner as well as a Certified Information Systems Security Practitioner. Additional details can be found on his CV, which has been produced in discovery.

The government anticipates that Mr. Zadig will testify regarding Yahoo's webmail service, how Yahoo handles commercial email messages commonly referred to as "spam," techniques that email marketers use to bypass Yahoo's spam filter, how spam affects Yahoo's business, how hijacked IPs affect Yahoo's business, and Yahoo's experience in 2013 and 2014 with spam sent by defendants' then-employer. Spam email headers for commercial email messages sent from defendants' employer to Yahoo webmail addresses that Yahoo provided to the government have previously been produced in discovery, as have internal Company A BlackMail reports documenting Company A's sending millions of commercial email messages to Yahoo mail addresses. The government has also produced the FBI 302s documenting its contacts with Mr. Zadig regarding this case, along with a September 11, 2018 email received by the FBI from Mr. Zadig.

### C. Michael Ward

Mr. Ward obtained a Bachelor of Science degree in Computer Science in 1990 from Western Carolina University. Thereafter, he was employed as a network engineer, designing and managing internet network security and connectivity architecture. From 2007 through April of 2018, he was employed in various capacities at ViaWest,Inc., rising

to Director of Network Service in December of 2015. ViaWest operated data centers with computer servers to support the needs of its clients.

From 2007 through December of 2015, Mr. West held the position of Senior Staff Network Architect at ViaWest. In that position, he established policies and standards for network services. It is anticipated that he will discuss how companies like ViaWest with autonomous system numbers (ASNs) connect IP addresses to internet service providers (ISPs), and also explain the relationship between ViaWest and Broadcloud. It is further expected that he will explain the process of "announcing" IP addresses, and the content and purpose of a Letter of Authorization (LOA) in that process.

Ward will testify that in February of 2013, he rejected a request from the defendants, via Broadcloud, to add the announcement of IP netblock 163.253.0.0/16 (Sura.net) to the ViaWest system, due to deficiencies in the LOA. Specifically, Ward noted that the LOA was not on the owner's company letterhead, did not include the associated Autonomous System Number (ASN) for advertisement, the organization listed on the American Registry of Internet Numbers (ARIN) was different than that on the LOA and the IP block owner in the ARIN database had not been validated by ARIN for over two years. It is anticipated that Ward will testify that he requested changes in the LOA before the netblock would be announced on the ViaWest network to protect the integrity of the ViaWest network.

**D. Ried Zulager**

Mr. Zulager received his PhD.in History in 1992 from the University of Aberdeen, and thereafter was employed in the telecommunications industry. He has been employed by Cogent Communications Holdings, Inc. since 2002, and currently holds the position of Corporate Secretary. Cogent is one of the world's largest internet services providers, servicing primarily two customer segments: (1) corporate, and (2) netcentric. Netcentric customers are carriers, service providers and application or content providers whose businesses rely primarily on internet access.

It is anticipated that Mr. Zulager will testify that Cogent provided netcentric services for Vincent Tarney of the Mata Group. Cogent received several LOAs from the defendants

via Tarney and the Mata Group seeking to announce various netblocks, including 151.192.192/18 (SierraSemi), 168.129.192.0/18 (OpenBusinessSytems), and 142.147.0.0/16 (CanadaAir). On April 3, 2013, Cogent sent a message to the Mata Group, advising that the SierraSemi netblock had been listed on the Spamhaus Block List as hijacked, and Cogent removed the announcement the same day. The government anticipates that Mr. Zulager will testify that the announcement was removed to maintain the integrity and security of the Cogent network.

### E. Peter Holden

Mr. Holden has been the owner and CEO of Hostwinds since October of 2010. Hostwinds provides hosting services for its clients, which have included Company A. Hostwinds announced various netblocks for the defendants, and received accompanying LOAs, including 163.253.0.0/16 (Sura.net), 63.79.40.0/21 (TrinityMicro.com), 165.192.0.0/16 (ECT.net), 167.87.0.0/16 (MooreSolutions.com), 207.152.0.0/18 and 207.234.0.0/17 (Telalink.net), 208.199.68.0/23 (Paxny.com), and 196.193.0.0/16 (AirSea Freight Services). To the extent that the government anticipates that Mr. Holden will testify to matters potentially involving specialized knowledge, this testimony will likely involve Mr. Holden explaining the process Hostwinds used to announce IP netblocks. It is anticipated that Mr. Holden will testify that after netblocks were listed on the Spamhaus block list (SBL), Hostwinds removed them from its network to protect the network's integrity and security. Mr. Holden will also testify as a percipient witness to his communications and personal experiences working with the defendants. The government has produced a copy of Mr. Holden's CV in discovery, along with the 302s documenting his interviews. Publicly available interviews with Mr. Holden that discusses Spamhaus blocklists and spam can be found at https://www.mailchannels.com/customers/hostwinds/ and https://krebsonsecurity.com/2015/08/like-cutting-off-a-limb-to-save-the-body/.

### F. GoDaddy Custodian of Records

It is anticipated that the GoDaddy witness (not yet designated by the company) will explain the purpose of domain names, their relationship to IP addresses, and how domain

names are purchased, as well as factors that affect the price. The witness will also explain how the public could determine the owner of a specific domain name, and whether it was available for purchase, as well as the purpose and operation of privacy settings. It is further anticipated that the witness will provide evidence regarding the purchaser and owner of some of the domain names associated with the netblocks at issue, during the relevant periods.

DATED: March 10, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/Melanie K. Pierson
Assistant United States Attorney

/s/Sabrina L. Fève
Assistant United States Attorney

/s/Candy Heath
Senior Counsel
Computer Crime and Intellectual Property Section
Department of Justice, Criminal Division