| | |
|---|---|
| **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS LINCENBERG & RHOW P.C.**<br>Gary S. Lincenberg, SBN 123058<br>Nicole R. Van Dyk, SBN 261646<br>Darren L. Patrick, SBN 310727<br>Alexis A. Wiseley, SBN 330100<br>1875 Century Park East, Floor 23<br>Los Angeles, CA 90067<br>Telephone: (310) 201-2100<br>Email: glincenberg@birdmarella.com<br>　　　nvandyk@birdmarella.com<br>　　　dpatrick@birdmarella.com<br>　　　awiseley@birdmarella.com<br><br>*Attorneys for Petr Pacas* | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**<br>Randy K. Jones, SBN 141711<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130<br>Telephone: (858) 314-1510<br>Email: rkjones@mintz.com<br><br>Daniel Goodrich, BBO 692624 (Pro Hac)<br>Ryan Dougherty, BBO 703380 (Pro Hac)<br>1 Financial Center<br>Boston, MA 02111<br>djgoodrich@mintz.com<br>rtdougherty@mintz.com<br><br>*Attorneys for Mark Manoogian* |
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP**<br>Thomas H. Bienert, Jr., SBN 135311<br>James D. Riddet, SBN 39826<br>Whitney Z. Bernstein, SBN 304917<br>Carlos A. Nevarez, SBN 324407<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone: (949) 369-3700<br>Email: tbienert@bklwlaw.com<br>　　　jriddet@bklwlaw.com<br>　　　wbernstein@bklwlaw.com<br>　　　cnevarez@bklwlaw.com<br><br>*Attorneys for Mohammed Abdul Qayyum* | **WIECHERT, MUNK & GOLDSTEIN, PC**<br>David W. Wiechert, SBN 94607<br>Jessica C. Munk, SBN 238832<br>27136 Paseo Espada, Suite B1123<br>San Juan Capistrano, CA 92675<br>Telephone: (949) 361-2822<br>Email: dwiechert@aol.com<br>　　　jessica@wmgattorneys.com<br><br>*Attorneys for Jacob Bychak* |

Case No. 18-CR-4683-GPC

DEFENDANTS' MOTION IN LIMINE NO. 4

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, *et al.*,<br><br>　　　Defendants. | Case No. 18-CR-4683-GPC<br>Honorable Gonzalo P. Curiel<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 4:**<br><br>**TO EXCLUDE REFERENCES TO IDENTITY THEFT AT TRIAL**<br><br>*[Declaration of Gary S. Lincenberg and accompanying exhibits thereto filed under seal]*<br><br>Date: April 7, 2022<br>Time: 1:00 p.m.<br>Dept.: 2D |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **BACKGROUND**

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas (collectively, "Defendants") bring this Motion *in limine* for an order precluding the government from presenting evidence, testimony, statements or arguments concerning the uncharged crime of identity theft (the "Motion").

Defendants anticipate that the government will introduce evidence or testimony, or otherwise make reference to, identity theft, at trial. In fact, throughout the investigation in this case, the government sought out the original assignees of the netblocks at issue, and told them that they were victims of identity theft. *See, e.g.*, Ex. 1 (ADCONION-DISC02-REPORTS-00456) ("[T]he FBI considers Trinity Microsystems *a victim of identity theft*.") (emphasis added); Ex. 2 (ADCONION-DISC02-REPORTS-00481) ("[T]he FBI considers Sierra Semiconductor/PMCS *a victim of identity theft*.") (emphasis added); Ex. 3 (ADCONION-DISC30-00013) ("[T]he FBI considers Moore/Siemens *a possible victim of identity theft*.") (emphasis added). The government has likewise suggested to the Court that it may present its uncharged identity theft theory at trial. *See, e.g.*, Apr. 30, 2019 H'rg Tr. 29:12-14 ("MS. FEVE: … [T]he victims that we have been focusing on … have been individuals whose *identities … were used without permission*.") (emphasis added).[1]

But the Indictment—filed after a five-year-long investigation—does not charge Defendants with committing identity theft. *See generally* ECF No. 1 (Indictment). Nor does the Indictment even allege conduct sufficient to meet each element of the offense.[2] *See id.* Accordingly, the Court should preclude the

---

[1] Referenced exhibits are attached to the Under Seal Declaration of Gary S. Lincenberg, submitted herewith (cited herein as the "Lincenberg Decl.").

[2] For example, the Indictment does not allege the identity of each of the purported victims, which is "necessary to satisfy an element of the offense." *United States v.*

government from presenting evidence, testimony, statements or arguments concerning the uncharged crime of identity theft at trial.

## II. ARGUMENT

The Court should preclude the government from presenting evidence, testimony, statements or arguments concerning the uncharged crime of identity theft because its probative value, if any, is substantially outweighed by the danger of unfair prejudice and misleading the jury.

Under Rule 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court "has wide latitude in making Rule 403 decisions." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). The rule "recognizes that as the probative value of evidence decreases, the potential increases for it to be substantially outweighed by the dangers identified in the rule." *United States v. Rewald*, 889 F.2d 836, 853 (9th Cir. 1989). Here, even assuming, *arguendo*, that evidence or testimony referencing identity theft is somehow relevant to the charged conduct (it is not), it must be excluded because its probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury.

*First*, the probative value of any reference to the uncharged crime is minimal, at best. The government's theory is that Defendants "created and sent letters to Internet hosting companies fraudulently making it appear that the registrant of the IP addresses had authorized the defendants' use of the IP addresses." Indictment ¶ 6. But there is no indication from this (or any other) allegation that Defendants stole

---

*Ward*, 747 F.3d 1184, 1192 (9th Cir. 2014) (referring to identity theft charges pursuant to 18 U.S.C. § 1028A(c)). Even if it had, the prosecutors cannot "change the charging part of an indictment to suit [his or her] own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes." *Id.* at 1189.

anyone's identity. Indeed, as noted above, identity theft is neither charged nor supported by the factual allegations in the Indictment. Any mention of identity theft would therefore have "very slight (if any) probative value" and, as such, "it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice.'" *United States v. Gatewood*, 601 F. App'x 580, 582 (9th Cir. 2015) (finding that the district court erred in admitting "uncharged-acts evidence") (citation and quotations omitted); *see also United States v. Hodges*, 770 F.2d 1475, 1480 (9th Cir. 1985) (finding that the district court erred in admitting evidence "relating to [Defendants' uncharged] extortion attempt," because it "is both of slight probative value and highly and unfairly prejudicial").

*Second*, evidence or testimony referencing identity theft is likely to evoke an emotional response in the jury.[3] *See, e.g.*, *United States v. Rojas*, No. 14-CR-4015-MWB, 2014 U.S. Dist. LEXIS 199487, *3 (N.D. Iowa, Oct. 15, 2014) (finding evidence of uncharged conduct "quite prejudicial" because jurors may decide guilt or innocence "on the improper, emotional basis of [the defendant's] purported propensity to engage in the use of false identification, rather than on the basis of evidence demonstrating his guilt on the charged offenses").[4] As such, it would be unfairly prejudicial to Defendants and should be excluded. Indeed, the Ninth Circuit has "warned repeatedly" against admitting evidence that makes a "'conviction more

---

[3] Deposition testimony of Leona Williams, one of the purported victims, is indicative of the emotional response jurors are likely to have. *See, e.g.* Williams Dep. 31:20-32:1 ("Q. How do you feel seeing [an LOA] bearing Educational & Corporate Technologies' name without your knowledge or consent? THE WITNESS: … I was shocked … I felt violated.").

[4] In *Rojas*, the Court further explained that, "[e]ven assuming that the uncharged bad acts shed some light on the charged offenses, for a permissible purpose under Rule 404(b), or that it is 'intrinsic' evidence … the ***determinative factor*** for admissibility pursuant to Rule 404(b) (and Rule 403) is the balancing of probative value against potential prejudice." *Rojas*, 2014 U.S. Dist. LEXIS 199487, *2 (emphasis added).

likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" *United States v. Bradley*, 5 F.3d 1317, 1321 (9th Cir. 1993) (citing *Hodges*, 770 F.2d at 1480).

*Third*, references to identity theft could also lead the jury to draw mistaken inferences. For example, if the jury sees documents stating that "the FBI considers" anyone to be "a victim of identity theft," hears testimony from witnesses who have been primed by the FBI to believe that that Defendants stole their identities, or hears arguments that Defendants' conduct boils down to identity theft, jurors are likely to think that identity theft is part of the alleged conspiracy to commit wire fraud and electronic mail fraud. In fact, it is not. Again, identity theft is neither charged nor supported by the factual allegations in the Indictment. "It's bad enough for the jury to be unduly swayed by something a defendant did," but "it's totally unacceptable for it to be prejudiced by something he seems to have done but in fact did not." *Hitt*, 981 F.2d at 424-25.

Given the slight, if any, probative value of evidence, testimony, statements or arguments concerning identity theft, and the high likelihood of unfair prejudice, a limiting instruction will be insufficient. *See Bradley*, 5 F.3d at 1322 (finding evidence of uncharged crime was improperly admitted, explaining that "an insufficient limiting instruction will not save otherwise prejudicial testimony"). Accordingly, the Court should preclude the government from introducing any evidence, testimony, statements or arguments concerning the uncharged crime of identity theft.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: March 24, 2022 | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** |
| | By: *s/ Gary S. Lincenberg*<br>Gary S. Lincenberg<br>Nicole Rodriguez Van Dyk<br>Darren L. Patrick<br>Alexis A. Wiseley<br>*Attorneys for Petr Pacas* |
| Dated: March 24, 2022 | **WIECHERT, MUNK & GOLDSTEIN, PC** |
| | By: *s/ Jessica C. Munk*<br>Jessica C. Munk<br>David W. Wiechert<br>*Attorneys for Jacob Bychak* |
| Dated: March 24, 2022 | **BIENERT KATZMAN LITTRELL WILLIAMS LLP** |
| | By: *s/ Whitney Z. Bernstein*<br>Whitney Z. Bernstein<br>Thomas H. Bienert, Jr.<br>James D. Riddet<br>Carlos A. Nevarez<br>*Attorneys for Mohammed Abdul Qayyum* |
| Dated: March 24, 2022 | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.** |
| | By: *s/ Randy K. Jones*<br>Randy K. Jones<br>Daniel J. Goodrich (Pro Hac)<br>Ryan Dougherty (Pro Hac)<br>*Attorneys for Mark Manoogian* |

1 | **<u>CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE</u>**

2 |     The undersigned counsel of record for Defendant Petr Pacas certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

                                        *s/     Alexis A. Wiseley*
                                                  Alexis A. Wiseley