| | |
|---|---|
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP**<br>Thomas H. Bienert, Jr., SBN 135311<br>James D. Riddet, SBN 39826<br>Whitney Z. Bernstein, SBN 304917<br>Carlos A. Nevarez, SBN 324407<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone:  (949) 369-3700<br>Email:  tbienert@bklwlaw.com<br>　　　jriddet@bklwlaw.com<br>　　　wbernstein@bklwlaw.com<br>　　　cnevarez@bklwlaw.com<br><br>*Attorneys For Mohammed Abdul Qayyum* | **WIECHERT, MUNK & GOLDSTEIN, PC**<br>David W. Wiechert, SBN 94607<br>Jessica C. Munk, SBN 238832<br>Jahnaiv Goldstein, SBN 245084<br>27136 Paseo Espada, Suite B1123<br>San Juan Capistrano, CA  92675<br>Telephone:  (949) 361-2822<br>Email:  dwiechert@aol.com<br>　　　jessica@wmgattorneys.com<br>　　　jahnavi@wmgattorneys.com<br><br>*Attorneys For Jacob Bychak* |
| **BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**<br>Gary S. Lincenberg, SBN 123058<br>Nicole Rodriguez Van Dyk, SBN 261646<br>Darren L. Patrick, SBN 310727<br>Alexis A. Wiseley, SBN 330100<br>1875 Century Park East, Floor 23<br>Los Angeles, CA 90067<br>Telephone:  (310) 201-2100<br>Email: glincenberg@Birdmarella.com<br>　　　Nvandyk@Birdmarella.com<br>　　　Dpatrick@Birdmarella.com<br>　　　Awiseley@birdmarella.com<br><br>*Attorneys For Petr Pacas* | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**<br>Randy K. Jones, SBN 141711<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, Ca 92130<br>Telephone: (858) 314-1510<br>Email: Rkjones@Mintz.com<br><br>Daniel J. Goodrich, BBO 692624 (Pro Hac)<br>Ryan Dougherty, BBO 703380 (Pro Hac)<br>1 Financial Center<br>Boston, MA 02111<br>Email:  djgoodrich@Mintz.com<br>　　　rtdougherty@Mintz.com<br><br>*Attorneys For Mark Manoogian* |

18-cr-04683-GPC

DEFENDANTS' MOTION *IN LIMINE* NO. 6

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JACOB BYCHAK et al.,<br><br>　　　　Defendants. | Case No. 3:18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6 FOR ATTORNEY-CONDUCTED VOIR DIRE**<br><br>*(Declaration of Carlos A. Nevarez and accompanying exhibit files concurrently)*<br><br>Date:  April 7, 2022<br>Time: 1:00 p.m.<br>Dept.: 2D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The trial in this case will focus on the correct meaning and interpretation of technical terms and processes such as netblocks, ISPs, domains, IPv4, IP announcements, and blacklisting, or SBL'd, among other things.  Further, the government's allegations concern commercial marketing emails – "spam," as the government argues – a lightning rod topic in today's environment.  Attorney conducted *voir dire* is therefore crucial to ensure selection of fair and impartial jurors in this technical, emotionally charged prosecution.

## II.  LEGAL STANDARD

One of the rights the Constitution guarantees to criminal defendants is "a fair trial by a panel of impartial, indifferent jurors."  *Irvin v. Dowd*, 366 U.S. 717, 722 (1961); U.S. Const., amend. VI.  In turn, the *voir dire* process is the mechanism through which a fair jury is chosen.  *United States v. Howell*, 231 F.3d 615, 627 (9th Cir. 2000) ("The function of voir dire is to ferret out prejudices in the venire that threaten the defendant's Sixth Amendment right to a fair and impartial jury.").  This principle is encapsulated in Rule 24 of the Federal Rules of Criminal Procedure, which allows the parties' attorneys to oversee the *voir dire* process or supplement the court's examination of potential jurors.  Fed. R. Crim. P. 24(a).  Moreover, the best practices endorsed by the Ninth Circuit Judicial Council are that attorneys for the parties should be allowed to supplement the court's *voir dire*.  Nevarez Decl., Ex. A (Ninth Circuit Jury Trial Improvement Committee, Second Report: Recommendation and Suggested Best Practices, Adopted October 2006) at 9.  Given that "[a]ttorneys have an increased familiarity with the facts of the case and may become aware of important questions that should be asked . . . [a]ttorney-conducted voir dire should be allowed for a predetermined limited time or for clearly defined and explained purposes."  *Id*.

Allowing attorneys to oversee the *voir dire* process lessens the likelihood of error and is conducible to a fairer trial process.  The Ninth Circuit, for instance, has reversed criminal convictions where the court opted to lead the *voir dire* process and failed to ask

prospective jurors supplemental questions proposed by the defense. *See*, *e.g.*, *United States v. Washington*, 819 F.2d 221, 224 (9th Cir. 1987) (reversal was justified where trial court refused to ask potential jurors, as requested by the defense, whether they knew any of the government's witnesses); *United States v. Baldwin*, 607 F.2d 1295, 1298 (9th Cir. 1979) (reversible error given the cumulative effect of the trial court's refusal to permit defense to ask jurors: (1) whether they were acquainted with the government's witnesses, and (2) whether they would be biased in favor of testimony that would be proffered by law officers). Another reason that militates in favor of attorney-conducted *voir dire* is that lay people are more likely to honestly proffer their opinion when questioned by an attorney rather than a judge. A qualitative study of actual jurors found that individuals are more likely to share information with those whom they perceive as having a more similar social status to themselves. *See* Suggs & Sales, *Juror Self-Disclosure in the Voir Dire: A Social Science Analysis*, 56 Ind. L.J. 245, 268 (1981) ("A large status differential between the interactants will most likely reduce perceived similarity and, in turn, the degree of self-disclosure."). The reality observed by scholars is that lay people answer to highly authoritative and revered figures, such as judges, not with their honest opinion but instead with a "socially desirable" response. Neil Vidmar, *When All of Us Are Victims: Juror Prejudice and "Terrorist" Trials*, 78 Chi.-Kent L. Rev. 1143, 1150 (2003) ("The tendency to provide such [socially desirable] answers can be enhanced by the authority presence of the judge."). Both the law and social scientific research therefore support Defendants' motion.

### III.   ARGUMENT

In this case, the considerations of attorney-conducted *voir dire* are vital in securing a fair trial for Defendants. This prosecution of first impression deals with exceedingly technical concepts and nuanced factual narratives that require both parties an opportunity to carefully screen jurors for their ability to weigh the facts of this complex case. Given that commercial emails colloquially known as "spam"[1] are ubiquitous, it is especially

---

[1] Defendants have filed a separate motion *in limine* to exclude reference to this highly prejudicial term – "spam."

critical to examine jurors for potential biases against the Defendants in this age of ransomware attacks, computer hackers, digital breaches of highly sensitive consumer information, and cyber fraud. Limited attorney-led *voir dire* is necessary to ensure a fair jury selection process and subsequent trial.

## IV.   CONCLUSION

Based upon the foregoing, Defendants respectfully request the Court allow the parties' counsel to conduct attorney-conducted *voir dire*.

Respectfully submitted,

DATED:  March 24, 2022                **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Carlos A. Nevarez*
   Thomas H. Bienert, Jr.
   James D. Riddet
   Whitney Z. Bernstein
   Carlos A. Nevarez
   *Attorneys for Mohammed Abdul Qayuum*

DATED:  March 24, 2022                **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: */s/ Randy K. Jones*
   Randy K. Jones
   Daniel J. Goodrich (Pro Hac)
   Ryan Dougherty (Pro Hac)
   *Attorneys for Mark Manoogian*

DATED:  March 24, 2022                **WIECHERT, MUNK & GOLDSTEIN, PC**

By: */s/ Jessica C. Munk*
   David W. Wiechert
   Jessica C. Munk
   William J. Migler
   *Attorneys for Jacob Bychak*

| | | |
|---|---|---|
| 1 | DATED:  March 24, 2022 | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** |
| 2 | | |
| 3 | | By:  */s/ Gary S. Lincenberg* |
| 4 | | Gary S. Lincenberg |
| 5 | | Nicole Rodriguez Van Dyk |
| 6 | | Darren L. Patrick |
| 7 | | Alexis A. Wiseley |
| | | *Attorneys for Petr Pacas* |

**CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

The undersigned counsel of record for Defendant Mohammed Abdul Qayyum certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

*/s/ Carlos A. Nevarez*
Carlos A. Nevarez

**CERTIFICATE OF SERVICE**

Counsel for Defendant Mohammed Abdul Qayuum certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

AUSA Melanie K. Pierson
AUSA Sabrina L. Feve
AUSA Ashley E. Goff
U.S. Attorney's Office 880
Front Street, Rm 6293 San
Diego, CA 92101
melanie.pierson@usdoj.gov
sabrina.feve@usdoj.gov
ashley.goff@usdoj.gov

Candina S. Heath
Department of Justice
1301 New York Avenue NW, Suite 600
Washington, DC 20530
candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on March 24, 2022, at Los Angeles, California.

                                            */s/ Carlos A. Nevarez*
                                            Carlos A. Nevarez