| | |
|---|---|
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP**<br>Thomas H. Bienert, Jr., SBN 135311<br>James D. Riddet, SBN 39826<br>Whitney Z. Bernstein, SBN 304917<br>Carlos A. Nevarez, SBN 324407<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone:  (949) 369-3700<br>Email:  tbienert@bklwlaw.com<br>         jriddet@bklwlaw.com<br>         wbernstein@bklwlaw.com<br>         cnevarez@bklwlaw.com<br><br>*Attorneys for Mohammed Abdul Qayyum* | **WIECHERT, MUNK & GOLDSTEIN, PC**<br>David W. Wiechert, SBN 94607<br>Jessica C. Munk, SBN 238832<br>William J. Migler, SBN 318518<br>27136 Paseo Espada, Suite B1123<br>San Juan Capistrano, CA  92675<br>Telephone:  (949) 361-2822<br>Email:  dwiechert@aol.com<br>         jessica@wmgattorneys.com<br>         william@wmgattorneys.com<br><br>*Attorneys for Jacob Bychak* |
| **BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**<br>Gary S. Lincenberg, SBN 123058<br>Nicole Rodriguez Van Dyk, SBN 261646<br>Darren L. Patrick, SBN 310727<br>Alexis A. Wiseley, SBN 330100<br>1875 Century Park East, Floor 23<br>Los Angeles, CA 90067<br>Telephone:  (310) 201-2100<br>Email: glincenberg@birdmarella.com<br>        nvandyk@birdmarella.com<br>        fpatrick@birdmarella.com<br>        awiseley@birdmarella.com<br><br>*Attorneys for Petr Pacas* | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**<br>Randy K. Jones, SBN 141711<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, Ca 92130<br>Telephone: (858) 314-1510<br>Email: rkjones@mintz.com<br><br>Daniel J. Goodrich, BBO 692624 (Pro Hac)<br>Ryan Dougherty, BBO 703380 (Pro Hac)<br>1 Financial Center<br>Boston, MA 02111<br>Email:  djgoodrich@mintz.com<br>         rtdougherty@mintz.com<br><br>*Attorneys for Mark Manoogian* |

18-cr-04683-GPC

DEFENDANTS' MOTION *IN LIMINE* NO. 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JACOB BYCHAK et al.,<br><br>　　　　Defendants | Case No. 3:18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' MOTION *IN LIMINE*<br>No. 8 TO EXCLUDE GOVERNMENT'S<br>404(b) EVIDENCE**<br><br>Date: April 7, 2022<br>Time: 1:00 p.m.<br>Dept.: 2D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

To ensure that they receive a fair trial, Defendants respectfully move this Court to exclude the government's recently noticed prior bad act evidence ("404(b) evidence") (Dkt. No. 347) for lack of adequate notice and failure to satisfy Federal Rules of Evidence 403 and 404.

## II. STATEMENT OF FACTS.

The Court is familiar with the allegations and parties in this case, and counsel will not spill further ink restating the same here. A detailed summary of the relevant background facts is set forth in Defendants' *Motion for Bill of Particulars* (Dkt. No. 38) and *Joint Motion to Dismiss Wire Fraud Counts 2-5* (Dkt. No. 149). In brief, in the early 2010s, Defendants worked at a digital advertising company ("Company A"). Defendants' job responsibilities included obtaining blocks of Internet Protocol ("IP") addresses (called netblocks) for Company A's marketing and advertising campaigns for well-known companies and businesses. The government contends that five netblocks were fraudulently acquired and used to send an impermissible volume of commercial emails. Dkt. No. 1. Defendants are charged with conspiracy (18 U.S.C. § 371), Wire Fraud (18 U.S.C. § 1343, and Electronic Mail Fraud under the CAN-SPAM Statute (18 U.S.C. § 1037(a)(5) and (b)(2)(C)). Company A and its executives were never criminally prosecuted. Defendants have pleaded not guilty and dispute all allegations.

## III. DESPITE A NINE-YEAR INVESTIGATION, THE GOVERNMENT FIRST PROVIDED 404(b) NOTICE SIX DAYS AGO.

The government began investigating this case in 2013 – nine years ago. The indictment was brought on October 31, 2018 – over three years ago. *See* Dkt. No. 1. Yet on March 18, 2022, just **six days** before the deadline to file motions *in limine*, the government for the first time filed a notice of its intent to present evidence of "other acts" pursuant to Federal Rule of Evidence 404(b). *See* Dkt. No. 347. These "other acts" include six netblocks contained on a chart in a grand jury exhibit and not referenced in the

indictment (*id.* at 2-4) and three additional uncharged netblocks allegedly obtained from a broker in India (Dkt. No. 347 at 4-5). The government's March 18, 2022 filing is ***the very first time*** that the government ever advised Defendants' counsel that its case in chief would include documents, witnesses, and allegations related to these three additional uncharged netblocks (the "AFRINIC netblocks"). *Id.* at 4. With boilerplate citation to Rule 404(b), the government claims that admission of the three additional uncharged AFRINIC netblocks is proper to prove Defendants' purported "intent, preparation, plan, knowledge, and absence of mistake." *Id.* at 5.

The government is wrong. First, the government should be precluded from introducing this evidence because it has failed to explain the purpose of such evidence with appropriate specificity sufficiently in advance of trial to allow Defendants to prepare. Without a substantial continuance of the upcoming trial date, admission of the AFRNIC netblocks would severely prejudice Defendants who have virtually no time left to adequately investigate and prepare a constitutionally effective defense to the government's expanded case. Further, beyond the lack of adequate notice, the government's AFRINIC evidence must be excluded under Federal Rules of Evidence 403 and 404.

### IV. THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING 404(b) EVIDENCE FOR LACK OF ADEQUATE, TIMELY NOTICE.[1]

Rule 404(b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. Fed. R. Evid. 404(b). "Reasonable [404(b)] notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999); *see also* Fed. R. Evid. 404 advisory committee's notes on 2020 amendments ("Advance notice of Rule 404(b) evidence is important so that the parties and the court have

---

[1] The government's notice at Dkt. No. 347 also included arguments regarding proposed certifications, business records, and summary exhibits. Defendants do not consent to the admissibility or relevance of the certifications or summary exhibits, nor the accuracy of the summary exhibits, and reserve the right to raise additional objections at trial.

adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied."). The defense properly requested Rule 404(b) notice *well in advance of trial* through a discovery motion, filed on November 20, 2018. Dkt. No. 36-1 at 3-4. In the motion, the defense requested that the government, "articulate precisely the evidential hypotheses by which a fact of consequence may be inferred from other acts evidence." *Id*. at 4 (citing *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (internal citations omitted)); *see also United States v. Daugerdas*, No. S3 09 CR. 581 WHP, 2011 WL 573587, at *2 (S.D.N.Y. Feb. 16, 2011) (precluding the government from introducing *forty-two* exhibits containing 404(b) evidence because defendants did not have an adequate opportunity to investigate and rebut such evidence).

The government's 404(b) notice –filed *less than a week* prior to motions *in limine* deadline in a case it has been investigating and prosecuting *since 2013* – is egregiously and inexplicably delayed. This nine-year investigation and prosecution involves more than two million pages of discovery and dozens of potential witnesses. Defendants have spent nearly four years preparing their defense to the charged conduct. In those four years, the government never once advised that its case relied on or included the uncharged, unrelated AFRINIC netblocks. Accordingly, despite significant pre- and post-indictment investigation, Defendants have never once had any reason to analyze the uncharged, entirely unrelated AFRINIC netblocks and the substantial discovery and witnesses related to these netblocks. Further, an initial search in the more than two million pages of discovery shows the brokers involved in the AFRINIC netblocks appear to have done substantial business with Company A. The defense would need time to review those documents to adequately prepare their defenses to these last minute new allegations.

Moreover, even in its 404(b) notice, the government fails to enumerate the specific emails and documents regarding the AFRINIC netblocks on which its case will rely. During a meet and confer call with government counsel on March 22, 2022, the government still failed to identify the exhibits and witnesses it would introduce in support of the AFRINIC

netblocks and indicated it did not know who those witnesses would be, explaining that its witness and exhibit lists were not yet complete. One of the AFRINIC netblocks involved an Indian broker that the defense would need time to interview and could result in Rule 15 deposition testimony since he lives out of the country. Given what is necessary to properly prepare defenses to this newly raised netblocks, Defendants do not have adequate time to properly prepare before the current trial.[2]

The Court should preclude any evidence of the unrelated and uncharged AFRINIC netblocks. Alternatively, if the Court is inclined to admit this evidence, defense counsel requires and requests a continuance of the current trial date to provide constitutionally effective representation to defend against the expanded prosecution case. Particularly, Company A did substantial business with some of these brokers, which necessarily expands the scope of discovery the defense needs to review as well as interviews of witnesses, which are overseas, the defense should be afforded the opportunity to conduct. If these netblocks are admitted without continuing the upcoming trial date, the government has a substantial and prejudicial tactical advantage over Defendants, who are just now learning of them.

## V. THE COURT SHOULD EXCLUDE THE GOVERNMENT'S 404(b) EVIDENCE FOR FAILURE TO ADEQUATELY ARTICULATE A LEGITIMATE, NON-PROPENSITY USE.

As the Court well knows, in addition to the "reasonable notice" requirement, Rule 404(b) also requires the government to articulate "the permitted purpose" for such evidence

---

[2] Upon receiving the government's late notice, Defendants began searching discovery to ascertain the universe of documents related to these netblocks. During the meet and confer, the government identified discovery production no. 17 as containing relevant documents. However, and while Defendants have not yet completed a review of the discovery, Defendants have identified thousands of individual documents – many of which are multiple pages long – that must be reviewed, analyzed, and investigated. This process will take a long time – even if Defendants weren't mired in dozens of other eve-of-trial related tasks. Defendants do not know when they will complete a review of the AFRINIC netblock related discovery but can supplement their opposition to the government's 404(b) notice at that time.

and the "reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(A), (B).  It is ***insufficient*** for the proponent of Rule 404(b) evidence to "simply [ ] point to a purpose in the 'permitted' list," the proponent must also provide a "chain of reasoning that supports the non-propensity purpose." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). The use of evidence pursuant to 404(b) "must be narrowly circumscribed and limited." *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) (quotation omitted).  The government therefore "must articulate ***precisely*** the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Mehrmanesh*, 689 F.2d at 830 (citing *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added); *accord United States v. Brook*, 4 F.3d 1480, 1483 (9th Cir. 1993).  It has failed to do so here.

      The government's notice merely says its AFRINIC evidence proves "intent, preparation, plan, knowledge, and absence of mistake regarding defendants' misuse of LOAs to acquire control and use of IP addresses that were not rightfully theirs."  Dkt. No. 347 at 5.  But beyond rote citation to a laundry list of 404(b) bases, the government wholly fails to articulate any evidential hypothesis by which a fact of consequence may be inferred. Instead, the government argues that the jury can infer that Defendants committed the charged crimes with the government's cooperators because the government wrongly asserts that Defendants committed the same crime with another person.  The government's argument highlights the true propensity reason the government wants the AFRINIC evidence admitted. *Id*. ("It is anticipated that the defendants will claim they were defrauded by Dye and Tarney, and therefore lacked criminal intent. The defendants' acquisition and use of the hijacked AFRINIC netblocks did not, however, involve either Dye or Tarney."). Of course, without being able to investigate and know the circumstances and details of the alleged other crime, one cannot determine what, if anything, that evidence demonstrates regarding defendants' intent or knowledge.  The government's rote citation to permissible 404(b) uses does not transform its impermissible propensity argument into one involving the specificity necessary to meet an exception allowed by Rule 404(b).

Further, the government's propensity argument rests on faulty reasoning and unsupported assertions as its notice fundamentally misrepresents the AFRINIC evidence. The government argues that Defendants "forged a LOA" relating to a "hijacked" netblock acquired from a broker in India. Dkt. No. 347 at 5. But critically, in Defendants' review thus far of the voluminous AFRINIC discovery (*see supra* at 4, n.2), *there appears zero evidence* that Defendants "forged" a LOA or knew the AFRINIC netblocks were "hijacked." In fact, in its notice and the parties' recent meet and confer call, *the government does not point to a single exhibit or witness statement to the contrary*.

The net effect of the government's notice is to suggest that its cooperators may not have been the only ones who defrauded the clients or dealt in bad netblocks. But this does not make any fact of consequence related to the indictment's charges more or less probable, nor does it have any relevance to any element of the charges against Defendants. Introduction of this evidence would run afoul of Rules 404(a)(1) and (b)(1) and must be excluded. *See Hodges*, 770 F.2d at 1479 (noting that 404(b) evidence is dangerous because the jury may punish a defendant not for what he did in this case, but instead for who he is).

## VI. THE COURT SHOULD EXCLUDE THE GOVERNMENT'S 404(b) EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 403.

The government carries the burden of showing how evidence that a broker in India gave Defendants' company other allegedly "hijacked" IPs is relevant and permissible under Rule 403. *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004) (concluding that district court's admission of 404(b) evidence is subject to analysis under Fed. R. Evid. 403). But the government's AFRINIC evidence is not probative and substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403.

Introduction of AFRINIC evidence will needlessly cause a trial within a trial and dramatically expand the scope of this already expansive and overbroad prosecution of first impression. The indictment's charges relate to just five netblocks, but the government intends to present evidence and witnesses related to an additional six disputed and

uncharged netblocks that its cooperator sold Defendants. Dkt. No. 347 at 2-3. These additional six uncharged netblocks involve **over 47,000 pages of discovery** and therefore dramatically expand the scope of what would otherwise be a succinct and short trial, thereby already wasting judicial and juror resources, confusing the issues, and causing undue delay. Piling on three more disputed, unrelated, uncharged AFRINIC netblocks with thousands of additional pages of discovery and an unknown number of unique exhibits and witnesses only compounds the substantial prejudice Defendants face, further confuses the issues, causes additional undue delay, and wastes even more time. *See United States v. Perkins*, 937 F.2d 1397, 1401 (9th Cir. 1991) ("The district court did not abuse its discretion in focusing the trial on the offense at issue."). The weighing of prejudice against probative value clearly warrants preclusion of the evidence under Rule 403.

## VII. CONCLUSION.

For the foregoing reasons, the Court should exclude the government's 404(b) evidence by granting Defendants' Motion *in Limine* No. 8.

Respectfully submitted,

Dated: March 24, 2022           **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Whitney Z. Bernstein*
    Thomas H. Bienert, Jr.
    James D. Riddet
    Whitney Z. Bernstein
    Carlos A. Nevarez
    *Attorneys for Mohammed Abdul Qayuum*

DATED: March 24, 2022          **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: */s/ Randy K. Jones*
    Randy K. Jones
    Daniel J. Goodrich (Pro Hac)
    Ryan Dougherty (Pro Hac)
    *Attorneys for Mark Manoogian*

| | | |
|---|---|---|
| 1 | DATED:  March 24, 2022 | **WIECHERT, MUNK & GOLDSTEIN, PC** |
| 2 | | By:  */s/ Jessica C. Munk* |
| 3 | | David W. Wiechert |
| 4 | | Jessica C. Munk |
| 5 | | William J. Migler |
| | | *Attorneys for Jacob Bychak* |
| 6 | DATED:  March 24, 2022 | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** |
| 7 | | |
| 8 | | |
| 9 | | By:  */s/ Gary S. Lincenberg* |
| 10 | | Gary S. Lincenberg |
| | | Nicole Rodriguez Van Dyk |
| 11 | | Darren L. Patrick |
| | | Alexis A. Wiseley |
| 12 | | *Attorneys for Petr Pacas* |

8                                              3:18-cr-04683-GPC
DEFENDANTS' MOTION *IN LIMINE* NO. 8

**CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

    The undersigned counsel of record for Mohammed Abdul Qayyum certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

                                               */s/ Whitney Z. Bernstein*
                                                Whitney Z. Bernstein

# CERTIFICATE OF SERVICE

Counsel for Defendant Mohammed Abdul Qayuum certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

>AUSA Melanie K. Pierson
>AUSA Sabrina L. Feve
>AUSA Ashley E. Goff
>U.S. Attorney's Office
>880 Front Street, Rm 6293
>San Diego, CA 92101
>melanie.pierson@usdoj.gov
>sabrina.feve@usdoj.gov
>ashley.goff@usdoj.gov

>Candina S. Heath
>Department of Justice
>1301 New York Avenue NW, Suite 600
>Washington, DC 20530
>candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on March 24, 2022, at Los Angeles, California.

>*/s/ Whitney Z. Bernstein*
>Whitney Z. Bernstein