| | |
|---|---|
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP**<br>Thomas H. Bienert, Jr., SBN 135311<br>James D. Riddet, SBN 39826<br>Whitney Z. Bernstein, SBN 304917<br>Carlos A. Nevarez, SBN 324407<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone:  (949) 369-3700<br>Email:  tbienert@bklwlaw.com<br>         jriddet@bklwlaw.com<br>         wbernstein@bklwlaw.com<br>         cnevarez@bklwlaw.com<br><br>*Attorneys for Mohammed Abdul Qayyum* | **WIECHERT, MUNK<br>& GOLDSTEIN, PC**<br>David W. Wiechert, SBN 94607<br>Jessica C. Munk, SBN 238832<br>William J. Migler, SBN 318518<br>27136 Paseo Espada, Suite B1123<br>San Juan Capistrano, CA  92675<br>Telephone:  (949) 361-2822<br>Email:  dwiechert@aol.com<br>         jessica@wmgattorneys.com<br>         william@wmgattorneys.com<br><br>*Attorneys for Jacob Bychak* |
| **BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**<br>Gary S. Lincenberg, SBN 123058<br>Nicole Rodriguez Van Dyk, SBN 261646<br>Darren L. Patrick, SBN 310727<br>Alexis A. Wiseley, SBN 330100<br>1875 Century Park East, Floor 23<br>Los Angeles, CA 90067<br>Telephone:  (310) 201-2100<br>Email: glincenberg@birdmarella.com<br>         nvandyk@birdmarella.com<br>         fpatrick@birdmarella.com<br>         awiseley@birdmarella.com<br><br>*Attorneys for Petr Pacas* | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**<br>Randy K. Jones, SBN 141711<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, Ca 92130<br>Telephone: (858) 314-1510<br>Email: rkjones@mintz.com<br><br>Daniel J. Goodrich, BBO 692624 (Pro Hac)<br>Ryan Dougherty, BBO 703380 (Pro Hac)<br>1 Financial Center<br>Boston, MA 02111<br>Email:  djgoodrich@mintz.com<br>         rtdougherty@mintz.com<br><br>*Attorneys for Mark Manoogian* |

18-cr-04683-GPC

DEFENDANTS' OPPOSITION TO MOTION *IN LIMINE* TO ADMIT: (1) COCONSPIRATOR STATEMENTS; AND (2) EVIDENCE OF NETBLOCKS NOT IDENTIFIED IN THE SUBSTANTIVE COUNTS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB BYCHAK et al., <br><br> Defendants | Case No. 3:18-cr-04683-GPC <br> Hon. Gonzalo P. Curiel <br><br> **DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT: (1) COCONSPIRATOR STATEMENTS; AND (2) EVIDENCE OF NETBLOCKS NOT IDENTIFIED IN THE SUBSTANTIVE COUNTS [DKT. 350]** <br><br> Date:  April 7, 2022 <br> Time: 1:00 p.m. <br> Dept.: 2D |

18-cr-04683-GPC

DEFENDANTS' OPPOSITION TO MOTION *IN LIMINE* TO ADMIT: (1) COCONSPIRATOR STATEMENTS; AND (2) EVIDENCE OF NETBLOCKS NOT IDENTIFIED IN THE SUBSTANTIVE COUNTS

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court should deny the government's motion ("Motion") to admit: (1) statements allegedly made by purported coconspirators during and in furtherance of the alleged conspiracy to use the GetAds netblocks; and (2) evidence of GetAds and AFRINIC netblocks identified in the notice filed by the government on March 18, 2022 [Dkt. 347] ("404(b) Notice").

## I. THE COURT SHOULD EXCLUDE ANY ALLEGED STATEMENTS MADE BY PURPORTED COCONSPIRATORS.

As the government's own cited authority recognizes, "an accused's knowledge of and participation in an alleged conspiracy with the putative coconspirator are *preliminary* facts that must be established, by a preponderance of the evidence, *before* the coconspirator's out-of-court statements can be introduced into evidence." *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994) (emphasis added), citing *United States v. Silverman,* 861 F.2d 571, 576 (9th Cir. 1988). In order to establish these facts, "the government cannot rely solely on the coconspirator statements themselves." *Castaneda*, 16 F.3d at 1507, citing *Silverman*, 861 F.2d at 578; *see also* Fed. R. Evid. 801(d)(2) ("The statement … does not by itself establish … the existence of the conspiracy or participation in it"); *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996) (finding hearsay statements are "presumptively unreliable" and that "for such statements to be admissible, there must be some independent corroborating evidence of the defendant's participation in the conspiracy").

To prove a connection between the accused and the alleged conspiracy, the government must produce "some independent evidence which, viewed in light of the coconspirator statements, establishes the requisite connection between the accused and the conspiracy." *Castaneda*, 16 F.3d at 1507. The government must prove not only that each Defendant is a member of the conspiracy, but also that each declarant is. *United States v. Liera*, 585 F.3d 1237, 1245-46 (9th Cir. 2009) (vacating conviction due to trial judge's error

in admitting hearsay statements without the government first proving that declarant was a member of the conspiracy). And the government must also prove that any hearsay statements it seeks to introduce were made "in furtherance" of that conspiracy. Fed. R. Evid. 801(d)(2)(E); *United States v. Eubanks*, 591 F.2d 513, 520 (9th Cir. 1979) ("Not all statements made by co-conspirators can be considered to have been made in furtherance of the conspiracy").

Here, the government fails to meet its burden as the Motion does not identify or attach *any* facts or independent evidence establishing the Defendants' knowledge of and participation in an alleged conspiracy with the putative coconspirators, or that the statements it seeks to admit were made in furtherance of the conspiracy. Rather, the Motion merely contains conclusory assertions regarding grand jury exhibits "produced in discovery" – yet not provided to the Court in support of the Motion – that purportedly show an alleged conspiracy. *See* Motion at 3-4.

As the government cannot prove (a) that a conspiracy existed, (b) that Dye and Tarney were a part of it, (c) that any or all of Defendants were also a part of it, or (d) that any statements of Dye and Tarney were made in furtherance of that conspiracy, the Court should deny the government's motion to admit out-of-court statements. *See, e.g., United States v. Archuleta*, No. CR 17-2956 JAP, 2018 WL 3242286, at *3-7 (D.N.M. July 3, 2018) (declining to reconsider an order denying the government's motion to admit five text messages as coconspirator statements where the government "produced no evidence of an agreement between the Defendants to commit the charged crime of Conspiracy"); *United States v. Jett*, No. 116CR00001TWPTAB, 2017 WL 402154, at *3 (S.D. Ind. Jan. 30, 2017) (denying government's motion *in limine* to admit a coconspirator's statement because, *inter alia*, the government "provided almost no evidence to support its contention that the statement was made in the furtherance of an ongoing conspiracy"); *United States v. Moran OZ (2)*, No. CR1300273SRNFLN, 2017 WL 210232, at *1 (D. Minn. Jan. 18, 2017) (denying government's motion *in limine* to admit coconspirator statements where "[t]he

only evidence the Government points to are the pleas of other co-conspirators—none of which are yet part of the evidentiary record in this case" and "[i]t is not presently clear even what statements the Government hopes to admit"); *United States v. Farmer*, No. 08 CR 526, 2009 WL 3380943, at *3 (N.D. Ill. Oct. 16, 2009) (denying government's motion to admit unspecified statements "that may be recounted by [the] special agent … and the government's confidential source at trial" where "the government has not identified precisely what statements it seeks to admit" and, therefore, "the court cannot assess whether the statements were made by coconspirators, or whether the statements were made in furtherance of the conspiracy"); *United States v. Pharis*, No. CRIM.99-743, 2000 WL 1469330, at *2 (E.D. Pa. Sept. 26, 2000) (denying government's motion *in limine* to admit coconspirator statements "with leave to renew" because "the Government has not motioned to introduce any specific statements of Defendants and when exactly they occurred").

Moreover, the government's request to admit alleged coconspirator statements should be denied because it is premature. *See, e.g.*, *United States v. Davis*, No. 1:CR-10-211-BLW, 2011 WL 1704234, at *3 (D. Idaho May 3, 2011) (denying the government's motion to admit co-conspirator statements without prejudice since the motion was "dependent on the testimony and evidence at trial and not amenable to resolution in a pre-trial proceeding").

As the government has failed to establish the required foundation to introduce hearsay statements through the co-conspirator exception, the Court should not admit these unidentified statements. Not only would admission of such statements be extremely prejudicial to Defendants, but if the Court admits such statements and the government later fails to lay the required foundation, the only remedies would be a motion to strike or a mistrial. *See, e.g.*, *U.S.A. v. Rodriguez-Landa*, No. 213CR00484CAS135610, 2019 WL 653853, at *28 (C.D. Cal. Feb. 13, 2019) (noting that the Court will strike alleged coconspirator statements or "declare a mistrial" if "at the end of trial, the government fails to establish the requisite foundation"); *see also United States v. Harshaw*, 705 F.2d 317,

320-22 (8th Cir. 1983) (affirming district court's order declaring a mistrial where the government failed to establish the existence of a conspiracy by a preponderance of evidence independent of the hearsay statements themselves). The Court may admit co-conspirator statements without the required foundation only if it determines "that a motion to strike could cure the defects resulting from insufficient proof of the necessary preliminary facts." *United States v. Perez*, 658 F.2d 654, 659-670 (9th Cir. 1981). Here, the fiction that such a motion would unring the bell of Dye's and Tarney's statements in the minds of the jurors would threaten the integrity of the entire trial.

When the evidence outside of the improperly admitted hearsay statements is weak or non-existent, the admission of such statements is prejudicial to the defendant and warrants reversal. *See Silverman*, 861 F.2d at 580 (the "district court's error in admitting the [hearsay] statements, . . . was necessarily prejudicial and compels reversal" when the erroneously entered statements were a basis for the jury's conspiracy conclusion); *United States v. Tavares*, 512 F.2d 872, 875 (9th Cir. 1975) (where improperly admitted statements "were the strongest and the only direct evidence against [the defendant]," the admission was not harmless error); *United States v. Orellana-Blanco*, 294 F.3d 1143, 1152 (9th Cir. 2002) (same); *United States v. Felix-Jerez*, 667 F.2d 1297, 1304 (9th Cir. 1982) (same); *United States v. Alonzo*, 991 F.2d 1422, 1427 (8th Cir. 1993) (erroneous admission of hearsay evidence did not pass the "rigorous standard for harmless error" where a "crucial aspect of the prosecution's case was greatly enhanced by its use of the inadmissible [evidence]"); *United States v. Reyes*, 18 F.3d 65, 71-72 (2d Cir. 1994) (when the inadmissible co-conspirator statements "addressed the most important disputed issue in the trial" and there was no opportunity to cross-examine the alleged declarants, error was not harmless); *United States v. Am. Grain & Related Indus.*, 763 F.2d 312, 319 (8th Cir. 1985) (where government failed to produce any evidence to show that corporate counsel was a coconspirator and corporate counsel's statements conditionally admitted at trial were too prejudicial to be cured by a cautionary instruction, the Eighth Circuit reversed the

convictions of three defendants and granted them a new trial); *United States v. Helmel*, 769 F.2d 1306, 1315 (8th Cir. 1985) (reversing a defendant's conviction where the government failed "to connect conditionally admitted statements to the conspiracy," the district court's determination that the defendant was a coconspirator was clearly erroneous, and the admission of inadmissible hearsay not falling within the coconspirator exception was prejudicial error).

The government must meet its burden of establishing the foundation for the unknown statements' admissibility before the jury hears them.

## II. EVIDENCE RELATING TO THE GETADS AND AFRINIC NETBLOCKS IDENTIFIED IN THE 404(B) NOTICE IS INADMISSIBLE.

With respect to the government's request to admit evidence of GetAds and AFRINIC netblocks identified in the 404(b) Notice (*see* Motion at 5-9), the Defendants have filed *Motion in Limine No. 8 to Exclude Government's 404(b) Evidence*, which addresses the points raised by the government in this Motion. *See* Dkt. 360. Defendants hereby incorporate by reference all arguments set forth in their *Motion in Limine No. 8*.

Even in its Motion, the government entirely fails to establish an evidentiary connection between its AFRINIC evidence and Defendants' purported intent or knowledge. Instead, without any evidentiary link, the government suggests that it knows that the AFRINIC netblock transactions were questionable and disreputable, and that a jury can therefore infer that Defendants had the requisite knowledge and intent with respect to the charged netblocks. The Court should not invite a trial within a trial by admitting this unfounded propensity evidence. Moreover, the government's citation to a December 2019 news article it produced in discovery is irrelevant; there is no allegation at all that Defendants are familiar with this article. *See* Motion at 8.

For the foregoing reasons, the Court should deny the government's Motion *in Limine* requesting an order admitting coconspirator statements and evidence of netblocks not identified in the substantive counts in the Indictment.

Respectfully submitted,

Dated: March 31, 2022

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: /s/ Whitney Z. Bernstein
   Thomas H. Bienert, Jr.
   James D. Riddet
   Whitney Z. Bernstein
   Carlos A. Nevarez
   *Attorneys for Mohammed Abdul Qayyum*

DATED: March 31, 2022

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: /s/ Randy K. Jones
   Randy K. Jones
   Daniel J. Goodrich (Pro Hac)
   Ryan Dougherty (Pro Hac)
   *Attorneys for Mark Manoogian*

DATED: March 31, 2022

**WIECHERT, MUNK & GOLDSTEIN, PC**

By: /s/ Jessica C. Munk
   David W. Wiechert
   Jessica C. Munk
   William J. Migler
   *Attorneys for Jacob Bychak*

DATED: March 31, 2022

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERT & RHOW, P.C.**

By: /s/ Gary S. Lincenberg
   Gary S. Lincenberg
   Nicole Rodriguez Van Dyk
   Darren L. Patrick
   Alexis A. Wiseley
   *Attorneys for Petr Pacas*

**CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

    The undersigned counsel of record for Defendant Abdul Mohammed Qayyum certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

                                                     */s/ Whitney Z. Bernstein*
                                                      Whitney Z. Bernstein

# CERTIFICATE OF SERVICE

Counsel for Defendant Mohammed Abdul Qayyum certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

> AUSA Melanie K. Pierson
> AUSA Sabrina L. Fève
> AUSA Ashley E. Goff
> U.S. Attorney's Office
> 880 Front Street, Rm 6293
> San Diego, CA 92101
> melanie.pierson@usdoj.gov
> sabrina.feve@usdoj.gov
> ashley.goff@usdoj.gov

> Candina S. Heath
> Department of Justice
> 1301 New York Avenue NW, Suite 600
> Washington, DC 20530
> candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on March 31, 2022, at San Clemente, California.

*/s/ Whitney Z. Bernstein*
Whitney Z. Bernstein