**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
Carlos A. Nevarez, SBN 324407
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:  (949) 369-3700
Email:  tbienert@bklwlaw.com
            jriddet@bklwlaw.com
            wbernstein@bklwlaw.com
            cnevarez@bklwlaw.com

*Attorneys for Mohammed Abdul Qayyum*

**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
William J. Migler, SBN 318518
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA  92675
Telephone:  (949) 361-2822
Email:  dwiechert@aol.com
            jessica@wmgattorneys.com
            william@wmgattorneys.com

*Attorneys for Jacob Bychak*

**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**
Gary S. Lincenberg, SBN 123058
Nicole Rodriguez Van Dyk, SBN 261646
Darren L. Patrick, SBN 310727
Alexis A. Wiseley, SBN 330100
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone:  (310) 201-2100
Email: glincenberg@birdmarella.com
           nvandyk@birdmarella.com
           fpatrick@birdmarella.com
           awiseley@birdmarella.com

*Attorneys for Petr Pacas*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, Ca 92130
Telephone: (858) 314-1510
Email: rkjones@mintz.com

Daniel J. Goodrich, BBO 692624 (Pro Hac)
Ryan Dougherty, BBO 703380 (Pro Hac)
1 Financial Center
Boston, MA 02111
Email:  djgoodrich@mintz.com
             rtdougherty@mintz.com

*Attorneys for Mark Manoogian*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB BYCHAK et al.,<br><br>    Defendants | Case No. 3:18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO: (1) SET REASONABLE TIME LIMITS; AND (2) PRECLUDE SPEAKING OBJECTIONS [DKT. 228]**<br><br>Date: April 7, 2022<br>Time: 1:00 p.m.<br>Dept.: 2D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The government's motion *in limine* seeking an order setting time limits for trial, designating a single lawyer on the defense side as lead counsel for cross-examination of each government witness, and precluding speaking objections ("Motion") is without merit. *See* Dkt. 228. At its essence, the Motion suggests that the Court is incapable of managing its courtroom and the pace of the upcoming trial and needs to impose strict guidelines because of the government's unfounded speculation that there is a "risk" that the trial will take longer than the government wants for the parties to defend their case. Although it suggests the imposition of trial hour limits, the Motion does not propose any numbers but instead suggests the government should have free rein and Defendants should be limited.

Defendants have a constitutional right to defend themselves against the government's indictment from a conviction, loss of liberty, and collateral consequences of deportation. That right is absolute, and should not be infringed upon, especially without any basis for doing so. As noted by the government's own cited authority, "a district court should impose time limits **only when necessary**." *United States v. Hildebrand*, 928 F. Supp. 841, 848 (N.D. Iowa 1996) (citation omitted) (emphasis added). Here, the government has wholly failed to explain why such limits are necessary and, instead, cites to inapplicable authority in support of its position. The Court knows how to handle its courtroom and encourage the parties to streamline their respective cases. The order requested by the government, therefore, is unwarranted and the Court should permit both sides to try the case.

Separately, the government's request for an order precluding speaking objections is unnecessary in light of the Court's own rule prohibiting such objections unless the Court requests further information from counsel.[1] Like with its other arguments, the government

---

[1] *See* Hon. Gonzalo P. Curiel, Criminal Pretrial & Trial Procedures at p. 3 (emphasis added), https://www.casd.uscourts.gov/Judges/curiel/docs/Curiel%20Criminal%20Chambers%20Rules.pdf (last accessed March 28, 2022) ("Chambers Rules").

cites irrelevant and inapt authority to support its claim that the Court cannot run the trial and instead must issue an order on speaking objections.

In sum, the government fails to provide any cogent reason to justify the order requested in the Motion. Accordingly, the Court should deny Motion in its entirety.

## II.   THE GOVERNMENT'S REQUEST FOR TIME LIMITS AT TRIAL IS UNFOUNDED.

Courts generally look upon rigid hour limits for trials with disfavor. *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995), citing *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 450–51 (9th Cir. 1994) and *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 473 (7th Cir. 1984); *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996).

While trial courts have discretion to expedite the completion of trials, "they must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency." *General Signal Corp.*, 66 F.3d at 1509; *see also Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) (recognizing that a trial court's discretion to set "time limit on counsel" itself "has its limits," as it is essential for "parties through their lawyers to present information in a manner that is comprehensible to a judge or jury" and "[w]hen the manner of the presentation of information to a jury is judicially restricted to the extent that the information becomes incomprehensible then the essence of the trial itself has been destroyed"); *United States v. Kubini*, 304 F.R.D. 208, 216 (W.D. Pa. 2015) (district court determined that it would not impose time limits at trial, even though the case involved "four defendants with very different roles in the alleged fraud").

The government's position is that the instant case is complicated – necessitating the imposition of time limits – as there is a "significant risk" that the trial will "devour far more time than is necessary for each party to fairly and effectively present its case to the jury." *See* Motion at 2. But it is clear that the Court can adequately control the pace of trial and abide by the dictates of the Federal Rules of Evidence. *See, e.g.*, Fed. R. Evid. 611(a)

(commanding the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment"); *see also United States v. Vest*, 116 F.3d 1179, 1187 (7th Cir. 1997) ("time limits are no substitute for involved trial judges who must always shepherd trials along, curtailing repetitive, irrelevant, and immaterial questioning").

The government also fails to identify the number of hours each side should be limited to and implies that it should be provided with the time it requests while imposing a unilateral limitation of the Defendants' hours at trial. *See* Motion at 1-5. The government's position is fundamentally unjust and fails to appreciate that defense preparations are fluid since they depend largely on what witnesses and evidence the government chooses to present. Moreover, it is not only unsupported by its cited authority, but contrary to case law in this District. *See, e.g.*, *United States v. W. Titanium, Inc.*, No. 08-CR-4229-JLS, 2010 WL 3988291, at *7 (S.D. Cal. Oct. 12, 2010) (denying the government's "motion to set time limits" because "the Court cannot, and does not, have a realistic understanding of what the proof will be and how much time would be adequate for either side to present its case").

The government's quotation of *Hildebrand* deliberately leaves out the key preface to the court's pronouncement: "***a district court should impose time limits only when necessary***, *after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time.*" *See Hildebrand*, 928 F. Supp. at 848, citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995) (italics in original, but bolding added); Motion at 4 (quoting *Hildebrand* but omitting the bolded language). *Hildebrand* is also distinguishable since it involved a fifty-nine page, forty-four count indictment charging eleven defendants with various federal offenses – a far cry from the seven-page, ten-count Indictment charging four defendants in this matter – and the *Hildebrand* court did *not* impose any trial limits but stated that it "***may*** promulgate a Trial Management Order" specifying time limits following

the review of certain *in camera* submissions by both sides. *See Hildebrand*, 928 F. Supp. at 843, 851 (emphasis added). The government has failed to explain or show why such extreme measures are warranted here.

Further, *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) is inapplicable. *See* Motion at 2. In that case, the Ninth Circuit held that a district court did not abuse its discretion in imposing a one-day time limit for a civil bench trial that focused on two discrete employment discrimination issues: (1) whether the plaintiff was offered and provided a reasonable accommodation; and (2) whether the defendant failed to hire the plaintiff due to his disability. *See id.* at 1088. Among other things, the Ninth Circuit noted that the district court "continued the trial to a second day and gave each party an additional twenty minutes for closing arguments" and the plaintiff failed to indicate "what additional evidence he would have offered on those two issues if provided more time." *Id.*[2]

Likewise, the government's reliance on *United States v. Cousar*, No. CRIM.A. 06-007, 2007 WL 4456798 (W.D. Pa. Dec. 16, 2007) is misplaced. *See* Motion at 2-3. In that trial management order, the district court established time limits in a complex construction fraud case involving a fifty-three-page indictment and thirty-nine criminal charges alleging fraud during three separate construction projects – again, much different from the seven-page, ten-count Indictment here. Moreover, the *Coursar* court established trial time limits after determining that the proffered testimony of the **government's** witnesses was "cumulative" and there was "substantial overlap of the [government witnesses'] testimony related to the common schemes in this case," rather than a concern about the defense's cumulative testimony. *See id.* at *1, *3.[3] In any event, even though the district court in

---

[2] *Geders v. United States*, 425 U.S. 80 (1976) is similarly inapt. *See* Motion at 3. *Geders* had nothing to do with the imposition of time limits on trial, but rather whether "an order preventing [the defendant in a federal criminal prosecution] from consulting his counsel 'about anything' during a 17-hour overnight recess between his direct-and cross-examination impinged upon his right to the assistance of counsel." *Geders*, 425 U.S. at 91.

[3] The anticipation of the **government's** presentation of cumulative evidence is what also distinguishes this case from *United States v. Reaves*, 636 F. Supp. 1575 (E.D. Ky. 1986),

*Cousar* initially limited each side's presentation, that order was vacated, the *Cousar* court later "granted the parties additional time," and "[e]ach of the defendants [in *Cousar*] then pled guilty to certain charges so it is unclear how those case management techniques would have fared." *See Kubini*, 304 F.R.D. at 216-18.

In addition, the government cites *General Signal Corp.* for the proposition that "it is not an abuse of discretion for the court to enforce time limits." *See* Motion at 3, citing *General Signal Corp.*, 66 F.3d at 1509. But that case bears **no resemblance** to the one at bar because the parties in that ***civil*** matter had "agreed in the joint pretrial statement that 14 days (56 hours) would be sufficient for the trial." *See* 66 F.3d at 1508. And the Ninth Circuit determined that the district court was sufficiently flexible in enforcing its 14-day limit where the complaining party "was primarily responsible for its inability to present its case within the time limits" by using the vast majority of its time during its case in chief "introducing duplicative evidence and taking a leisurely approach to its presentation," failed to "heed at least five specific warnings by the district court to save sufficient time for cross-examination," and filed a response to a motion that stated, among other things: "We have found that your time limits have assisted us in presenting a better and more efficient case ... [W]e do not believe either party should be given additional hours." *Id.* at 1509.

---

cited on page 4 of the Motion. In that 36-year old opinion, the Kentucky court overseeing a criminal tax fraud case rejected challenges to its authority to impose time limits at trial where the **government** "intended to introduce numerous tax returns of various individuals and partnerships page by page, making little effort to organize the voluminous evidence into a meaningful pattern or streamline the presentation of the case by the use of charts or summary exhibits," and imposed trial time limits because the "***prosecutorial*** penchant to regard the omission of any job or title of possible evidence with the same horror as Scrooge regarded the expenditure of a shilling" "convinced [the court that] an excessive amount of its time was about to be consumed by a wasteful, duplicative, and inefficient method of introducing evidence." *See Reaves*, 636 F. Supp. at 1576-77 (emphasis added). The government has wholly failed to demonstrate that Defendants will proceed in a remotely similar manner here, and it should have to make such a showing before this Court condones infringing on Defendants' constitutional rights to present a defense.

*United States v. Ackerly*, No. CR 16-10233-RGS, 2018 WL 443449 (D. Mass. Jan. 16, 2018) also fails to support the government's request to impose time limits on Defendants. *See* Motion at 3. *Ackerly* is merely a Massachusetts district court's order on the government's motion for reconsideration "of the court's order concerning trial limits" that contains broad pronouncements like those cited in the Motion but fails to set forth any facts that could shed light on what guided that court to its decision. And the court in *Ackerly* observed that a court's discretion in imposing time limits "must be guided by an assessment of the complexity of the case to ensure that the parties can 'present[ ] sufficient evidence on which to base a reliable judgment" and in the criminal context, "a court must respect a defendant's right to testify in his own defense and his right to confront the witnesses against him." *Ackerly*, 2018 WL 443449, at *1 (citations omitted). Thus, if anything, the principles elucidated in *Ackerly* favor the **defense's** position that the Court should not countenance the government's request to limit Defendants and give the government free rein.

The government also cites to three cases to support the claim that it is proper to limit a defendant's direct testimony "where further testimony would be cumulative." Motion at 3. Not only does the government fail to offer any rationale for the imposition of time limits on the Defendants' direct testimonies here, but the cases are also easily distinguishable. *United States v. Scott*, 789 F.2d 795 (9th Cir. 1986) involved a defendant charged with six counts of unauthorized sale of government property who claimed that the trial court's imposition of a time limit on his testimony denied him a fair trial because he could not give a "thorough presentation of the armory improvements" and his defense centered on his belief that he was authorized to sell the property at issue as evidenced by his use of the proceeds "to clean up an armory and put it in a condition to pass inspection. *See id.* at 796-97, 799. The Ninth Circuit rejected this argument, finding that the record established that "the jury received a full picture of the improvements" and "[a]ny further testimony would have been cumulative." *See id.* at 799. Unlike the situation in *Scott,* the government has

not – and cannot – show at this time that any testimony proffered by the Defendants would be cumulative.

The other cases cited by the government are similarly unsupportive of its position. In *United States v. Hay*, 122 F.3d 1233, 1237 (9th Cir. 1997), the Ninth Circuit held that any error in putting a time limit on the defendant's direct testimony was harmless where the defendant failed to identify any evidence that he was prevented from presenting or show that the time limit weakened his case and, in fact, conceded that he was able to testify on redirect about the testimony that he had wanted to give on direct.  And in *United States v. Tilley*, 326 F. App'x 96, *1 (3d Cir. 2009), an unpublished opinion in which the Third Circuit rejected the defendant's claim that the district court had violated his Sixth Amendment rights by setting a time limit for his testimony, the Court found that the defendant's argument was "simply not supported by the record," which showed that the district court permitted the defendant to testify after the conclusion of evidence "and after [the defendant] himself, acting *pro se,* had stated on the record that the defense rested," the defendant "testified at length before finally saying, 'I'm done,'" and the court "then made certain that [the defendant] had no more testimony to offer before excusing him as a witness." *See id.* at *1.

Lastly, the government references the case of *United States v. San Diego Gas & Electric*, 06-CR-0065-DMS, for the argument that "[t]here is precedent in this District for imposition of reasonable time limits in criminal trials." Motion at 4-5.  But the government fails to provide any citations, docket references, or any other evidence relating to this 16 year-old case to support its claim that Judge Sabraw allegedly issued orders limiting each side to 40 hours of testimony and ordering the defense to designate one lead counsel for cross-examination of each government witness.  Nor could defense counsel identify any

such filings from the docket.[4] The only relevant document on the case docket is the *Defendants' Joint Estimate of Length of Trial*, which reflects that the defense was "agreeable to assigning lead counsel for direct and cross-examination (reserving of course the rights of respective Defendants to undertake whatever additional non-duplicative examination is constitutionally appropriate)." *See* attached Exhibit A. Here, Defense counsel reached no such agreement with the government. As such, none of these cases explain why an order "designating a single lawyer as lead counsel for cross-examination of each government witness" is necessary under the "specific circumstances of this case." *See* Motion at 5.

For all of these reasons, the Court should deny the government's request for an order setting trial time limits and designating a single lawyer on the defense side as lead counsel for cross-examination of each government witness.

### III. AN ORDER PRECLUDING SPEAKING OBJECTIONS AT TRIAL IS UNNECESSARY IN LIGHT OF THE COURT'S CHAMBERS RULES.

The government separately requests an order precluding speaking objections at trial. *See* Motion at 5-7. But such an order is unnecessary in light of the Court's Chambers Rules, which specifically state:

> When objecting, counsel may only state the legal ground for the objection, e.g., 'Objection. Hearsay.' **Speaking objections are not permitted, unless the Court requests further information from counsel**.

*See* Chambers Rules at p. 3 (emphasis added).

In light of the Court's clear instruction, it is unclear why the government urges the court to enter a redundant and duplicative order similar to one entered almost 17 years ago

---

[4] To the extent the government is relying on rulings embodied in transcripts in the *San Diego Gas & Electric* matter, the defense is hamstrung and unable to verify or rebut the government's claims. The defense has reviewed the docket for the *San Diego Gas & Electric* case and located no such orders, and when they attempted to access the transcripts of hearings and the trial in that case, they received notifications that they did not have permission to access such documents.

by a Kansas district court judge "to preclude speaking objections and to allow trial to proceed in an orderly and efficient manner." *See* Motion at 6-7, citing *United States v. Wittig*, No. 03-40142-JAR, 2005 WL 758606, at *18 (D. Kan. Apr. 4, 2005). This Court's recognition that it might request "further information from counsel" as to the basis of the objection is consistent with the flexibility regarding speaking objections that other courts in this district have demonstrated. *See, e.g.*, *United States v. W. Titanium, Inc.*, No. 08-CR-4229-JLS, 2010 WL 3988291, at *8 (S.D. Cal. Oct. 12, 2010) (granting motion to preclude speaking objections in the presence of the jury but "acknowledg[ing] Defendants' concern that some evidentiary objections will require particularized explanations" and stating that "the Court will remain flexible to provide avenues for the parties to make their positions clear when the issue is more complicated than that presented by an ordinary objection").

The Court's Chambers Rules also stress that during trial, "*sidebar conferences are discouraged*."[5] The government's argument that "[s]hould there be a compelling reason to further explain the objection, Counsel should ask the Court for a sidebar conference" therefore runs counter to the Court's express directive. Motion at 6.

Finally, the government's citation to *Mazzeo v. Gibbons*, No. 2:08-CV-01387, 2010 WL 3020021 (D. Nev. July 27, 2010) in support of the proposition that "[i]t is improper, however, for any counsel – whether government or defense – to make speaking objections that describe the basis for the objection beyond informing the Court of the particular rule of evidence at issue" is unfounded. *See* Motion at 5. The magistrate judge in *Mazzeo* merely issued an order granting an "Emergency Motion to Forbid Attorney Walter Cannon from Making Improper Objections at Depositions and for Sanctions" "to the extent [counsel for both parties] are admonished" and sanctioning both the plaintiff's and defendant's counsel for their mutual misconduct during depositions that violated Rule 30 of the Federal Rules of Civil Procedure. *See Mazzeo*, 2010 WL 3020021, at *1-2. Nothing in *Mazzeo* has any relevance to our criminal matter, the upcoming trial, or the issue of speaking objections.

---

[5] *See* Chambers Rules at p. 3 (emphasis in original).

## IV. CONCLUSION.

For the foregoing reasons, the Court should deny the government's motion *in limine* requesting an order setting time limits for trial, designating a single lawyer on the defense side as lead counsel for cross-examination of each government witness, and precluding speaking objections.

Respectfully submitted,

Dated: March 31, 2022

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: /s/ *Whitney Z. Bernstein*
Thomas H. Bienert, Jr.
James D. Riddet
Whitney Z. Bernstein
Carlos A. Nevarez
*Attorneys for Mohammed Abdul Qayyum*

DATED: March 31, 2022

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: /s/ *Randy K. Jones*
Randy K. Jones
Daniel J. Goodrich (Pro Hac)
Ryan Dougherty (Pro Hac)
*Attorneys for Mark Manoogian*

DATED: March 31, 2022

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERT & RHOW, P.C.**

By: /s/ *Gary S. Lincenberg*
Gary S. Lincenberg
Nicole Rodriguez Van Dyk
Darren L. Patrick
Alexis A. Wiseley
*Attorneys for Petr Pacas*

DATED:  March 31, 2022        **WIECHERT, MUNK & GOLDSTEIN, PC**

By:   */s/ Jessica C. Munk*
       David W. Wiechert
       Jessica C. Munk
       William J. Migler
*Attorneys for Jacob Bychak*

**CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

The undersigned counsel of record for Defendant Abdul Mohammed Qayyum certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

                                                      /s/ Whitney Z. Bernstein
                                                      Whitney Z. Bernstein

# CERTIFICATE OF SERVICE

Counsel for Defendant Mohammed Abdul Qayyum certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

AUSA Melanie K. Pierson
AUSA Sabrina L. Fève
AUSA Ashley E. Goff
U.S. Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101
melanie.pierson@usdoj.gov
sabrina.feve@usdoj.gov
ashley.goff@usdoj.gov

Candina S. Heath
Department of Justice
1301 New York Avenue NW, Suite 600
Washington, DC 20530
candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on March 31, 2022, at San Clemente, California.

*/s/ Whitney Z. Bernstein*
Whitney Z. Bernstein