**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
Jahnavi Goldstein, SBN 245084
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone:  (949) 361-2822
Email:  dwiechert@aol.com
         jessica@wmgattorneys.com
         jahnavi@wmgattorneys.com

*Attorneys for Jacob Bychak*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  (858) 314-1510
Email:  rkjones@mintz.com

Daniel J. Goodrich, BBO 692624 (Pro Hac)
Ryan Dougherty, BBO 703380 (Pro Hac)
1 Financial Center
Boston, MA 02111
djgoodrich@mintz.com
rtdougherty@mintz.com

*Attorneys for Mark Manoogian*

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
Carlos A. Nevarez, SBN 324407
903 Calle Amanecer, Suite 350
San Clemente, California 92673
    Telephone:  (949) 369-3700
    Email: tbienert@bklwlaw.com
        jriddet@bklwlaw.com
        wbernstein@bklwlaw.com
        cnevarez@bklwlaw.com

*Attorneys for Mohammed Abdul Qayyum*

**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG RHOW P.C.**
Gary S. Lincenberg, SBN 123058
Alexis A. Wiseley, SBN 330100
Darren L. Patrick, SBN 310727
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone:  (310) 201-2100
Email:  glincenberg@birdmarella.com
        awiseley@birdmarella.com
        dpatrick@birdmarella.com

*Attorneys for Petr Pacas*

Defendants' Opposition to Government's Motions in Limine

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:18-cr-04683-GPC |
|---|---|
| Plaintiff, | Hon. Gonzalo P. Curiel |
| v. | **DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE TO EXCLUDE:** |
| JACOB BYCHAK, MARK MANOOGIAN, ABDUL MOHAMMED QAYYUM, and PETR PACAS, | (1) UNDISCLOSED EXPERTS; (2) UNDISCLOSED RECIPROCAL DISCOVERY; (3) EVIDENCE OF THE LAW; (4) EVIDENCE OF ADVICE OF COUNSEL; (5) WITNESSES FROM THE COURTROOM; (6) USE OF REPORTS FOR IMPROPER IMPEACHMENT; and (7) EVIDENCE OF IMMIGRATION STATUS & PUNISHMENT |
| Defendants. | Date: April 7, 2022<br>Time: 1:00 p.m.<br>Dept.: 2D |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas (collectively, "Defendants") jointly move in opposition to the government's omnibus *Motions In Limine*. For the reasons stated herein, Defendants respectfully request that the Court deny the government's *Motions In Limine*.

**A.   The Court should deny the government's motion to exclude undisclosed expert testimony as moot.**

The government's request that this Court preclude the Defendants from presenting expert witness testimony at trial because the Defendants had not yet provided expert witness disclosures under Fed. R. Crim. P. 16(b)(1)(C) should be denied as moot.

On March 30, 2022, Defendants disclosed to the government two potential expert witnesses Defendants may call at trial. *See* ECF No. 368. The Defendants' disclosures provided the government a robust summary of the experts' potential testimony, if they are called, including a description of their opinions, the bases and reasons for those opinions, and their respective qualifications. *See* Fed. R. Crim. P. 16(b)(1)(C). Defendants filed their expert disclosures nearly two months before trial is set to begin. Accordingly, the government has ample time to prepare for the potential expert testimony, and there is no possibility of surprise or prejudice to the government. *See* Fed. R. Crim. P. 16(b)(1)(C) & Advisory Committee Note to 1993 Amendment (Purpose of Rule 16 expert disclosure is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.").

Additionally, Defendants' expert disclosures were provided to the government less than three weeks after the government disclosed its intention of calling ten purported "expert witnesses" or "witnesses with expertise" to testify at

trial. *See* ECF Nos. 338-342. As the government is aware, Defendants did not decide whether to call an expert witness until after evaluating the government's expert disclosures. Accordingly, given that Defendants have noticed two experts pursuant to Rule 16(b)(1)(C), nearly two months before trial, this Court should deny the government's request to exclude Defendants from presenting expert testimony in this matter.

**B. The Court should deny the government's motion to exclude "undisclosed" defense exhibits.**

The government takes the unsupportable position that even though it has not provided Defendants its final exhibit list or identified all the items it intends to use in its case-in-chief, the Court should sanction Defendants for not having disclosed an exhibit list or "roadmap" of Defendants' case-in-chief to the government. The sanction the government proposes is that Defendants be prohibited from introducing any evidence not produced or specifically identified to the government. Because the government's motion finds no support in the law, logic, or fundamental notions of fairness, it must be denied.

It is bedrock constitutional law that a criminal defendant is never required to put on a case-in-chief or present evidence at all, and defendants have the absolute and "fundamental right to remain silent, in effect challenging the State at every point to: 'Prove it!'" *Williams v. Florida*, 399 U.S. 78, 112 (1970) (Black, J. dissenting). To the extent criminal defendants have discovery and disclosure obligations under Fed. R. Crim. P. 16, those obligations are read in "parallel" with the government's obligations to the defendant. *See United States v. Crowder*, 325 F. Supp. 3d 131, 135 (D.D.C. 2018); *United States v. Swenson*, 298 F.R.D. 474, 478 (D. Idaho 2014) (finding that defendant's reciprocal discovery obligation **to produce** documents was triggered when government filed its exhibit list). Indeed, a defendant's obligation to disclose information to the government is triggered only after the occurrence of two

4
Defendants' Opposition to Government's Motions in Limine

events: (1) the government has complied with its discovery and disclosure obligations under Rule 16(a)(1)(E); and (2) the defendant determines that he "intends to use the item in the defendant's case-in-chief." *See* Fed. R. Crim. P. 16(b)(1)(A). "[T]he government does not trigger defendant's reciprocal obligation to disclose its 'case-in-chief' materials under Rule 16 simply by providing some amount of relevant discovery to defendants and then 'stating that the documents upon which [the government] intends to rely are found somewhere therein.'" *Crowder*, 325 F. Supp. 3d at 135 (quoting *United States v. Anderson*, 416 F. Supp. 2d 110, 115 (D.D.C. 2006)). Quite the contrary, the defendant is obligated to identify documents and other materials the defendant intends to use in his case-in-chief in the form of an exhibit list "only after the government first identifies and produces the same material, with the same specificity, to [him]." *Crowder*, 325 F. Supp. 3d at 135. Accordingly, and particularly as it relates to the disclosure of an exhibit list, where "the government has not yet specifically identified the exhibits, documents, and other evidence it intends to use in its 'case-in-chief' at trial . . . [Defendant's] reciprocal discovery obligation under Rule 16(b)(1)(A) therefore remains untriggered." *Id.* at 136.

On October 4, 2021, the court ordered the Parties to exchange reciprocal discovery pursuant to Rule 16. In compliance with that order, Defendants produced their reciprocal discovery to the government on March 10, 2022.

The government suggests that the document it sent to Defendants' counsel on September 29, 2021 constituted an exhibit list for purposes of Rule 16. But after transmitting the document, the government immediately advised defense counsel that it had been an "inadvertent production." Consistent with their ethical obligations, counsel for Defendants accordingly did not access or utilize that document. Then, on March 18, 2022, the government re-sent a copy of the "draft exhibit list" it inadvertently sent on September 29, 2021, but noted that it was not a

final exhibit list and that the government would provide an updated list when it is finalized. This old draft list does not satisfy the government's obligation, and the government has yet to submit a finalized exhibit list.

Here, like in *Crowder*, the government has not submitted a finalized exhibit list specifying the exhibits, documents, or other evidence it intends to use in its "case-in-chief" at trial. Moreover, the government continues to produce substantive discovery, having most recently sent the 59th discovery production on March 25, 2022. Accordingly, as the government continues to inundate Defendants with discovery and has yet to identify its trial exhibits, Defendants' reciprocal discovery obligation to provide an exhibit list under Rule 16(b)(1)(A) remains untriggered. When the government decides to serve and file its exhibit list, Defendants understand their obligations under Rule 16 to the extent they are able to determine which items will be used in their case-in-chief before the government, the only party with the burden, presents its case.

Citing *United States v. Swenson*, the government argues that it is "insufficient for the defendant to simply state that the documents intended for use by the defense at trial were encompassed in the government's discovery production." 298 F.R.D. at 478. *First*, Defendants have made no such representation to the government. Defendants complied with the Court's order to produce reciprocal discovery materials to the government. On March 11, 2022, the day after Defendants produced reciprocal discovery, Defense counsel made clear to the government that they intended to provide an exhibit list to the government after the government provided its exhibit list. The government's argument also assumes the Defendants' reciprocal discovery production of materials not contained in the government's production was an attempt by the Defendants to identify items the Defendants intend to use in their case-in-chief. This assumption is mistaken. Pursuant to this Court's Order to produce Rule 16 materials, the Defendants earnestly fulfilled that obligation by producing to

the government items that were not in the government's possession and that had any potential of being included in Defendants' case-in-chief. *Second*, the government has produced "approximately 2 million pages of discovery" and only recently provided Defendants with an incomplete exhibit list with the assurance that the government will provide an updated exhibit list when it is finalized. *See Crowder*, 325 F. Supp. 3d at 135 ("[T]he government does not trigger defendant's reciprocal obligation to disclose its 'case-in-chief' materials under Rule 16 simply by providing some amount of relevant discovery to defendants and then stating that the documents upon which [the government] intends to rely are found somewhere therein." (citation omitted). As the cases the government cites in its motion acknowledge, this is insufficient to fulfill the government's obligation under Rule 16. When the government produces a finalized exhibit list, Defendants will respond in kind pursuant to Rule 16.

For these reasons, the government's motion must be denied.

**C.    The Court should deny the government's motion to exclude "evidence regarding the law."**

As with the government's argument concerning Defendant's potential exhibits at trial, it conflates what was produced in reciprocal discovery as potentially relevant material with what Defendants will determine is necessary to present in their case-in-chief, if at all, at trial. Defendants understand the Federal Rules of Evidence and intend to comply with those rules as it relates to the presentation of evidence to the jury.

**D.    The Court should deny the government's motion to exclude evidence regarding advice of counsel.**

The government next asks the Court to exclude evidence and argument regarding advice of counsel. Mot. at 7. This request should be denied.

As a threshold matter, the government is wrong that Defendants must make

7
Defendants' Opposition to Government's Motions in Limine

a factual showing "*before* any advice of counsel argument can be presented to the jury." Mot. at 7 (emphasis added). The government cites no authority to support this position. Rather, the government's cases make clear that the determination as to whether a defendant has sufficient evidence for an advice of counsel instruction should occur *after* evidence has been presented at trial. *See United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987) (post-trial, explaining that "*[n]o evidence was presented to the jury*" to support an advice-of-counsel instruction (emphasis added)); *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010) (post-trial, "*[f]inding no basis in the record* to support" an advice-of-counsel instruction) (emphasis added). Thus, barring advice-of-counsel evidence and argument long before jury instructions are given and before the government presents its case-in-chief is premature. *See, e.g.*, *United States v. George*, No. ED CR 12-00065-VAP, 2015 WL 13450249, at *5 (C.D. Cal. Apr. 24, 2015), *aff'd sub nom. United States v. DiRoberto*, 686 F. App'x 458 (9th Cir. 2017) (declining to require defendants to "proffer before trial its evidence to support [the advice of counsel] defense"); *United States v. Impastato*, No. CRIM A 05-325, 2007 WL 2463310, at *10 (E.D. La. Aug. 28, 2007) (denying pre-trial motion to exclude argument concerning reliance on advice of counsel).

Evidence regarding attorney communications and advice is also highly relevant. In fact, the government has put at issue evidence showing that counsel was intimately involved in many aspects of Company A's business. For example, the government's grand jury exhibits—which Defendants understand the government also intends to present as trial exhibits—include communications involving attorneys relating to conduct at issue in this case. *See, e.g.*, Tr. Ex. 143 (email from Company A's in-house counsel regarding the "new domain purchasing structure"); Tr. Exs. 144 & 156 (email from Company A's in-house counsel discussing the "setup of a new website/emails/names" and the "purchas[ing] IPs

through the DBA bank account"); Tr. Ex. 162 (email from Company A's in-house counsel requesting "a DBA under CHP: F.I.T.E.R.").

Attorney communications and advice are likewise relevant to Defendants' state of mind and, ultimately, a broader good faith defense. *See, e.g.*, *United States v. Way*, No. 114CR00101DADBAM, 2018 WL 2229272, at *5 (E.D. Cal. May 16, 2018), *aff'd*, 804 F. App'x 504 (9th Cir. 2020) (denying motion *in limine*, explaining that "evidence as to the advice a defendant received from his counsel is potentially relevant to prove that the defendant attempted in good faith to comply with the requirements of the [law]"); *Bush*, 626 F.3d at 539 ("Finding no basis in the record to support the advice-of-counsel instruction, the district court gave a broader good-faith instruction.").[1]

Evidence regarding attorney communications and advice is therefore relevant both to the government's case-in-chief and the defense, regardless of whether Defendants assert a formal advice-of-counsel defense. Accordingly, the Court should deny the government's request to prematurely preclude advice of counsel evidence and argument from being presented to the jury.[2]

---

[1] Defendants anticipate that any evidence potentially involving advice of counsel—much of which may be non-privileged—is already in the government's possession. Thus, the government's claim that it would need to review "thousands of pages of material," and its concern that Companies A and B have not waived the privilege, are not the "hurdles" the government makes them out to be. Mot. at 8 n.2.

[2] The government raises in a footnote its concern that Defendants may seek to compel testimony or immunity for witnesses who may otherwise refuse to testify. Mot. at 8 n. 2. Because witness immunity is not presently at issue, and would depend on a variety of currently unknown factors, including, for example, the Court's ruling on Defendants' pending suppression and dismissal motions (*see* ECF Nos. 329 & 330), the government's witness list, and the government's exhibit list. Defendants will not address it here.

**E.   The Court should deny the government's motion to exclude witnesses from the courtroom.**

Defendants do not object to this request. However, Defendants request that defense investigators be permitted to be present in the courtroom throughout the trial. Their investigation and presence at trial are crucial to the presentation of Defendants' defense. *See* Fed. R. Evid. 615(c).

**F.   The Court should deny the government's motion to exclude use of law enforcement reports to impeach witnesses.**

Defendants are aware of and will comply with the Federal Rules of Evidence. Further, to impeach witnesses who were interviewed by the government, Defendants may call Agent Chabalko to testify, as he interviewed and wrote the majority of the FBI 302 Reports for most of the government's witnesses. Defendants understand that Defendant Qayyum's counsel is in possession of various statements and materials related to Agent Chabalko that the Defendants Bychak, Manoogian, and Pacas do not have. Should Defendants call Agent Chabalko to testify to impeach government witnesses, Defendants Bychak, Manoogian, and Pacas respectfully request the Court order the government to produce all statements related to Agent Chabalko and can provide supplemental briefing about this request if desired by the Court at that time.

**G.   The Court should deny the government's motion to exclude references to immigration status & punishment.**

Defendants are aware of and will comply with the Federal Rules of Evidence. Defendants' immigration status and potential punishment may be relevant to the presentation of the defense and cross examination of the cooperators. Decisions about the admissibility of this evidence should be governed by Rules 401-403 and evaluated on a case-by-case basis. The government's motion is overbroad and premature.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court deny the entirety of the government's omnibus *Motions in Limine*.

DATED: March 31, 2022

Respectfully submitted,
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: */s/ Randy K. Jones*
    Randy K. Jones
    Daniel J. Goodrich (Pro Hac)
    Ryan Dougherty (Pro Hac)
    *Attorneys for Mark Manoogian*

DATED: March 31, 2022

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Whitney Z. Bernstein*
    Thomas H. Bienert, Jr.
    James D. Riddet
    Whitney Z. Bernstein
    Carlos A. Nevarez
    *Attorneys for Mohammed Abdul Qayyum*

DATED: March 31, 2022

**WIECHERT, MUNK & GOLDSTEIN, PC**

By: */s/ Jessica C. Munk*
    David W. Wiechert
    Jessica C. Munk
    William J. Migler
    *Attorneys for Jacob Bychak*

DATED:  March 31, 2022        **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERT & RHOW, P.C.**

By:    */s/ Gary S. Lincenberg*
        Gary S. Lincenberg
        Nicole Rodriguez Van Dyk
        Darren L. Patrick
        Alexis A. Wiseley
        *Attorneys for Petr Pacas*

## **CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

The undersigned counsel of record for Defendant Mark Manoogian certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

                                                 *s/   Randy K. Jones*
                                                 Randy K. Jones

## **CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

AUSA Melanie K. Pierson
AUSA Sabrina L. Feve
AUSA Ashley E. Goff
U.S. Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101
melanie.pierson@usdoj.gov
sabrina.feve@usdoj.gov
ashley.goff@usdoj.gov

Candina S. Heath
Department of Justice
1301 New York Avenue NW, Suite 600
Washington, DC 20530
candina.heath2@usdoj.gov

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 31, 2022, at San Diego, California.

*/s/ Randy K. Jones*
Randy K. Jones