RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB BYCHAK (1), <br> MARK MANOOGIAN (2), <br> ABDUL MOHAMMED QAYYUM (3), and <br> PETR PACAS (4), <br><br> Defendants. | Case No.: 18cr4683-GPC <br><br> **UNITED STATES' SUPPLEMENTAL LEGAL AUTHORITY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF IMMIGRATION STATUS** |

COMES NOW the plaintiff, United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Melanie K. Pierson, Sabrina L. Fève, and Computer Crime and Intellectual Property

Section Senior Counsel Candy Heath, and hereby files its Supplemental Legal Authority in Support of its Motion *in Limine* to Exclude Evidence of Immigration Status.

## I.
## INTRODUCTION

Motions *in limine* were due to be filed in this case on March 24, 2022. On that date, the United States filed, among others, a motion to exclude evidence of the immigration status of the defendants. On March 28, 2022, four days after motions were filed, the Ninth Circuit issued its opinion in *United States v. Kvashuk*, No. 20-30251. _ F.4th _ (9th Cir.2022), which directly addressed the issue regarding the exclusion of evidence of immigration status raised in the Government's motion *in limine*.

## II.
## POINTS AND AUTHORITIES

Defendant Kvashuk was a Ukrainian who was convicted of a variety of fraud charges, including mail fraud, wire fraud, and identity theft in relation to crimes committed during his employment at Microsoft. The defendant stole $8.2 million of tokens for digital Microsoft gift cards, using internal Microsoft test accounts. The defendant exchanged some of the gift cards for bitcoin (cryptocurrency). The defendant, who had filed for asylum in the United States, argued that he possessed the bitcoin because his father sent him bitcoin instead of cash to avoid detection by the Ukrainian government.

The government moved *in limine* to exclude evidence of the Kvashuk's immigration status and asylum claim under Rule 403 of the Federal Rules of Evidence. The district judge granted the motion, but allowed the defendant to testify that he is "from the Ukraine" and that he transferred the bitcoin to conceal the transfer from the Ukrainian government. The Ninth Circuit found that the "district court did not abuse it discretion in concluding, prior to trial, that any additional probative value in disclosing Kvashuk's immigration status 'would be substantially outweighed by the danger of unfair prejudice' from the jury's knowledge that 'Kvashuk could suffer immigration consequences if convicted of the chargers.'" *Kvashuk* at 25. The same is true in this case.

Like the defendant in *Kvashuk*, the defendants here should be permitted to introduce evidence of their country of origin, but should not be permitted to introduce evidence of their immigration status. Unlike *Kvashuk*, the defendants in this case are in a far weaker position to seek to introduce evidence of their immigration status, as they have posited no reason the evidence of their immigration status is probative of anything relevant to their defense. The absent probative value of such evidence is "substantially outweighed by the danger of unfair prejudice' from the jury's knowledge that [defendants] could suffer immigration consequences if convicted of the chargers." *Id*. Accordingly, evidence of the defendants' immigration status should be excluded.

### III.
### CONCLUSION

Based on this Ninth Circuit authority, and the authority in the Government's original motion *in limine*, this court should exclude evidence of the defendants' immigration status.

DATED: April 4, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/Melanie K. Pierson
Assistant United States Attorney

/s/Sabrina L. Fève
Assistant United States Attorney

/s/Candy Heath
Senior Counsel
Computer Crime and Intellectual Property Section
Department of Justice, Criminal Division