**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
Carlos A. Nevarez, SBN 324407
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Email: tbienert@bklwlaw.com
       jriddet@bklwlaw.com
       wbernstein@bklwlaw.com
       cnevarez@bklwlaw.com

*Attorneys For Mohammed Abdul Qayyum*

**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Email: dwiechert@aol.com
       jessica@wmgattorneys.com

*Attorneys For Jacob Bychak*

**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**
Gary S. Lincenberg, SBN 123058
Nicole Rodriguez Van Dyk, SBN 261646
Darren L. Patrick, SBN 310727
Alexis A. Wiseley, SBN 330100
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email: glincenberg@birdmarella.com
       nvandyk@birdmarella.com
       dpatrick@birdmarella.com
       awiseley@birdmarella.com

*Attorneys For Petr Pacas*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, Ca 92130
Telephone: (858) 314-1510
Email: rkjones@mintz.com

Daniel J. Goodrich, BBO 692624 (Pro Hac)
Ryan Dougherty, BBO 703380 (Pro Hac)
1 Financial Center
Boston, MA 02111
Email: djgoodrich@mintz.com
       rtdougherty@mintz.com

*Attorneys For Mark Manoogian*

18-cr-04683-GCP
DEFENDANTS' SUPPLEMENTAL BRIEF RE: THE GOVERNMENT'S RELIANCE ON OFF-POINT LEGAL AUTHORITY AT APRIL 11, 2022 *IN LIMINE* HEARING

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, et al.<br><br>    Defendants. | Case No. 3:18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE GOVERNMENT'S RELIANCE ON UNPUBLISHED, NON-PRECEDENTIAL, OFF-POINT LEGAL AUTHORITY TO ADMIT 404(b) EVIDENCE** |

## I.    INTRODUCTION.

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas ("Defendants") submit this supplemental opposition to distinguish the four unpublished, non-precedential cases the government cited at the April 11, 2022 hearing as a justification for its late noticed 404(b) evidence (Dkt. 347).

The indictment, brought in 2018, charges Defendants with misuse of five netblocks. Dkt. 1. But the government intends to present evidence and unique witnesses in its case in chief related to eleven netblocks. Dkts. 347, 350, 369. Evidence and witnesses related to these six uncharged netblocks is going to dramatically lengthen the trial, and Defendants believe should be excluded. But, Defendants have been on notice of the government's

desire to introduce these six other netblocks for years and have therefore investigated and prepared to defend this uncharged conduct. Indeed, throughout the past four years of litigation, the government has continuously said its case is all about Daniel Dye and Vincent Tarney, and the six uncharged netblocks stem from these relationships. *See* Bernstein Decl., Ex. A (Hrg. Mot. for Bill of Particulars on January 25, 2019) at 11:15-18 (Ms. Pierson stated "[t]his case is about those 11 hijacked netblocks, and that's what it is about. We are not talking about the broader practices of the company, here. We are just talking about the ones [*sic*] relate to the hijacked netblocks.").

However, the government's 404(b) notice on March 18, 2022 (Dkt. 347) was ***the very first time*** Defendants ever learned the government intended to broaden its case in chief beyond the eleven netblocks to include the AFRINIC netblocks, despite a long-set May 23, 2022 trial date, despite a November 2018 request for 404(b) notice, and despite extensive litigation for the past four years to ascertain the evidence at issue in this case from the government's more than two million pages of discovery and more than 60 discovery productions. In fact, defending against the AFRINIC Netblocks entails (a) careful review of thousands of additional documents; (b) further investigation to find and contact the three brokers for those netblocks (one of whom is believed to reside in South Africa and another in India),[1] the netblocks holders, and the AFRINIC president or another knowledgeable representative; and (c) substantial time commitment to schedule and prepare Rule 15 depositions for these potential defense witnesses. If these unrelated and uncharged AFRINIC netblocks are going to be admitted at trial, defense counsel have a constitutional, professional, and ethical obligation to prove that these netblocks were not misappropriated and that, if they were, Defendants had no knowledge of their provenance. The serious issue is that Defendants are not able to pause all other final trial prep, redirect resources and

---

[1] At the hearing, undersigned counsel noted that the broker lived in India. This is true of one of the brokers, but undersigned counsel failed to explain that the AFRINIC netblocks actually include three separate netblocks, with three separate brokers – one of whom lives in India, one of who is believed to live in South Africa, and the third of whom Defendants have no leads on to contact.

undertake this extensive and involved investigation, and be ready for the May 23, 2022 trial.

At the April 11, 2022 hearing, while the Court seemed to appreciate the issues caused by the government's late notice, the government offered four unpublished, non-precedential district court cases to justify the timing. But government overstated the relevance of those cases to this complex prosecution of first impression. Defendants therefore ask that the Court disregard this misplaced authority in granting Defendant's motion to exclude the AFRINIC 404(b) evidence (Dkt. 360).

## II. THE GOVERNMENT'S LEGAL AUTHORITY IS CRITICALLY OFF-POINT.

In claiming its 404(b) notice, given weeks before trial and years after indictment, was timely, the government cited four unpublished cases with comparatively simple and contained 404(b) issues. Because these cases are unpublished, non-precedential, off-point, and easily distinguishable, the Court should disregard them. Unless the Court continues the current trial date for many more months, it should exclude the AFRINIC evidence and only permit the government to present the case it promised to bring, and the case Defendants have investigated and prepared to defend, for the past four years.

### A. *United States v. Martin*, No. CR 07-1205 (B) CBM, 2009 WL 997396 (C.D. Cal. Apr. 14, 2009)

*Martin* is a denial of a defendant's motion to continue trial under 18 U.S.C. § 3161. Weeks before trial, and after a superseding indictment, new defense counsel substituted in and told the court that "he would be ready" regardless of whether the court continued the trial date because of the superseding indictment. *Id.* Sometime thereafter, he moved to continue trial because, among other reasons, weeks before trial, the government produced 263 pages of new 404(b) evidence that would require additional investigation. *Id.* at *3.

The court denied the motion. First, it noted that the superseding indictment did not charge "a new substantive allegation of which Zipper was not already aware." *Martin*, 2009 WL 997396 at *3. Second, in part because the government was not calling any additional witnesses based on new charges in the superseding indictment, the court found that it

"should not [have] require[d] any trial preparation beyond what was already discussed." *Id.* Third, the new 404(b) evidence only consisted of **263 pages** of "transcripts," "302 reports of recently conducted witness interviews," "a 902(11) declaration," and "a single page drawing." *Id.* at *4. Last, the court also took notice that defense counsel expressed in open court – after the 404(b) notice had been filed – that he would be ready for trial regardless of whether the trial was continued. *Id.* at *5.

### B. *Commonwealth v. Blas*, No. 2016-SCC-0009-CRM, 2018 WL 2025746 (N. Mar. I., Apr. 30, 2018)

Unlike this prosecution, *Blas* is also not a complicated or unusual case. The unpublished slip opinion from the Superior Court denied Blas' appeal to vacate his conviction based on improperly admitted testimonial hearsay and other acts evidence. Blas was charged with criminal trespass, disturbing the peace, burglary, and theft based on allegations that he entered two residential properties and stole "a laptop and jewelry." *Blas*, 2018 WL 2025746 at *1. Ten days before trial, the government indicated that it intended to submit evidence that Blas had been involved in a third burglary, evidenced in the previously disclosed 58-page discovery. *See id*. As an initial point, the court noted Blas' failure to request 404(b) evidence at any point and instead relied on the "common practice" of disclosing such evidence at least fifteen days before trial (so, a mere five days sooner). *Id.* at *3-4. But even if he had requested such notice, he had already received this limited body of evidence (*i.e.*, the 58-page packet) eight months before the government's 404(b) notice. *Id* at 4. Critically, this additional evidence was straightforward and limited in scope, offered through the same detective who investigated the two charged burglaries. *Id.* at *6.

### C. *United States v. DeAnda*, No. 18-CR-00538-TSH-1, 2019 WL 2863602 (N.D. Cal. July 2, 2019)

*DeAnda* is another straightforward criminal case against a single defendant. In that case, DeAnda was charged with making repeated "annoy[ing] and harass[ing]" calls to the staff of the Veteran's Affairs Office in Menlo Park. 2019 WL 2863602 at *1. In discovery, the government provided two lists of emails, one on May 29, 2019 and one on June 3, 2019,

and intended to introduce some of the emails on June 3, 2019 list as 404(b) evidence. *Id*. at *2. Trial was set for July 8, 2019. *Id*. at *1. DeAnda argued that emails in "the June 3 disclosure should be excluded because they were disclosed after the [May 29] deadline in the [c]ourt's April 18, 2019 Case Management Order." *Id*. at *2. DeAnda never indicated that she had insufficient time to adequately review the emails or be prepared for trial. Her entire argument to preclude various 404(b) emails as untimely was because they were produced just five days after the scheduling order's cutoff date. Noting that the emails were barely late and still provided more than a month before trial, the court "decline[d] to exclude the emails on timeliness grounds." *Id*.

### D. *United States v. Giacomini*, No. 20-CR-00134-BLF-1, 2022 WL 393194 (N.D. Cal., Feb 9, 2022)

Finally, as with all other cases discussed above, *Giacomini* features facts that are vastly different from this case. The defendant was charged with "abusive sexual contact" against a single individual. *Giacomini*, 2022 WL 393194 at *1. In a motion *in limine* filed 53 days before trial, the government specified its intent to call a witness to say the defendant had made unwanted romantic advances against her and had retaliated after she rebuffed this undesired attention. *Id.* at *3. In finding the notice sufficient, the court noted that the government had also indicated its intent to offer this same testimony eight months earlier in a May 2020 discovery letter. *Id*. at *4.

### E. This case is factually more complex and requires discovery review and investigation that is shockingly greater in scope than the above cases.

This case differs greatly from the unpublished, non-precedential cases cited by the government. The AFRINIC evidence at issue here requires the defense to review thousands of individual documents of technical and esoteric content, many of which are multiple pages long. Whereas the 404(b) evidence in the government's cited cases was discreet in both substance and scope – and only involved 263 pages of discovery that did not require further investigation (*Martin*), less than 53 pages involving a specific burglary (*Blas*), various

emails provided five days late (*DeAnda*), and the testimony of a single witness noticed ten months before trial in a one-defendant case (*Giacomini*).

Moreover, the government's cited cases involve uncomplicated and non-technical factual allegations. *Martin* dealt with two individuals accused of extorting money from people by force. *Blas* was a case about an individual who broke and entered into two homes and stole some jewelry and a laptop. *DeAnda* involved a defendant that made annoying and harassing calls to her local VA office. *Giacomini* was a sexual assault case involving one defendant and one victim.

By contrast, this case is about an alleged complex scheme to steal abandoned internet intangibles that the FBI investigated since 2013 and which involve millions of pages of discovery – and the AFRINIC evidence involves witnesses and entities across Africa and Asia.

If evidence of the AFRINIC netblocks is admitted, the defense must now prepare a defense for a whole new case, a parallel trial within a trial, implicating witnesses across the globe on various continents, ***in five weeks***. Company A did not lease the AFRINIC netblocks from Daniel Dye and GetAds, but from other brokers and companies in India, South Africa, and other currently unknown places. As such, the defense must locate, investigate, and attempt to preserve the testimony of these brokers in Rule 15 depositions. Moreover, the Defendants must also now secure expert or specialized testimony from an AFRINIC expert – an effort that may necessitate interviewing AFRINIC's president or another knowledgeable representative.[2] Despite the logistical complications related to this last-minute evidence, the defense must nevertheless prepare to address the government's unproven assertions that the AFRINIC Netblocks were "fraudulent[ly] acqui[red] and use[d]," instead of merely taking the government's word. Dkt. No. 347 at 4:26-27. And

---

[2] For context, the government is in fact relying on the testimony of ARIN's president, John Curran, to explain the purpose and role of ARIN in this case. *See* Dkt. No. 342. Due process requires that Defendants have the same opportunity to rebut evidence concerning the AFRINIC netblocks.

the defense must do all this in addition to the other innumerable eleventh-hour trial tasks occurring the month before trial in this years-long prosecution of first impression.

### III.   CONCLUSION.

In sum, Defendants cannot receive constitutionally effective representation at a May 23 trial if the AFRINIC netblocks are admitted.  The Court should disregard the government's vastly off-point unpublished, non-precedential legal authority claiming otherwise.

Respectfully submitted,

Dated:  April 15, 2022  **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Whitney Z. Bernstein*
Thomas H. Bienert, Jr.
James D. Riddet
Whitney Z. Bernstein
Carlos A. Nevarez
*Attorneys for Mohammed Abdul Qayyum*

Dated:  April 15, 2022  **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: */s/ Randy K. Jones*
Randy K. Jones
Daniel J. Goodrich (Pro Hac)
Ryan Dougherty (Pro Hac)
*Attorneys for Mark Manoogian*

Dated:  April 15, 2022  **WIECHERT, MUNK & GOLDSTEIN, PC**

By: */s/ Jessica C. Munk*
David W. Wiechert
Jessica C. Munk
*Attorneys for Jacob Bychak*

Dated: April 15, 2022

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: */s/ Gary S. Lincenberg*
    Gary S. Lincenberg
    Nicole Rodriguez Van Dyk
    Darren L. Patrick
    Alexis A. Wiseley
    *Attorneys for Petr Pacas*

8    18-cr-04683-GPC

DEFENDANTS' SUPPLEMENTAL BRIEF RE: THE GOVERNMENT'S RELIANCE ON OFF-POINT LEGAL AUTHORITY AT APRIL 11, 2022 *IN LIMINE* HEARING

**CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

The undersigned counsel of record for Defendant Mohammed Abdul Qayyum certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

*/s/ Whitney Z. Bernstein*
Whitney Z. Bernstein

# CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

>AUSA Melanie K. Pierson
>AUSA Sabrina L. Fève
>AUSA Ashley E. Goff
>U.S. Attorney's Office
>880 Front Street, Rm 6293
>San Diego, CA 92101
>melanie.pierson@usdoj.gov
>sabrina.feve@usdoj.gov
>ashley.goff@usdoj.gov
>
>Candina S. Heath
>U.S. Department of Justice
>1301 New York Avenue NW, Suite 600
>Washington, DC 20530
>candina.heath2@usdoj.gov

Respectfully submitted,

Dated: April 15, 2022

By: */s/ Whitney Z. Bernstein*
    Whitney Z. Bernstein