RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>ABDUL MOHAMMED QAYYUM (3), and<br>PETR PACAS (4),<br><br>Defendants. | Case No. 18-CR-4683-GPC<br><br>**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, Acting United States Attorney, Melanie K. Pierson and Sabrina L. Fève, Assistant U.S. Attorneys, and Candina Heath, Senior Counsel, Computer Crime and Intellectual Property Section, and hereby files the Government's Proposed Jury

Instructions relating to this case. The Government reserves the right to supplement or amend this request as suggested by the evidence elicited during the trial.

DATED: May 12, 2022

Respectfully submitted,
RANDY S. GROSSMAN
United States Attorney

/s/Melanie K. Pierson
Assistant U. S. Attorney

The United States requests that the court give the following 2022 Ninth Circuit Pattern Jury Instructions:

| | |
|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge – Presumption of Innocence |
| 1.3 | What is Evidence |
| 1.4 | What is Not Evidence |
| 1.5 | Direct and Circumstantial Evidence |
| 1.6 | Ruling on Objections |
| 1.7 | Credibility of Witnesses |
| 1.8 | Conduct of the Jury |
| 1.9 | No Transcript Available to Jury |
| 1.10 | Taking Notes |
| 1.11 | Outline of Trial |
| 1.13 | Separate Consideration for Each Defendant |
| 1.16 | Bench Conferences and Recesses |
| 2.1 | Cautionary Instruction |
| 2.5 | Depositions as Substantive Evidence |
| 2.10 | Other Crimes, Wrongs or Acts of the Defendant |
| 2.12 | Evidence for a Limited Purpose |
| 3.1 | Statements of the Defendant |
| 3.3 | Other Crimes, Wrongs or Acts of Defendant |
| 3.9 | Testimony of Witnesses Involving Special Circumstances: Immunity, Benefits, Accomplice, Plea |
| 3.14 | Opinion Evidence, Expert Witness |
| 3.15 | Dual Role Testimony |
| 3.16 | Charts and Summaries Not Admitted as Evidence |
| 3.17 | Charts and Summaries Admitted as Evidence |
| 4.1 | Aiding and Abetting |
| 4.8 | Knowingly – Defined |
| 4.13 | Intent to Defraud |

| 6.1 | Duties of Jury to Find Facts and Follow Law |
|---|---|
| 6.2 | Charge Against Defendant Not Evidence – Presumption of Innocence-Burden of Proof |
| 6.3 | Defendant's Decision Not to Testify |
| 6.4 | Defendant's Decision to Testify |
| 6.5 | Reasonable Doubt – Defined |
| 6.6 | What is Evidence |
| 6.7 | What is Not Evidence |
| 6.8 | Direct and Circumstantial Evidence |
| 6.9 | Credibility of Witnesses |
| 6.10 | Activities not Charged |
| 6.13 | Separate Consideration of Multiple Counts – Multiple Defendants |
| 6.15 | Possession - Defined |
| 6.18 | On or About Defined |
| 6.19 | Duty to Deliberate |
| 6.20 | Consideration of Evidence |
| 6.21 | Use of Notes |
| 6.22 | Jury Considerations of Punishment |
| 6.23 | Verdict Form |
| 6.24 | Communications with the Court |
| 11.1 | Conspiracy – Elements |
| 11.4 | Conspiracy – Knowledge of and Association with Other Conspirators |
| 11.6 | Conspiracy – Liability for Substantive Offense Committed by Co-Conspirator (*Pinkerton* Charge) |
| 15.33 | Scheme to Defraud – Vicarious Liability |
| 15.35 | Wire Fraud |

In addition to the Pattern Instructions, the government requests that the court give the following instructions:

GOVERNMENT'S PROPOSED JURY INSTRUCTION 1

The defendant is charged in Counts 6 through 10 with electronic mail fraud, in violation of Section 1037(a)(5) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly falsely represented himself to be the registrant or the legitimate successor in interest to the registrant of five or more Internet Protocol addresses;

2. The defendant intentionally initiated the transmission of multiple commercial electronic mail messages from those Internet Protocol addresses;

3. The volume of the electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period or 250,000 during any 1-year period; and

4. The electronic mail messages were transmitted in or affecting interstate commerce.

18 U.S.C. §1037(a)(5), (b)(2)(D).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION 2

The term "multiple," when used with respect to commercial electronic mail messages, is defined as more than 100 electronic mail messages during a 24-hour period, more than 1,000 electronic mail messages during a 30-day period, or more than 10,000 electronic mail messages during a 1-year period.

18 U.S.C. §1037(d)(3).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION 3

The term "commercial electronic mail message" means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose).

18 U.S.C. §1037(d)(4); 15 U.S.C. §7702(2)(A).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION 4

The term "commercial electronic mail message" does not include a transactional or relationship message.

18 U.S.C. §1037(d)(4); 15 U.S.C. §7702(2)(B).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION 5

The term "transactional or relationship message," when used with respect to a commercial electronic mail message, means an electronic mail message the primary purpose of which is:

    (1) to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender;

    (2) to provide warranty information, product recall information, or safety or security information with respect to a commercial product or service used or purchased by the recipient;

    (3) to provide (a) notification concerning a change in the terms or features of, (b) notification of a change in the recipient's standing or status with respect to; or (c) at regular periodic intervals, account balance information or other type of account statement with respect to, a subscription, membership, account, loan, or comparable ongoing commercial relationship involving the ongoing purchase or use by the recipient of products or services offered by the sender;

    (4) to provide information directly related to an employment relationship or related benefit plan in which the recipient is currently involved, participating, or enrolled; or

    (5) to deliver goods or services, including product updates or upgrades, that the recipient is entitled to receive under the terms of a transaction that the recipient has previously agreed to enter into with the sender.

18 U.S.C. §1037(d)(4); 15 U.S.C. §7702(17)(A).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION 6

The term "initiate," when used with respect to a commercial electronic mail message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message. More than one person may be considered to have initiated a message.

18 U.S.C. §1037(d)(4); 15 U.S.C. §7702(9).

|   |   |
|---|---|
| 1 | <u>GOVERNMENT'S PROPOSED JURY INSTRUCTION 7</u> |

The term "routine conveyance," when used with respect to a commercial electronic mail message, means the transmission, routing, relaying, handling, or storing, through an automatic technical process, of an electronic mail message for which another person has identified the recipients or provided the recipient addresses.

.

18 U.S.C. §1037(d)(4); 15 U.S.C. §7702(15).

# GOVERNMENT'S PROPOSED JURY INSTRUCTION 8

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

18 U.S.C. §10

GOVERNMENT'S PROPOSED JURY INSTRUCTION 9

A "registrant" of an IP address is the person or entity who has been assigned the IP address by ARIN (the American Registry of Internet Numbers), or one of the other four regional internet registries, or their predecessors, and whose information is stored and listed in ARIN or the regional internet registry's WhoIs database, or the public database for that registry.

*United States v. Bychak*, 441 F.Supp.3d 1003, 1016 (S.D. Cal Feb. 28, 2020).

GOVERNMENT'S PROPOSED JURY INSTRUCTION 10

A "legitimate successor in interest to the registrant" is "a successor to another's interest" in the assigned IP address who has obtained such interest lawfully.

*United States v. Bychak*, 441 F.Supp.3d 1003, 1012 (S.D. Cal Feb. 28, 2020).