RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>       v.<br><br>JACOB BYCHAK, et. al.<br>  Defendants. | Case No. 18cr4683<br><br>GOVERNMENT RESPONSE TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS |

COMES NOW the plaintiff, United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Melanie K. Pierson, Sabrina L. Fève, and Computer Crime and Intellectual Property Section Senior Counsel Candy Heath, and hereby files its Response to Defendants' Proposed Jury Instructions.

# I.
# PROCEDURAL BACKGROUND

On May 6, 2022, the court directed the parties to submit proposed preliminary jury instructions by the morning of May 12, 2022. [ECF No. 406.] The government submitted its proposed jury instructions on May 10, 2022. [ECF No. 413.] Defendants submitted their proposed preliminary jury instructions on May 11, 2022. [ECF No. 415.]

At the hearing on May 6, 2022, the court further suggested that the preliminary jury instructions might include factual descriptions or summaries for terms like Internet Protocol (IP) addresses and ARIN. The court directed the parties to meet and confer on potential factual descriptions or summaries that would be provided to the jury. Pursuant to the court's order, the government provided the defense with a table comparing the parties' proposed definitions on May 17, 2022.

# II.
# ARGUMENT

A. <u>Factual Summaries are Unwarranted</u>[1]

The court's desire to be efficient with the jury's time and avoid undue delay is understandable and clearly within its powers under Federal Rules of Evidence ("FRE" or "Rule") 403 and 611. As the party with the "burden of persuasion," however, the government is broadly "entitled to prove its case" without being required to stipulate to facts chosen or proffered by the defendant. *Old Chief v. United States*, 519 U.S. 172, 189 (1997). The limited exception to this "accepted rule" typically involves 18 U.S.C. § 922(g) gun cases in which a defendant may compel a stipulation to the second element of the crime (i.e. a prior felony conviction). This limited exception does not apply to this case.

---

[1] To forestall a waiver argument, the government has submitted its own definitions for the defense's proposed factual terms. To facilitate the court's review, the government has prepared the attached table of the parties' respective factual definitions.

Here, the suggestion that the parties jointly submit a statement of facts for the jury intrudes upon the government's ability to prove its case. *Id.* at 188 ("the prosecution may fairly seek to place its evidence before the jurors" because "a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it"). Defendant's attempts to shoehorn legal arguments and contested facts into the preliminary jury instructions illustrates why the court's request for a stipulated or joint set of facts is neither warranted by nor inconsistent with *Old Chief*. For example, defendants' proposed factual explanation of what constitutes "spam" or a "registrant" (Def. Prop. Instr. No. 1 [ECF No. 415]) misstates the controlling statutory definitions and ignores or overlooks that the terms' definitions in a CAN-SPAM case are legal rather than factual questions. *See* 18 U.S.C. § 1037(d)(4), 15 U.S.C. § 7702(2)(A), *United States v. Bychak*, 441 F.Supp.3d 1003, 1016 (S.D. Cal Feb. 28, 2020). Similarly, defendants' proposed description of Spamhaus includes irrelevant and argumentative details that are unsupported by any evidence listed on the government or defense exhibit lists. Having the court read defendants' proposed definitions of these contested definitions to the jury would unfairly endow them with an imprimatur of impartial legitimacy. For these reasons, the government respectfully requests that the court refrain from instructing the jury on factual definitions during the preliminary jury instructions.

B. <u>Defendants' Modified Preliminary Jury Instructions are Unsupported</u>[2]

1. <u>Direct and Circumstantial Evidence</u>

The defense has submitted an instruction that suggests that circumstantial evidence requires greater scrutiny than direct evidence. This is not the law of the Ninth Circuit. "It is the exclusive function of the jury to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts . . .. Circumstantial and testimonial evidence are indistinguishable insofar as the jury fact-finding function is concerned, and circumstantial evidence can be used to prove any

---

[2] The government has prepared the separate attached table of the parties' disputed jury instructions to facilitate the Court's review.

fact." *United States v. Ramirez-Rodriquez*, 552 F.2d 883, 884 (9th Cir. 1977) (quoting *United States v. Nelson*, 419 F.2d 1237, 1239-41 (9th Cir. 1969)).

2. Conspiracy

The defense has requested that the court give Ninth Circuit Model Jury Instruction 11.5 as the Elements of Conspiracy. This instruction is actually the pattern instruction for withdrawal from a conspiracy. There must be evidence of acts of withdrawal on the record before an instruction on withdrawal from a conspiracy may be given. *United States v. Loya*, 807 F. 2d 1483, 1493 (9th Cir. 1987). Accordingly, this instruction is not appropriate as a preliminary instruction. The correct pattern instruction for the elements of the conspiracy is Model Instruction 11.1.

3. Elements of 18 USC §1037(a)(5)

In setting forth the elements of the violation of the electronic mail fraud statute charged in the indictment, the defendants add an additional element to the offense that is not present in the section of the statute charged in the indictment. The defense requests that the court instruct the jury that the government must prove "there was no right for the recipient of the electronic mails to decline to receive additional electronic mail from the same source." This addition seeks to require the government to prove that the spam recipients could not unsubscribe or opt out of receiving the spam emails. This requirement is not found anywhere in the language of §1037, which contains the criminal provisions of the CAN-SPAM Act. Instead, the portion of the statute charged in the indictment makes it unlawful to "in or affecting interstate or foreign commerce, knowingly…falsely represents oneself to be the registrant or the legitimate successor in interest to the registrant of five or more Internet Protocol addresses, and  intentionally initiates the transmission of multiple commercial electronic mail messages from such addresses."  Nothing in the statute or regulations imposes the additional burden of proof on the government proposed by the defense and it should therefore be rejected.

Additionally, the defense has misstated the interstate commerce aspect of the offense, suggesting that the government must prove that "each defendant knowingly

used, or caused to be used, electronic mails affecting interstate commerce." The intentional transmission of multiple electronic mail messages is the second element of the offense. There is no *mens rea* attached to the requirement of an interstate commerce or foreign commerce nexus. That section of the language of the statute appears before any mention of *mens rea*. The United States requests that the court give the interstate commerce nexus instruction from *United States v. Kilbride*, 584 F. 3d 1240 (9th Cir. 2009), which simply requires that the electronic mail messages were transmitted in or affecting interstate commerce.

### 4. Defendants' Proposed "Spam is Legal" Instruction

It is axiomatic that the court must instruct the jury on all the elements of an offense the government must prove to convict a defendant of a violation of criminal law. *United States v. Gaudin*, 23 F.3d 943 (9th Cir) (*en banc*), aff'd 515 U.S. 506 (1995). The defense seeks the reverse, to have the court instruct the jury about what is not illegal (i.e. that sending unsolicited commercial electronic mail messages could be legal in different circumstances). This is not the duty of the court. Moreover, the government has no intention of arguing that all commercial email is illegal and does not expect any such evidence to be elicited at trial. The court should therefore deny the request for this instruction as a preliminary instruction to the jury, and defer its consideration until the end of the trial, after all the evidence is presented.

DATED: May 17, 2022     Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*s/Sabrina L. Fève*
Sabrina L. Fève
Assistant U. S. Attorney