*United States v. Bychak, et al.* – Preliminary Jury Instruction Comparison Chart

| Jury Instruction | Defense Proposal | Government Proposal | Legal Basis |
|---|---|---|---|
| 1.2 Preamble<br><br>Def. Prop. Instr. No. 1 | Mr. Bychak, Mr. Manoogian, Mr. Qayyum and Mr. Pacas have pled not guilty to the charges and are presumed innocent unless ~~and until~~ the jury unanimously finds that the government has proven each of them guilty beyond a reasonable doubt.  In addition, Mr. Bychak, Mr. Manoogian, Mr. Qayyum and Mr. Pacas have the right to remain silent and never have to prove innocence or to present any evidence.<br><br>[Modified Pattern Instr. Modifications as indicated.] | Mr. Bychak, Mr. Manoogian, Mr. Qayyum and Mr. Pacas have pled not guilty to the charges and are presumed innocent unless and until the government has proven each of them guilty beyond a reasonable doubt.  In addition, Mr. Bychak, Mr. Manoogian, Mr. Qayyum and Mr. Pacas have the right to remain silent and never have to prove innocence or to present any evidence.<br><br>[Pattern Instr.] | 2021 9th Cir. Model Crim. J. Instr. 1.2 |
| 1.2 Elements of Conspiracy<br><br>Def. Prop. Instr. No. 1 | Ninth Circuit Model Jury Instruction 11.5 [Withdrawal from Conspiracy]<br><br>[Defendants cite to a Pattern Instruction, but not for the elements of the conspiracy charge.] | Ninth Circuit Model Jury Instruction 11.1 [Elements of Conspiracy]<br><br>[Pattern Instr.] | 2021 9th Cir Model Jury Instruction 11.1 |
| 1.2 Elements of 18 USC §1037(d)(5)<br><br>Def. Prop. Instr. No. 1 | To convict Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas of ==electronic mail fraud in violation of the CAN SPAM Act, the government must prove, beyond a reasonable doubt==, that: | The defendant is charged in Counts 6 through 10 with electronic mail fraud, in violation of Section 1037(a)(5) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: | 18 U.S.C. §1037(a)(5), and (b)(2)(D)<br><br>*United States v.* |

| | | | |
|---|---|---|---|
| | First, each defendant knowingly and falsely represented themselves to be the registrant and the legitimate successor in interest to the registrant of five or more Internet Protocol Addresses;<br><br>Second, each defendant intentionally initiated the transmission of multiple commercial electronic mail messages from such addresses;<br>Third, the volume of commercial electronic email messages exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, and 250,000 during and one year period;<br><br>Fourth, there was no right for the recipient of the electronic mails to decline to receive additional electronic mail from the same source, and<br><br>Fifth, each defendant knowingly used, or caused to be used, electronic mails affecting interstate commerce.<br><br>[No Pattern Instr. Highlighted portions are language objected to by the government.] | (1) The defendant knowingly falsely represented himself to be the registrant or the legitimate successor in interest to the registrant of five or more Internet Protocol addresses;<br><br>(2) The defendant intentionally initiated the transmission of multiple commercial electronic mail messages from those Internet Protocol addresses;<br><br>(3) The volume of the electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period or 250,000 during any 1-year period; and<br><br>(4) The electronic mail messages were transmitted in or affecting interstate commerce.<br><br>[No Pattern Instr.] | *Kilbride*, 584 F. 3d 1240 (9th Cir. 2009) |
| Def. Prop. Instr. No. 2<br><br>Sending Spam is Not Illegal | Sending unsolicited commercial electronic mail messages, colloquially known as "spam," is not illegal. Sending advertisements by email is an established and worthwhile device in the toolbox of accepted marketing practices, one which Congress did not intend to ban. | The government objects to defendants' proposed instructionNeither the jury instructions in *United States v. Kilbride*, 2007 WL 7570562 (May 31, 2007), nor the opinion itself, 507 F.Supp.2d 1051 (D.Az. 2007) contain any instruction remotely resembling defendants' proposed instruction. The habeas petition at issue in *Livingston v. United States*, 2020 WL 5525536 (D.N.J. Sept. 15, 2020) similarly offers no justification for this instruction. | FRE 403 |

| | [No pattern instruction.] | The court instructs the jury regarding the elements of the offense charged, and should refrain from instructing regarding other provisions of law. | |
|---|---|---|---|
| 1.5<br>Direct and Circumstantial Evidence<br><br>Def. Prop. Instr. No. 3 | Evidence may be direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, proof of one or more facts from which one can find another fact. ~~You are to consider both direct and circumstantial evidence. The law makes no distinction between direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence~~<br><br>Before you may rely on circumstantial evidence to conclude that a fact necessary to prove a defendant guilty has been proved, you must be convinced that the government has proved each fact essential to that conclusion beyond a reasonable doubt. Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to the defendant's innocence and another to guilty, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable. | Evidence may be direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, proof of one or more facts from which one can find another fact.<br><br>You are to consider both direct and circumstantial evidence. The law makes no distinction between direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.<br><br><br><br>[Pattern Instr.] | 2021 9th Cir Model Jury Instruction 1.5 |

| | [Modified Pattern Instr. Modifications as indicated.] | | |
|---|---|---|---|
| 1.7 Credibility of Witnesses<br><br>Def. Prop. Instr. No. 4 | In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.<br><br>In considering the testimony of any witness, you may take into account:<br>(1) the witness's opportunity and ability to see or hear or know the things testified to;<br>(2) the witness's memory;<br>(3) the witness's manner while testifying;<br>(4) the witness's interest in the outcome of the case, if any;<br>(5) the witness's bias or prejudice, <span style="color:red">such as whether the witness is receiving any benefits for their testimony, if any;</span><br>(6) whether other evidence contradicted the witness's testimony;<br>(7) the reasonableness of the witness's testimony in light of all the evidence;<br>(8) <span style="color:red">whether the witness made any prior inconsistent statements; and</span><br>(9) any other factors that bear on believability.<br><br>~~You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender or economic circumstances in your determination of credibility~~ | In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.<br><br>In considering the testimony of any witness, you may take into account:<br>(1) the witness's opportunity and ability to see or hear or know the things testified to;<br>(2) the witness's memory;<br>(3) the witness's manner while testifying;<br>(4) the witness's interest in the outcome of the case, if any;<br>(5) the witness's bias or prejudice;<br>(6) whether other evidence contradicted the witness's testimony;<br>(7) the reasonableness of the witness's testimony in light of all the evidence; and<br>(8) any other factors that bear on believability.<br><br>You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender or economic circumstances in your determination of credibility.<br><br>The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. | 2021 9th Cir Model Jury Instruction 1.7 |

| | | | |
|---|---|---|---|
| | The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.<br><br>[Modified Pattern Instr. Modifications as indicated.] | [Pattern Instr.] | |