**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
Carlos A. Nevarez, SBN 324407
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Email: tbienert@bklwlaw.com
jriddet@bklwlaw.com
wbernstein@bklwlaw.com
cnevarez@bklwlaw.com

*Attorneys For Mohammed Abdul Qayyum*

**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Email: dwiechert@aol.com
jessica@wmgattorneys.com

*Attorneys For Jacob Bychak*

**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**
Gary S. Lincenberg, SBN 123058
Nicole Rodriguez Van Dyk, SBN 261646
Darren L. Patrick, SBN 310727
Alexis A. Wiseley, SBN 330100
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email: glincenberg@birdmarella.com
nvandyk@birdmarella.com
dpatrick@birdmarella.com
awiseley@birdmarella.com

*Attorneys For Petr Pacas*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, Ca 92130
Telephone: (858) 314-1510
Email: rkjones@mintz.com

Daniel J. Goodrich, BBO 692624 (Pro Hac)
Ryan Dougherty, BBO 703380 (Pro Hac)
1 Financial Center
Boston, MA 02111
Email: djgoodrich@mintz.com
rtdougherty@mintz.com

*Attorneys For Mark Manoogian*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, et al.<br><br>    Defendants. | Case No. 3:18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL NOTICE OF 404(b) EVIDENCE** |

**I.   INTRODUCTION.**

The government's efforts to authenticate documents through custodians submitting "Certificates of Authenticity" (COA's) are inadequate under Federal Rules of Evidence (FRE) 902(11) and 803(6).  Nonetheless, defendants will stipulate to authentication[1] of the documents from several of the purported custodians, namely: Goodman Law Firm, Moniker, ARIN, Telic, State of Delaware, and State of Louisiana.  As to the identified documents from those entities, Defendants suggest that the parties simply stipulate that the documents are authentic and need not deal at trial with Certificates of Authenticity at

---

[1] As to those documents, Defendants stipulate to authenticity only.  They do not stipulate to admission of the documents, relevancy, hearsay or any other evidentiary issues relating to whether the documents may be displayed or introduced at trial.

all.

Defendants do object to authentication of documents via the purported COA's for the following entities for the reasons stated herein:

    Broadcloud (Gov. Ex. 207)

    Mata Group (Gov. Ex. 226)

    Cogent (Gov. Ex. 227)

    Hostwinds (Gov. Ex. 229)

    GetAds (Gov. Ex. 23, 231)

    GoDaddy (Gov. Ex. 232)

    PayPal (Gov. Ex. 233)

    Name.com (Gov. Ex. 234)

    CPH Resources (Gov. Ex. 235, 236)

    Enom/Tucows (Gov. Ex. 237)

    Enom (Gov. Ex. 238)

    Amobee (Gov. Ex. 240)

## II. ARGUMENT

FRE 902(11) reads as follows:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

> (11) *Certified Domestic Records of a Regularly Conducted Activity*. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

The government acknowledges that in order to authenticate documents pursuant to FRE 902(11), it "must produce evidence sufficient to support a finding that the item is what the proponent claims it is,' and that to support such a finding, the proponent must "make a prima facie showing of authenticity" and "establish a connection between the proffered evidence and the defendant." Government Supplemental Filing at 4.

Admission of documents pursuant to FRE 902(11) must go "hand in hand" with admission under FRE 803(6). United States v. Safavian, 435 F. Supp. 2d 36, 38-39 (D.D.C. 2006). "Fed. R. Evid. 902(11) was intended as a means of authenticating only that evidence which is being offered under the business records exception to the hearsay rule." rejecting proffered 902(11) certificate when not related to documents offered pursuant to the business records exception of FRE 803(6)). Accordingly, a proponent of documents pursuant to Federal Rules of Evidence 902(11) must present competent evidence to authenticate corporate records under both Rules 902(11) and 803(6). Id.; VFS Fin., Inc. v. CHF Express, LLC, 620 F. Supp. 2d 1092, 2009 U.S. Dist. LEXIS 49509 (C.D. Cal. 2009).

FRE 803(6) reads as follows:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> **(6)** Records of a regularly conducted activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or

        another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

        **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Mere conclusory statements without sufficient foundation facts are insufficient. Id. at 1098 (rejecting corporation's contention that exhibit to paralegal's declaration and exhibit to verified complaint were business records because paralegal did not set forth sufficient foundational facts). See also, Collins v. Kibort, 143 F.3d 331, 338 (7th Cir. 1998) (noting that "the business records exception does require that the witness have knowledge of the procedure under which the records were created," and disqualifying a custodian who had testified merely that "the exhibits she gathered and submitted . . . are taken from the records of [the company]"; the court stated "I cannot infer from [her] affidavit that she has knowledge of the procedures governing the creation of a record.").

The government makes no such showings in any of the COA's, rendering them insufficient on their face. For example, none of the certifications describe "what it is" that they are purporting to be. Documents that simply were found in the companies files? Documents prepared by the persons whose names appear on them? Documents with a connection to any of the defendants? The government simply says, in essence, these are documents and are authentic, with no tie-in to anything. Nor do any of the certifications set forth the custodian's knowledge, if any, of how the records are created. Nor do any of the certificates purport to say on what basis the documents will be offered at trial. Absent a showing that the documents will be offered pursuant to the business records hearsay exception, FRE 902(11) is not available as a means of authentication. The COA's fail to meet the requirements of Rule 901 and 803(6).

More problematic is the fact that some of the representations in the purported Certificates of Authenticity are unbelievable on their face. For example, Amobee

custodian Samonte purports to establish that over 1,300,000 pages of documents were made "at or near the time of the occurrence of the matter set forth," by a person "with knowledge of those matters," that each and all of the documents "were kept in the ordinary course of the regularly conducted business activity" of Amobee, and that the documents "were made by [Amobee] as a regular practice."  It is simply implausible that Mr. Samonte, a "develops engineer" would have such knowledge for that many documents.  And as AUSA Feve represented to the Court on May 18, 2022, these documents are "crucial" to the government's case.  The government cannot sweep all "crucial" documents into the trial as authentic on such a conclusory and questionable showing.  Similarly, the Hostwinds custodian makes the same representations as to "21,176.569 kilobytes," which can be roughly over 10,000 pages[2].

Another issue is that the government has offered custodians to authenticate records for other companies.  For example, the government's COA Exhibit No. 235 and 236 – which is says correlate to records from CPH Resources – is instead signed an employee of Amobee.  This Amobee employee purports to have personal knowledge of roughly 1,000 pages of documents related to a different company, CPH.  If those companies are related, no foundation has yet to be laid.  This is true of COA Exhibit Nos. 230 and 231 – the government says these exhibits relate to GetAds, but the person signing the COA works for an entirely different company, Native Rank.  Yet there is no explanation of how a Native Rank custodian can authenticate GetAds documents.  Rule 902(11) contemplates that the certificate will be a stand-alone document, requiring no reference to a separate document (1) created by a party to the litigation, (2) not attached to the certificate, and (3) not certified as accurate by the custodian. See generally State v. Huggins, 659 P.2d 613, 617 (Alaska App. Ct. 1982) (holding under similar rule that certification must "make[] clear, on its face, the documents to which it applies"); DirectTV v. Reyes, 2006 WL

---

[2] https://www.digitalwarroom.com/blog/how-many-pages-in-a-gigabyte#:~:text=Bit%3A%200.0004%20pages.,Kilobyte%3A%200.5%20pages.

533364 at *5 (N.D. Ill. March 1, 2006) (finding Rule 902(11) inapplicable to document that could not be tied to custodian's certificate).

Other certifications simply fail to attach or otherwise identify the documents purportedly being certified. No records are attached or identified with the COA's of Broadcloud (Gov. Ex. 207), Mata Group (Gov. Ex. 226), Cogent (Gov. Ex. 227), Hostwinds (Gov. Ex. 229), GoDaddy (Gov. Ex. 232), PayPayl (Gov. Ex. 233), Name.com (Gov. Ex. 234), Enom/Tucows (Gov. Ex. 238), and Enom (Gov'. Ex. 239). Additionally, the records purporting to be authenticated by Gov. Ex. 238 and 239 are pdfs of spreadsheets, with no explanation of from where or how the underlying information was gathered. The government's proffered COA's are thus inadequate.

The government admits that the defendants may still challenge the authenticity of the evidence and the sufficiency of the certifications through the mechanism of a hearing pursuant to Fed. R. Evid. 104. United States v. Kahre, 610 F. Supp. 2d 1261, 1265 (D. Nev. 2009). Defendants do challenge the sufficiency of the certifications for the noted entities, and request the opportunity to challenge the certifications. While the court could schedule a hearing for such challenges, most of the "custodians" in question are also substantive government witnesses at trial, as detailed in the below chart. The government should be required to lay the foundation for those custodian's documents when they call those witnesses. And the fact that they are substantively testifying in the government's case obviates the primary reason the government cites for its desire to admit the documents pursuant to FRE 902(11), namely the government's desire not to "avoid delay at trial" due to "custodians appearing for the sole purpose of authenticating their records" (Dkt. 397 at 2).

### III.  CONCLUSION

In summary, for the reasons stated herein, Defendants object to the government's authentication motion as follows:

| COA Exhibit No. | Records From | Custodian on 902 Certificate | Stipulate to Authenticity? |
|---|---|---|---|
| 207 | Broadcloud | Brian Turbow | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 218 | Goodman Law Firm | Linda Goodman | Yes. |
| 224 | Moniker | Volker Greimann | Yes. |
| 225 | ARIN | John Sweeting | Yes. |
| 226 | Mata Group | Vincent Tarney | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 227 | Cogent | Reid Zulager | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 228 | Telic | Jeff Morgan | Yes. |
| 229 | Hostwinds | Peter Holden | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 230 | GetAds (25) | Chris Guy | Object. The custodian does not work for the company whose records are being authenticated, and no foundation has been laid. |
| 231 | GetAds (12) | Chris Guy | Object. The custodian does not work for the company whose records are being authenticated, and no foundation has been laid. |
|  |  |  | Object. The COA is |

| | | | |
|---|---|---|---|
| 232 | GoDaddy | Keena Willis | deficient on its face, and the custodian is testifying as a government witness. |
| 233 | PayPal | Dax Hardy | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 234 | Name.com | | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 235 | CPH Resources (43) | Jonathan Harrill | Object. The custodian does not work for the company whose records are being authenticated, and no foundation has been laid. |
| 236 | CPH Resources (43, 2nd production) | Jonathan Harrill | Object. The custodian does not work for the company whose records are being authenticated, and no foundation has been laid. |
| 237 | State of Delaware | | Yes. |
| 238 | Enom/Tucows | | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 239 | Enom | | Object. The COA is deficient on its face, and the custodian is testifying as a government witness. |
| 240 | Amobee | Mario Samonte | Object. The custodian will be testifying as a government witness, and the COA is not credible. |
| 241 | State of Louisiana | | Yes. |

Respectfully submitted,

Dated: May 19, 2022  **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Thomas H. Bienert, Jr.*
   Thomas H. Bienert, Jr.
   James D. Riddet
   Whitney Z. Bernstein
   Carlos A. Nevarez
   *Attorneys for Mohammed Abdul Qayyum*

Dated: May 19, 2022  **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: */s/ Randy K. Jones*
   Randy K. Jones
   Daniel J. Goodrich (Pro Hac)
   Ryan Dougherty (Pro Hac)
   *Attorneys for Mark Manoogian*

Dated: May 19, 2022  **WIECHERT, MUNK & GOLDSTEIN, PC**

By: */s/ Jessica C. Munk*
   David W. Wiechert
   Jessica C. Munk
   *Attorneys for Jacob Bychak*

Dated: May 19, 2022

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: */s/ Gary S. Lincenberg*
    Gary S. Lincenberg
    Nicole Rodriguez Van Dyk
    Darren L. Patrick
    Alexis A. Wiseley
    *Attorneys for Petr Pacas*

**CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

The undersigned counsel of record for Defendant Mohammed Abdul Qayyum certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

>   */s/ Thomas H. Bienert, Jr.*
>   Thomas H. Bienert, Jr.

# CERTIFICATE OF SERVICE

Counsel for Defendant Mohammed Abdul Qayyum certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Counsel for Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

> AUSA Melanie K. Pierson
> AUSA Sabrina L. Feve
> AUSA Ashley E. Goff
> U.S. Attorney's Office
> 880 Front Street, Rm 6293
> San Diego, CA 92101
> melanie.pierson@usdoj.gov
> sabrina.feve@usdoj.gov
> ashley.goff@usdoj.gov
>
> Candina S. Heath
> Department of Justice
> 1301 New York Avenue NW, Suite 600
> Washington, DC 20530
> candina.heath2@usdoj.gov

*/s/ Thomas H. Bienert, Jr.*
Thomas H. Bienert, Jr.