| | |
|---|---|
| **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS LINCENBERG & RHOW P.C.** | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.** |
| Gary S. Lincenberg, SBN 123058 | Randy K. Jones, SBN 141711 |
| Nicole R. Van Dyk, SBN 261646 | 3580 Carmel Mountain Road, Suite 300 |
| Darren L. Patrick, SBN 310727 | San Diego, CA 92130 |
| Alexis A. Wiseley, SBN 330100 | Telephone: (858) 314-1510 |
| 1875 Century Park East, Floor 23 | rkjones@mintz.com |
| Los Angeles, CA 90067 | |
| Telephone: (310) 201-2100 | Daniel Goodrich, BBO 692624 (Pro Hac) |
| glincenberg@birdmarella.com | Ryan Dougherty, BBO 703380 (Pro Hac) |
| nvandyk@birdmarella.com | 1 Financial Center |
| dpatrick@birdmarella.com | Boston, MA 02111 |
| awiseley@birdmarella.com | djgoodrich@mintz.com |
| | rtdougherty@mintz.com |
| *Attorneys for Petr Pacas* | *Attorneys for Mark Manoogian* |
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP** | **WIECHERT, MUNK & GOLDSTEIN, PC** |
| Thomas H. Bienert, Jr., SBN 135311 | David W. Wiechert, SBN 94607 |
| James D. Riddet, SBN 39826 | Jessica C. Munk, SBN 238832 |
| Whitney Z. Bernstein, SBN 304917 | 27136 Paseo Espada, Suite B1123 |
| Carlos A. Nevarez, SBN 324407 | San Juan Capistrano, CA 92675 |
| 903 Calle Amanecer, Suite 350 | Telephone: (949) 361-2822 |
| San Clemente, California 92673 | dwiechert@aol.com |
| Telephone: (949) 369-3700 | jessica@wmgattorneys.com |
| tbienert@bklwlaw.com | |
| jriddet@bklwlaw.com | *Attorneys for Jacob Bychak* |
| wbernstein@bklwlaw.com | |
| cnevarez@bklwlaw.com | |

*Attorneys for Mohammed Abdul Qayyum*

Case No. 18-CR-4683-GPC

DEFENDANTS' POCKET MEMORANDUM RE INADMISSIBILITY OF EMAILS AS "BUSINESS RECORDS"

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, *et al.*,<br><br>　　Defendants. | Case No. 18-CR-4683-GPC<br>Honorable Gonzalo P. Curiel<br><br>**DEFENDANTS' POCKET MEMORANDUM RE INADMISSABILITY OF ADCONION EMAILS UNDER THE "BUSINESS RECORDS" EXCEPTION TO THE HEARSAY RULE** |

## I.  INTRODUCTION

On May 24, 2022, after the conclusion of opening statements, the Court granted the government's request to authenticate a large number of proposed government exhibits pursuant to FRE 902(11), including based on a Certificate of Authenticity ("COA") executed by Adconion employee Mario Samonte. While the Defendants respectfully disagree with this ruling, they are confident that it was not the Court's intention to *admit into evidence* millions of pages of emails and other documents based solely on its finding of *authenticity* with respect to these documents. Authenticity is, of course, a mere "condition precedent to admissibility," and "authentication does not mean that the [judge] *must* accept the documents into evidence or deem their contents to be true." *See*, *e.g.*, *Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007) (emphasis original).

Based upon exhibits the government identified earlier tonight that it intends to use with its first witness in the morning, Jennifer Brooks, it appears that the government will attempt to wrongly introduce exhibits under the business records exception to the hearsay rule. Consequently, Defendants file this pocket brief to set forth applicable law governing any attempts to do so.

## II.  APPLICABLE LAW

*Federal Rule of Evidence § 803(6)*

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> > (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> >
> > (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> >
> > (C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

### III. EMAILS ARE NOT "BUSINESS RECORDS" SIMPLY BECAUSE THEY ARE SENT BETWEEN A COMPANY'S EMPLOYEES

The Circuit Courts of Appeal are unanimous in holding that *"[a]n email is not a business record for purposes of the relevant hearsay exception simply because it was sent between two employees in a company or because employees regularly conduct business through emails."* *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019) (emphasis added). Indeed, "[i]f that were the case, then every single email sent within any company would fall within the exception," which "would obviate the entire purpose of the business records exception, which is designed for a limited category of records— namely those that are regularly produced as a part of a company's business activities." *Id.*; *accord United States v. Cone,* 714 F.3d 197, 220 (4th Cir. 2013) ("*[I]t would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then ergo all those e-mails are business records falling within the ambit of Rule 803(6)(B)*.") (emphasis added); *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443 (9th Cir. 1994) (rejecting the argument that an email qualified as a "business record" simply because it was sent from an employee to his superior and "was kept in the course of regularly conducted business"); *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 20 (1st Cir. 2014) (district court erred in admitting emails under the business records exception because "the 2012 e-mails described what supposedly occurred in 2011" and "[t]his lack of contemporaneity puts the exhibit outside the compass of the business records exception").

Federal trial courts routinely reject the argument that corporate emails qualify as

admissible "business records" under FRE 803(6)(B) merely because copies of those emails are retained in the company's electronic files.  *See*, *e.g.*, *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 621 n.163 (S.D.N.Y. 2008) ("***An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule***.") (emphasis added); *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico*, No. MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) ("The individual elements required to trigger the exception's applicability show that ***there is no categorical rule that emails originating from or received by employees of a producing defendant are admissible under the business records exception***.") (emphasis added); *Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-CV-313-WCB, 2012 WL 2595275, at *1 (E.D. Tex. July 5, 2012) ("The essence of [the employee's] testimony was that e-mails reporting on events pertinent to the business would be sent at a time convenient to the sender if the sender regarded the subject matter of the e-mail as worthy of communicating to others. That evidence reflects the use of internal communications for information-sharing purposes based on instances of perceived need and convenience, not a system for preparing and retaining business records as a regular and routine practice.").

In sum, emails do not become admissible "business records" simply because they are sent to or from a business's employees and/or retained in that business's electronic files.

## IV.  CONCLUSION

The government should not be permitted to wrongly introduce exhibits under the business records exception to the hearsay rule based upon the Court's May 24, 2022 order concerning the authenticity of those exhibits.  If the government seeks to introduce any of the documents contained in those records, the government must first establish a basis for admissibility.

Respectfully submitted,

Dated: May 24, 2022

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Whitney Z. Bernstein*
Thomas H. Bienert, Jr.
James D. Riddet
Whitney Z. Bernstein
Carlos A. Nevarez
*Attorneys for Mohammed Abdul Qayyum*

Dated: May 24, 2022

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: */s/ Randy K. Jones*
Randy K. Jones
Daniel J. Goodrich (Pro Hac)
Ryan Dougherty (Pro Hac)
*Attorneys for Mark Manoogian*

Dated: May 24, 2022

**WIECHERT, MUNK & GOLDSTEIN, PC**

By: */s/ Jessica C. Munk*
David W. Wiechert
Jessica C. Munk
*Attorneys for Jacob Bychak*

Dated: May 24, 2022

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: */s/ Gary S. Lincenberg*
Gary S. Lincenberg
Nicole Rodriguez Van Dyk
Darren L. Patrick
Alexis A. Wiseley
*Attorneys for Petr Pacas*

1 **CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

2 The undersigned counsel of record for Mohammed Abdul Qayyum certifies
3 that the content of this document is acceptable to each of the Defendants' counsel
4 whose electronic signature appears thereon, and that I have obtained their
5 authorization to sign this document on their behalf.

7 　　　　　　　　　　　　　　　　*/s/ Whitney Z. Bernstein*
8 　　　　　　　　　　　　　　　　　Whitney Z. Bernstein

# **CERTIFICATE OF SERVICE**

Counsel certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

AUSA Melanie K. Pierson
AUSA Sabrina L. Fève
AUSA Ashley E. Goff
U.S. Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101
melanie.pierson@usdoj.gov
sabrina.feve@usdoj.gov
ashley.goff@usdoj.gov

Candina S. Heath
U.S. Department of Justice
1301 New York Avenue NW, Suite 600
Washington, DC 20530
candina.heath2@usdoj.gov

Respectfully submitted,

Dated: May 24, 2022            By: */s/ Whitney Z. Bernstein*
                                   Whitney Z. Bernstein