RANDY S. GROSSMAN
Acting United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PETR PACAS (4),<br><br>　　　Defendant. | Case No.: 18cr4683-GPC<br><br>**DEFERRED PROSECUTION AGREEMENT** |

　　　IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Melanie K. Pierson, Sabrina L. Fève, and Computer Crime and Intellectual Property Section Senior Counsel for the United States Department of Justice Candy Heath (collectively, the "United States"), and Defendant PETR

PACAS (the "Defendant"), with the advice and consent of Gary S. Lincenberg, counsel for Defendant, that the parties will enter into this deferred prosecution agreement (the "Agreement").

## I.
## AGREEMENT

A. On October 31, 2018, a federal grand jury in the Southern District of California filed a ten count indictment in the United States District Court for the Southern District of California, charging Defendant and three codefendants with Conspiracy, in violation of Title 18, United States Code, Section 371; four counts of wire fraud, in violation of Title 18, United States Code, Section 1343; and five counts of electronic mail fraud, in violation of Title 18, United States Code, Section 1037. Except as provided herein, the United States will dismiss the charges in the Indictment, after the period of deferral, provided that Defendant has complied with the terms of this Agreement.

B. This Agreement is effective for a period beginning on the date on which this Agreement is signed by all parties and ending one year from that date (the "deferral period"), provided that Defendant complies with all the terms and conditions of this Agreement.

C. During the deferral period, Defendant shall:

1. be supervised by United States Pretrial Services and abide by any terms and conditions of pretrial release set by the Court;

2. abide by the terms and conditions of this Agreement;

3. not violate any federal, state, or local criminal laws (minor traffic infractions excluded); and

4. make a gift or donation of $50,000 to the Crime Victims Fund, pursuant to Title 34, United States Code, Section 20101(b)(5) and (6). The gift or donation provided for in this paragraph is not based on, and shall not be

construed as a penalty for or a loss related to any of the acts alleged in the Indictment.

D. On or before the last day of the deferral period, if Defendant has not been found to be in violation of this Agreement, the United States will move to dismiss the Indictment with respect to Defendant with prejudice.

## II

### DEFENDANT'S REPRESENTATION THAT PARTICIPATION IN THIS AGREEMENT IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charge and the consequences of this Agreement;

B. No one has made any promises or offered any rewards in return for this Agreement, other than those contained in this Agreement or otherwise disclosed to the Court;

C. No one has threatened Defendant or Defendant's family to induce this Agreement; and

D. The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) Jacob Bychak, Abdul Mohammed Qayyuum, and Mark Manoogian. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw from their agreement, but the United States is relieved from and not bound by any terms in any agreements in the package.

## III

### WAIVER OF SPEEDY TRIAL RIGHTS

Defendant waives any right to a speedy trial of the offense alleged in this case arising under the Constitution or laws of the United States. Defendant stipulates that the time between the filing of this Agreement and any re-institution of prosecution of Defendant as contemplated under this agreement (which must occur within the

Deferred Prosecution Agreement               3                Def. Initials PP

deferral period) shall be excluded from any computations under the Speedy Trial Act under the provisions of Title 18, United States Code, Section 3161(h)(2).

## IV

## WAIVER OF DOUBLE JEOPARDY RIGHTS

Defendant is aware of his right not to be tried twice for the same offense. Defendant understands that his right to double jeopardy attached once the jury was sworn. Defendant admits that the suspension of the trial on the Indictment was beyond the control of the defense or the United States, and that this agreement was reached after the court suspended the trial, due to the effects of the pandemic. Defendant agrees that if he violates this Agreement, the United States can proceed to a second trial on the charges in the instant Indictment. Defendant agrees to waive his double jeopardy rights.

## V

## WAIVER OF APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack all prior rulings of the Court in this case. This waiver includes, but is not limited to, any argument that Defendant's prosecution is unconstitutional. The only exception is that Defendant may collaterally attack such rulings with a claim that Defendant received ineffective assistance of counsel. If Defendant files an appeal or collaterally attacks, the United States may support the rulings of the Court.

## VI

## BREACH OF THE AGREEMENT

If the United States determines in good faith that Defendant has violated or failed to perform any of Defendant's obligations under this Agreement, such violation or failure to perform may constitute a material breach of this Agreement. If Defendant contests the United States' determination that Defendant has breached the Agreement, Defendant may seek a determination by the

Court as to whether a material breach has occurred. The Court will determine, by a preponderance of the evidence, whether such a material breach occurred.

The following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this deferred prosecution agreement: (1) violating any federal, state, or local criminal law (minor traffic infractions excluded); (2) failing to abide by any lawful court order related to this case; (3) violating any terms of pretrial release or of this agreement.

In the event of Defendant's material breach of this Agreement, Defendant shall be subject to prosecution for any federal criminal violation described in the Indictment. The statute of limitations with respect to any such prosecution shall be tolled from the signing of this Agreement to the date the breach is determined.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This Agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, although the United States will bring this Agreement to the attention of other authorities if requested by Defendant.

## VIII

### ENTIRE AGREEMENT

This Agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this Agreement shall be effective unless in writing and signed by all parties.

X

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and his counsel did not advise him about what to say in this regard.

DATED: June **7**, 2022          **FOR THE UNITED STATES:**

RANDY S. GROSSMAN
United States Attorney

*/s/ Melanie K. Pierson*
Melanie K. Pierson
Assistant United States Attorney


Sabrina L. Fève
Assistant United States Attorney


Candy Heath
Senior Counsel
Computer Crime and Intellectual Property Section

**FOR DEFENDANT:**

6/7/2022
DATED

GARY S. LINCENBERG
Defense Counsel

6/7/2022
DATED

PETR PACAS
Defendant

Deferred Prosecution Agreement                6                Def. Initials PP